IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,

v.

JOHN ABDELSAYED AND TRENDS
REALTY USA CORP,

    Defendants.

_____

**PLAINTIFF'S MOTION TO STRIKE AND/OR MOTION TO DISMISS
THIRD-PARTY COMPLAINT AS FILED BY JOHN ABDELSAYED**

Pursuant to Fed. R. Civ. P. 14(a)(4), plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") hereby files this motion to strike the Third-Party Complaint [D.E. 8] as filed by defendant John Abdelsayed ("Abdelsayed"),[1] and states as follows:

**INTRODUCTION**

In this lawsuit, Plaintiff asserts claims for copyright infringement and removal of copyright management information against defendant Abdelsayed and a single claim for vicarious copyright infringement against Trends. In short, Plaintiff alleges that it is the owner of a certain photograph that Abdelsayed infringed when he posted the photograph to his realty website, cropped the photograph (to remove Plaintiff's copyright management information), and mislabeled the photograph to market/advertise homes in an entirely different neighborhood.

---

[1] Currently pending before the Court is Plaintiff's motion to strike [D.E. 13] the answer/third-party complaint as filed by co-defendant Trends Realty USA Corp ("Trends") as no attorney has entered an appearance in this action on behalf of Trends.

In response, Abdelsayed (who is acting *pro se*) filed the Third-Party Complaint in which he apparently seeks indemnification from another realtor (Cornelius McGinnis) for his alleged actions of licensing the photograph from Plaintiff[2] and uploading the photograph to the Multiple Listing Service (the "MLS")[3] in connection with the sale of a property.  Because Abdelsayed allegedly downloaded the photograph from the MLS, he claims entitlement to indemnification from the party (Cornelius McGinnis) ***who actually licensed and paid for*** use of the photograph.  Although a *pro se* party is entitled to ***some*** amount of leeway in his/her pleading,[4] the Third-Party Complaint is woefully deficient in alleging anything approaching a cognizant claim for which relief may be granted.  As such, it must be struck/dismissed.

## ARGUMENT

### I.   Legal Standard

"***Any party*** may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4) (emphasis added).  Plaintiff is certainly a party to this action and therefore has standing to pursue this motion under Fed. R. Civ. P. 14(a)(4).  See, e.g. Driver v. W.E. Pegues, Inc., No. 7:11-cv-1374-LSC, 2012 U.S. Dist. LEXIS 202216, at *3 (N.D. Ala. Jan. 19, 2012) ("As the Plaintiffs in this action, the Drivers certainly are parties, so their motion to strike is acceptable under the rule.").

"Although Rule 14(a) has never expressly provided for a motion to dismiss third-party

---

[2]   See Third-Party Complaint, at ¶ 5.

[3]   Id. at ¶ 4.

[4]   "Although courts afford pro se litigants leeway in pleadings, pro se litigants are required to meet certain essential burdens in their pleadings, and courts do not have license to rewrite an otherwise deficient pleading." Werth v. City of Stuart Police Dep't, No. 21-14261-CIV-CAN, 2021 U.S. Dist. LEXIS 149332, at *2 (S.D. Fla. Aug. 6, 2021) (internal citations omitted).

claims, the federal courts have entertained both motions to dismiss and to strike and have not drawn distinctions between them." United States ex rel. Wallace & Pancher Constr., Inc. v. Travelers Cas. & Sur. Co. of Am., 2013 U.S. Dist. LEXIS 155947, at *3 (W.D. Pa. Oct. 31, 2013) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1460 (3d ed. 2010)); see also Skeans v. Key Commer. Fin. LLC, Civil Action No. 18-1516-CFC-SRF, 2020 U.S. Dist. LEXIS 105285, at *5-6 (D. Del. June 16, 2020).

## II.     The Court Should Strike or Dismiss the Third-Party Complaint

Although Abdelsayed does not specifically identify the claim being pursued in the Third-Party Complaint, the text thereof strongly suggests that Abdelsayed is pursuing indemnification ("if Defendants are liable for the damages or conduct described by Plaintiff, that the Third-Party Defendants are also liable, individually and/or collectively, to Defendants and/or Plaintiff for any damages found against Defendants….").

Under Florida law, a claim for common law indemnity "arises out of obligations imposed through special relationships." Rosenberg v. Cape Coral Plumbing, Inc., 920 So. 2d 61, 65 (Fla. 2d DCA 2005).  Indemnity is a right that "shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable." Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 493 (Fla. 1979).  For a party to establish a claim for common law indemnity, the party must "allege that he is without fault, that another party is at fault, and that a special relationship between the two parties makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts or omissions of the other party." Tsafatinos v. Fam. Dollar Stores of Fla., Inc., 116 So. 3d 576, 581 (Fla. 2d DCA 2013) (citing Dade Cty. Sch. Bd. v. Radio Station

WQBA, 731 So. 2d 638, 642 (Fla. 1999)).

"[W]hen determining whether a party is entitled to indemnity, we will not weigh the relative fault of the parties, but rather we will look to the party seeking indemnity to determine whether he is without fault." Houdaille, 374 So. 2d at 493. To be wholly without fault, "the basis of the claim for indemnity must not arise out of any conduct or act of the party seeking indemnity." Underwriters at Int. v. All Logistics Grp., Inc., 483 F. Supp. 3d 1199, 1208 (S.D. Fla. 2020). "If both parties are at fault, no matter how slight the fault of the party seeking indemnity, recovery for common law indemnity is precluded." Diplomat Properties Ltd. P'ship v. Tecnoglass, LLC, 114 So. 3d 357, 360 (Fla. 4th DCA 2013) (citing Houdaille, 374 So. 2d at 494)).

Here, Abdelsayed has not alleged a plausible claim for indemnification against the third-party defendants (nor could he ever allege such a claim). First, Abdelsayed has not alleged a "special relationship" between himself and the third-party defendants – indeed, he has alleged ***no relationship whatsoever*** (other than helping himself to a photograph that the third-party defendants paid for). Second, Abdelsayed does not allege (nor could he allege) that he is completely without fault or that the indemnification claim does not arise out of his own conduct. The third-party defendants are alleged to have done nothing other than properly license and pay for a photograph from Plaintiff and then (shockingly) use that photograph in connection with a MLS listing. Nobody forced Abdelsayed into downloading the photograph from the MLS, cropping the photograph to remove Plaintiff's copyright management information, posting the photograph on his own website, or mislabeling the photograph to correspond to an entirely different neighborhood – those were Abdelsayed's ***own actions***.

If Abdelsayed is looking to assign fault for the infringement at issue in this lawsuit, he need only look in the mirror. As a result, he is not as a matter of law entitled to assert an indemnification

claim against third parties who actually did what they were supposed to do: license a photograph rather than steal it from the internet.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) striking the Third-Party Complaint *with prejudice* and (b) for such further relief as the Court deems proper.

## **LOCAL RULE 7.1(a)(3) CERTIFICATE**

Before filing this Motion, undersigned counsel conferred with Abdelsayed (telephonically and via e-mail) with respect to the relief requested. Abdelsayed did not agree to the relief requested.

Dated: August 30, 2021.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I

5
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

further certify that, on August 30, 2021, the foregoing document was served via US Mail on Defendants at: 921 Dickens Place, West Palm Beach, FL 33411.

/s/ Daniel DeSouza___

Daniel DeSouza