IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

    Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,

    Third-Party Defendant.

_____

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING**
**_SECOND AMENDED_ COUNTERCLAIM/THIRD-PARTY COMPLAINT**

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") hereby files this motion for judgment on the pleadings regarding defendants Trends Realty USA Corp. ("Trends") and John Abdelsayed's ("Abdelsayed") (collectively, the "Defendants") November 23, 2021 *Second Amended* Counterclaim/Third-Party Complaint [D.E. 41].

## INTRODUCTION

In this lawsuit, Plaintiff seeks redress for Defendants' infringement of an exterior photograph of the real property located at 12235 Tillinghast Circle, Palm Beach Gardens, FL 33418. Plaintiff is a professional photographer who was hired by a realtor (*former*[1] third-party

---

[1] Defendants apparently abandoned their third-party claims against Cornelius McGinnis and Old Palm Real Estate, LLC after being served with a Rule 11 letter/motion showing that such claims were wholly unsupported by law or fact. Defendants likewise never endeavored to serve Mr. McGinnis or Old Palm Real Estate with their prior Third-Party Complaint, begging the question whether Defendants ever intended to pursue that claim or simply

defendant Cornelius McGinnis) to photograph the subject property in connection with a listing to be published on the MLS.  The Complaint alleges that Abdelsayed infringed Plaintiff's copyright with respect to the photograph when Abdelsayed published the photograph on his own website to market Abdselsayed's own realtor services (and further misrepresented the property as being in a different residential area/community).

In response, Defendants have filed yet another Counterclaim/Third-Party Complaint wholly devoid of legal and factual merit.  Rather than fanciful tales of conspiracy and abuse of process, Defendants now attempt to file a single claim for malicious prosecution predicated on Plaintiff's choice to forego pursuit of a claim *in this lawsuit* for removal of copyright management information ("CMI").  Had Defendants' counsel bothered to perform an iota of research, he presumably would have discovered that a malicious prosecution claim ***may not*** be brought as a counterclaim in the same lawsuit – it must be brought in a separate action following the conclusion of the first.  Thus, even if there was a "bona fide" termination of the claim in Defendants' favor (there was not), the Counterclaim/Third-Party Complaint was prematurely filed and constitutes the latest example of Defendants and their counsel's tremendous waste of time and resources.  They should know better, and their pattern of conduct of repeating the same 'mistakes' suggests this to be a deliberate effort to transform an otherwise straightforward action for copyright infringement.

## ARGUMENT

**I.      Legal Standard**

"The ultimate question on a motion for judgment on the pleadings under Rule 12(c) is the same as on a motion to dismiss under Rule 12(b)(6)—whether the complaint states a claim for

---

multiply these proceedings with poorly-drafted and ill-conceived pleadings.  Notably, Defendants did not even bother to remove Mr. Ginnis and Old Palm Real Estate from the caption in their newly-filed pleading.

relief." Powers v. Sec'y, U.S. Homeland Sec., 846 F. App'x 754, 757 (11th Cir. 2021) (citing Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002)). "Under Rule 12(c), the district court generally must accept as true the allegations in the pleadings of the non-moving party and draw all reasonable inferences in that party's favor." Reproductive Health Servs. v. Strange, 3 F.4th 1240, 1258 (11th Cir. 2021). If it is clear, upon reviewing the pleadings, that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).

## II. The Counterclaim/Third-Party Complaint is Premature and Must be Dismissed *with Prejudice*

"[U]nder Florida law, a claim for malicious prosecution 'may not be brought as a counterclaim when directed against the filing of some or all of the counts in the pending main action[.]'" Plain Bay Sales, Ltd. Liab. Co. v. Gallaher, No. 9:18-cv-80581-Matthewman, 2020 U.S. Dist. LEXIS 6315, at *15-16 (S.D. Fla. Jan. 14, 2020) (quoting Blue v. Weinstein, 381 So.2d 308, 311 (Fla. 3d DCA 1980). "Instead, claims for malicious prosecution must be raised as *separate actions* by a victorious defendant *after the suit* which is claimed to be malicious has concluded." Id. (citing Cox v. Klein, 546 So.2d 120, 121 (Fla. 1st DCA 1989). Indeed, the law in Florida is crystal clear that a malicious prosecution claim may not be brought in the same lawsuit following the dismissal of one or more claims in that lawsuit. See Medina v. United Christian Evangelistic Ass'n, 2009 U.S. Dist. LEXIS 89472, at *7 (S.D. Fla. Sep. 29, 2009) (dismissing malicious prosecution counterclaim predicated on prior dismissal of single claim in that lawsuit as premature); Pace v. Bank of N.Y. Mellon Tr. Co. Nat'l Ass'n, 224 So. 3d 342, 345 (Fla. 5th DCA 2017) ("An element of malicious prosecution is the termination of the original proceeding in favor of the party asserting that it was malicious. Consequently, malicious prosecution claims cannot

be brought in a counterclaim in the original proceeding."); Kodsi v. Branch Banking & Tr. Co., No. 15-CV-81053, 2018 U.S. Dist. LEXIS 22110, at *16 (S.D. Fla. Feb. 12, 2018) ("Malicious prosecution claims cannot be brought in a counterclaim in the original proceeding.").

