IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,

v.

JOHN ABDELSAYED AND TRENDS
REALTY USA CORP,

    Defendants/Third-Party Plaintiff,

v.

CORNELIUS MCGINNIS and OLD PALM
REAL ESTATE, LLC,

    Third-Party Defendants.

## **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST TRENDS AND ITS COUNSEL**

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") hereby files this motion to assess sanctions against defendant/counter-plaintiff Trends Realty USA Corp ("Trends") and its counsel, and in support, states as follows:[1]

## **INTRODUCTION**

This is a simple/straightforward lawsuit for copyright infringement. Plaintiff is a professional real estate/aerial photographer who was contracted by a realtor (third-party defendant Cornelius McGinnis) to take a series of photographs in connection with the listing for sale of a $9 million property (12235 Tillinghast Circle, Palm Beach Gardens, FL 33418). Plaintiff was paid

---

[1] In accordance with Fed. R. Civ. P. 11, this Motion is not being filed with the Court until the expiration of 21 days from the date of service upon Trends. If the subject claims are not dismissed with prejudice within 21 days from the date hereof, the Motion will be filed.

for its work and its photographs were used by Mr. McGinnis to market/sell the subject property. At some point thereafter, Trends and co-defendant John Abdelsayed ("Abdelsayed") (together with Trends, the "Defendants") located a copy of one of the above-described photographs on the internet and uploaded it to Defendants' website in connection with the marketing of their real estate business (without any attempt or offer to license the photograph from Plaintiff).

During the time that Defendants were *pro se*, they attempted to excuse their conduct by arguing that McGinnis/Old Palm Real Estate LLC somehow licensed the photograph to Defendants by virtue of uploading the photograph to the MLS. While that argument was absurd, it paled in comparison to the arguments now injected into the case by counsel (Griffin Klema, Esq.). Rather than address the straightforward issue of copyright infringement, Defendants and their new counsel have opted instead to engage in 'creative' writing by making a series of baseless/fanciful allegations "on information and belief." There is, however, no "information" and no reasonable "belief" supporting Defendants' claims – nor is there any legal basis for the majority of such claims. The Court should not tolerate such conduct from parties or their counsel and should impose sanctions under Rule 11 for what is a tremendous waste of time and resources designed solely to indulge Defendants' conspiracy theories.

## ARGUMENT

**I.  Legal Standard**

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 11.03 (3d ed. 2010)). "When an attorney files a pleading in federal court, the attorney signs the pleading to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal

contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery." Peer, 606 F.3d at 1311 (citing Fed. R. Civ. P. 11(b)). In assessing the propriety of Rule 11 sanctions, this Court must ask: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Id. "Both inquiries measure attorney conduct under an objectively reasonably competent attorney standard." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010). "Rule 11 sanctions are appropriate when an attorney knowingly continues to litigate a matter or an issue after it becomes clear that there is no good faith basis in law or fact for the action or position." Collar v. Abalux, Inc., No. 16-20872-CIV-LENARD/GOODMAN, 2018 U.S. Dist. LEXIS 112086, at *30-31 (S.D. Fla. July 5, 2018).

"A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law." Van Cleve v. Ross, Civil Action No. 20-23611-Civ, 2020 U.S. Dist. LEXIS 239466, at *4 (S.D. Fla. Dec. 21, 2020). "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis." Id. (citing Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990)).

**II.      Trends' Claims are Frivolous and Lack Evidentiary Support**

      *A.      Count I (Declaration of No Violation of 17 U.S.C. § 1202(b))*

Count I of the Counterclaim/Third-Party Complaint seeks a declaratory judgment that "neither Abdelsayed nor Trends Realty have violated 17 U.S.C. § 1202(b)."[2] Here, Rule 11 sanctions are appropriate against Trends' counsel (Griffin Klema, Esq.) because any "reasonably competent attorney" would conclude that such claim is redundant/duplicative of Defendants'

---

[2]   See Counterclaim, at ¶ 42.

denials to Plaintiff's claim for removal of copyright management information – i.e., resolution of Plaintiff's claim will fully resolve the declaratory judgment claim.