There is no question that Defendants are attempting to do here what Florida law expressly prohibits. Plaintiff's CMI claim was brought *in this lawsuit*. Defendants are attempting to bring a claim for malicious prosecution *in this lawsuit*. These proceedings have not terminated and, as a result, Defendants may not bring their claim for malicious prosecution herein. Indeed, the claim must be dismissed *with prejudice* as Defendants cannot under any circumstance re-file the claim in this lawsuit (as it will not ripen until the termination of this lawsuit).

**III.    There was No "Bona Fide" Termination in Favor of Defendants**

"To prevail in a malicious prosecution action, … a plaintiff must establish the following elements: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. Debrincat v. Fischer, 42 Fla. L. Weekly S141 (Fla. February 9, 2017) (quoting Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994)). "Failure to establish any element of malicious prosecution is fatal to the claim." Tozier v. City of Temple Terrace, No. 8:10-cv-2750-T-33EAJ, 2011 U.S. Dist. LEXIS 101618, at *17 (M.D. Fla. Sep. 8, 2011).

Even if Defendants could bring a malicious prosecution claim in this lawsuit (they may not), the claim still fails as there was no bona fide termination of the CMI claimin their favor.

While Defendants assert that they "strongly opposed" the claim and that Plaintiff "recognized and conceded to the meritless nature"[2] of the claim, the record indicates otherwise. As the docket reflects, Plaintiff and Defendants filed a *joint* stipulation for Plaintiff to file an amended Complaint and for Defendants to file an amended Counterclaim/Third-Party Complaint thereafter. [D.E. 35]. The Court entered an Order striking that stipulation as it was filed beyond the date for amended pleadings allowed by the Scheduling Order. The parties thereafter filed a *joint* motion to amend the Scheduling Order to allow the foregoing amended pleadings. [D.E. 37]. That *joint* motion reflects that, as a result of certain discovery and conferrals between counsel, the parties agreed to the withdrawal of the CMI claim and further amendment of Defendants' claims (which were at the tail-end of a Rule 11 safe harbor period at the time).

Defendants ***have not alleged*** that the CMI claim was voluntarily dismissed with prejudice, that there was a judicial resolution in their favor, that the parties entered into a settlement agreement with respect to the claim, or anything else that would indicate a "bona fide" termination. Defendants entered into a stipulation and a joint motion (mostly to save themselves from the specter of Rule 11 sanctions) with respect to amendment of the pleadings, and they now want to use that agreement to gain a tactical advantage in this lawsuit. Florida law provides they may not. See, e.g. Della-Donna v. Nova Univ., Inc., 512 So. 2d 1051, 1055 (Fla. 4th DCA 1987) ("[A] bona fide termination favorable to plaintiff does not encompass a termination resulting from negotiation, settlement, or consent."); Doss v. Bank of Am., N.A., 857 So. 2d 991, 995 (Fla. 5th DCA 2003) ("Because lawsuits that end as the result of settlements or joint stipulations generally do not clearly demonstrate the lack of merit of the first suit, they are usually found insufficient to constitute 'bona fide terminations' of the prior litigation."). That Defendants' counsel signed a *joint* motion

---

[2]   See Counterclaim/Third-Party Complaint, at ¶¶ 30; 32.

acknowledging that the CMI claim was being withdrawn as the result of discovery conducted in this case and subsequently attempted to twist the motion/stipulation into something entirely different is, in a word, shameful. In any event, Defendants have fallen far short of establishing a "bona fide" termination of the CMI claim in their favor.

## IV.     Robert Stevens

Finally, even if Defendants could overcome the above obstacles in asserting a malicious prosecution claim against Plaintiff (they cannot), there is no basis for Defendants to sue Robert Stevens (Plaintiff's principal/shareholder) other than spite. While the Counterclaim/Third-Party Complaint alleges that "AAP *and Stevens* initiated the CMI claim,"[3] the record speaks for itself. This lawsuit was filed by Plaintiff (a corporation). Mr. Stevens was not a party to this lawsuit until Defendants lashed out and decided to name him as a third-party defendant in a series of nonsensical claims. Defendants' conclusory allegations that Mr. Stevens was a "legal cause" of this lawsuit ignores entirely the separate legal existence of a corporation and its shareholders. Under Defendants' theory, every lawsuit filed by a business entity could result in an ensuing malicious prosecution claim against the entity and each of its shareholders, members, officers, and directors (who necessarily make the business decisions for the entity). Defendants' contention is contrary to basic tenets of corporate law – there is simply no reason or basis for Mr. Stevens to be named as a third-party defendant here.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) granting Plaintiff judgment on the pleadings on the Counterclaim/Third-Party Complaint and (b) for such further relief as the Court deems proper.

---

[3]     Id. at ¶ 40.

Dated: November 24, 2021.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___

Daniel DeSouza