Had counsel dedicated a modicum of effort to research the claim, it would have discovered no shortage of legal authority dismissing identical claims seeking a declaration of non-infringement in the copyright/trademark context. See, e.g. Malibu Media, LLC v. Ricupero, 705 F. App'x 402, 406 (6th Cir. 2017) ("Ricupero's counterclaim allegations track those made in Malibu Media's complaint and seek only a declaratory judgment that he did not infringe its copyrighted works. The heart of Ricupero's counterclaim is whether he infringed the copyrighted works; resolution of Malibu Media's copyright infringement claim would dispose of all factual or legal issues necessary for deciding that counterclaim.") (affirming dismissal of counterclaim for declaratory judgment of non-infringement); Arista Records LLC v. Usenet.com., Inc., 2008 U.S. Dist. LEXIS 95514, at *14 (S.D.N.Y. Nov. 24, 2008) (dismissing counterclaims seeking a declaration of non-infringement that "serve no purpose because they mirror the issues raised in Plaintiffs' Complaint, constitute no affirmative cause of action, and are duplicative of [Defendant's] affirmative defenses"); Sony Bmg Music Entm't v. Crain, No. 1:06-CV-567-TH, 2007 U.S. Dist. LEXIS 105887, at *2 (E.D. Tex. Sep. 20, 2007) (dismissing as redundant a counterclaim seeking a declaratory judgment of non-infringement in a copyright-infringement lawsuit); Interscope Records v. Duty, No. 05-CV-3744-PHX-FJM, 2006 U.S. Dist. LEXIS 20214, at *10-11 (D. Ariz. Apr. 14, 2006) ("The Recording Companies sole claim is that Duty committed copyright infringement. Duty counterclaims, seeking a declaratory judgment that she did not commit copyright infringement. The issue of copyright infringement will be decided by this court regardless of the declaratory judgment claim unless the parties stipulate to settlement, or the Recording Companies move to voluntarily withdraw their complaint and the court so orders

pursuant to Rule 41(a)(2), Fed. R. Civ. P. Therefore, Duty's claim for a declaratory judgment is redundant and unnecessary, and the Recording Companies motion to dismiss it is granted.")Nielsen Co. (US), LLC v. Truck Ads, LLC, No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453, at *15 (N.D. Ill. Jan. 24, 2011) ("To allow Defendant to proceed on its declaratory judgment counterclaim implicating these same issues would be redundant, unnecessary, and would potentially complicate resolution of the copyright infringement claim at issue in this case. Defendant's declaratory judgment counterclaim is stricken without prejudice."); Maverick Recording Co. v. Chowdhury, Civil Action No. CV-07cv200 (DGT), 2008 U.S. Dist. LEXIS 63783, at *3 (E.D.N.Y. Aug. 19, 2008) ("The central issue in these cases is whether the defendants committed copyright infringement, and the defendants' counterclaim seeking a declaratory judgment that they did not is duplicative and entirely redundant.").

Counsel, however, appears to have been more preoccupied with manufacturing a counterclaim – any counterclaim – for the improper purpose of having some purported leverage to dissuade Plaintiff from continuing with its claims. The claim for declaratory judgment is objectively frivolous and Plaintiff should not have been required to squander its time/resources in responding to such.

### B.     Count II (Claim for Costs and Attorneys' Fees)

Count II of the Counterclaim purports to bring a 'claim' for costs and attorneys' fees pursuant to 17 U.S.C. § 1203. Here, Trends asserts that it is entitled to attorneys' fees and costs because Plaintiff's claim for removal of copyright management information is "frivolous" and "objectively unreasonable."[3] Trends' choice of adjectives is somewhat ironic given that the 'claim' for attorneys' fees itself is "frivolous" and "objectively unreasonable." Defendants'

---

[3]     Id. at ¶ 46.

counsel has been admitted to practice law for approximately 9 years yet somehow does not understand (or failed to research) that a demand for attorneys' fees/costs is a *remedy* – not an independent cause of action. See, e.g. Benhassine v. Star Taxi, Inc., No. 6:12-cv-1508-Orl-37GJK, 2014 U.S. Dist. LEXIS 196702, at *4 (M.D. Fla. Mar. 10, 2014) ("The problem here is that Defendant labeled its request for attorney's fees as a counterclaim rather than simply demanding it as relief. Unless otherwise specified by statute, a request for an award of attorneys' fees is simply a demand for a particular remedy rather than an independent cause of action.) (internal quotation marks omitted); Collins v. Cty. of Monterey, No. 19-cv-01214-NC, 2019 U.S. Dist. LEXIS 229335, at *11 (N.D. Cal. Oct. 7, 2019) ("Collins brings a claim for attorneys' fees…. Attorneys' fees, however, are a remedy, not a cause of action.").

17 U.S.C. § 1203(b)(5) does not provide for a "claim" for attorneys' fees and it should therefore be obvious to any reasonably competent attorney that Count II of the Counterclaim is objectively frivolous. Given that Trends and its counsel refuse to acknowledge the frivolity of the 'claim,' it can only be concluded that Count II of the Counterclaim is brought for an improper purpose (namely, to unnecessarily delay these proceedings and increase Plaintiff's cost of litigation).

C.  *Count III (Abuse of Process)*

Count III of the Counterclaim purports to assert a claim for abuse of process. According to the Counterclaim, Plaintiff *and Stevens* "made an illegal, improper, or perverted use of process by including a completely baseless claim for removal of CMI under 17 U.S.C. § 1202(b), and by expressly demanding remedies not provided by the statute…."[4] Trends thus contends that the filing of the Complaint itself (and the inclusion therein of the claim for removal of copyright

---
4   Id. at ¶ 52.

management information) constitutes an abuse of process. Any reasonably competent attorney would understand, however, that an abuse of process claim cannot as a matter of law be based on the filing of a Complaint.

The elements for a claim of abuse of process under Florida law are "(1) that the defendant made an illegal, improper, or perverted use of process; (2) that the defendant had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and (3) that, as a result of such action on the part of the defendant, the plaintiff suffered damage." S & I Investments v. Payless Flea Mkt., Inc., 36 So.3d 909, 917 (Fla. 4th DCA 2010).

As a threshold matter, Trends *inexplicably* purports to include Stevens as a third-party defendant, yet Stevens is not the party who filed the lawsuit. To undersigned counsel's knowledge, there is no legal authority in Florida standing for the proposition that a non-party (Stevens) can be held liable for a purported abuse of process. Indeed, the first element of the claim requires that the defendant *himself/itself* made an illegal, improper, or perverted use of process – not that the defendant *caused* such abuse of process to occur (as Trends seems to suggest).

More importantly, however, is the fact that "the mere filing of a complaint and having process served is not enough to show abuse of process." Della-Donna v. Nova Univ., Inc., 512 So. 2d 1051, 1055 (Fla. 4th DCA 1987). As recently stated by Judge Matthewman:

> [A] claim for abuse of process does not allow plaintiffs to attack defendants merely for filing a lawsuit. Rather, there must be an "allegation of a post-issuance act other than service of what was issued." Id. Thus, because the Prudent Parties have failed to specify any particular acts by either Gallaher or Haunert that constitute abuse of process other than the filing of their Amended Third Party Counterclaim, they have failed to adequately plead a claim for abuse of process. Id. Thus, the Court DISMISSES Count VIII of the Third Party Counterclaim as to Gallaher and Haunert.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plain Bay Sales, Ltd. Liab. Co. v. Gallaher, No. 9:18-cv-80581-Matthewman, 2020 U.S. Dist. LEXIS 6315, at *17-18 (S.D. Fla. Jan. 14, 2020). Again, this claim is both objectively frivolous and brought for an improper purpose – any modicum of research would have revealed the basic legal standards applicable to an abuse of process claim, yet Defendants and their counsel ignored such law in favor of 'going on the attack' with a frivolous counterclaim.

### D. Count IV (Civil Conspiracy)

Count IV of the Counterclaim purports to assert a claim for "civil conspiracy" against Plaintiff, Stevens, McGinnis, and Old Palm. Here, the Counterclaim alleges that, "*[o]n information and belief*, McGinnis and/or Old Palm combined with and acted in concert with Stevens and/or AAP (collectively, "Co-conspirators"), for the purpose of injuring competing real estate agents, including Trends Realty."[5]

Here, the Counterclaim is both legally and factually frivolous. On the legal side, the Counterclaim is frivolous as Florida law requires an underlying tort for a conspiracy claim and such underlying tort is plainly absent. See Merch. One, Inc. v. TLO, Inc., No. 19-cv-23719, 2020 U.S. Dist. LEXIS 7462, at *22 (S.D. Fla. Jan. 16, 2020) ("Florida law does not recognize an independent cause of action for civil conspiracy; rather, a valid claim must allege an underlying illegal act or tort on which the conspiracy is based."); see also Grayson v. No Labels, No. 6:20-cv-1824-PGB-LRH, 2021 U.S. Dist. LEXIS 129396, at *14 (M.D. Fla. Apr. 7, 2021) ("Florida law does not recognize an independent cause of action for civil conspiracy; 'the plaintiff must allege an underlying illegal act or tort on which the conspiracy is based.'") (quoting Alhassid v. Bank of Am., N.A., 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014)); Scanz Techs., Inc. v. JewMon Enters., LLC, Civil Action No. 20-22957-Civ-Scola, 2021 U.S. Dist. LEXIS 2651, at *11 (S.D.

---

[5] Id. at ¶ 57 (emphasis added).

Fla. Jan. 6, 2021) (same).

On the factual side, there is no "information" on which the conspiracy claim is based. At the time the claim was filed, Defendants had never previously communicated with Plaintiff. The only communication between Defendants and McGinnis was a telephone call from Abdelsayed to McGinnis in which Abdelsayed *solicited McGinnis to join him in suing Plaintiff*. The only "information" available to Defendants at the time the Counterclaim was filed is: (a) Plaintiff is a professional photographer; (b) McGinnis is a realtor; and (c) McGinnis used a series of Plaintiff's photographs to market the listing for sale of a $9 million property. From these available *facts*, Trends and its counsel posit that Plaintiff/McGinnis are engaged in an anti-competitive conspiracy to trick other realtors into stealing Plaintiff's photographs so that Plaintiff will sue those other realtors and prevent them from competing in the market against McGinnis.

In filing the Counterclaim, Trends and its counsel warranted that the factual contentions therein had evidentiary support. Given that Trends has (to date) conducted no discovery and is not aware of any fact other than the shocking truth that McGinnis actually pays (rather than steals) Plaintiff for use of its photographs, it is difficult to imagine what "information and belief" the conspiracy claim is based upon. A federal pleading is no place for speculation and conjecture – sanctions (against both Trends and its counsel) are absolutely appropriate here for what is a 'shoot first, ask questions later' approach to pleading.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

1. Granting this motion for sanctions pursuant to Fed. R. Civ. P. 11 against Trends and its counsel;

2. Requiring Trends and its counsel to reimburse Plaintiff for its attorneys' fees incurred, and to be incurred, in this matter;

3. Imposing an appropriate monetary fine against Trends and its counsel;

4. Imposing an appropriate nonmonetary sanction against Trends and its counsel; and

5. Granting such other relief as is necessary and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

Before filing this Motion, undersigned counsel conferred with counsel for Trends. The parties discussed their respective positions on this motion but were unable to reach any agreement on the issues raised herein.

Dated: March 2, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
   Daniel DeSouza, Esq.
   Florida Bar No.: 19291
   James D'Loughy, Esq.
   Florida Bar No.: 0052700

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza