UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

                Plaintiff,

vs.

JOHN ABDELSAYED and,
TRENDS REALTY USA CORP.,

                Defendant.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 43]

Plaintiff Affordable Aerial Photography, Inc. (AAP) originally sued (1) Defendant John Abdelsayed for copyright infringement and removal of copyright management information (CMI), and (2) Defendant Trend Realty USA Corp. ("Trend") for vicarious copyright infringement. ECF No. 1. Plaintiff later amended its complaint and dropped the CMI claim. ECF No. 40. In response to the Amended Complaint, the Defendants filed a counterclaim alleging malicious prosecution based on the CMI claim. ECF No. 41.

AAP moves for judgment on the pleadings on the malicious prosecution counterclaim. ECF No. 43. The motion is fully briefed. Judge Cannon referred it to me for a Report and Recommendation. ECF No. 56.

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss. *See Hawthorne v. Mac Adjustment*, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). "Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)). The moving party bears the burden of proving they are entitled to dismissal. *See Hawthorne*, 140 F.3d at 1370. Accordingly, well-pleaded allegations within the complaint are accepted as true and are construed in favor of the non-moving party. *See Cunningham v. Dist. Atty's Office for Excambia Cnty,* 529 F.3d 1237, 1255 (11th Cir. 2010)*; Miami Herald Pub. Co. v. Ferre*, 636 F. Supp. 970, 974 (S.D. Fla. 1985).

> There are six elements to a malicious prosecution claim in Florida:
>
> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (citations omitted). "The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." *Id*.

AAP argues that any malicious prosecution can only be brought in a separate legal action, not as a counterclaim in this one. Additionally, and alternatively, it argues that there was no bona fide termination of the CMI claim in Defendants' favor.

Under Florida law, a claim for "malicious prosecution may not be brought as a counterclaim when directed against the filing of some or all of the counts in the pending main action." *Blue v. Weinstein,* 381 So. 2d 308, 311 (Fla. 3d DCA 1980). It is undisputed that there is a pending action by AAP against Defendants. It is also undisputed that the CMI claim that forms the basis of the malicious prosecution claim is no longer pending.

AAP cites to Judge Matthewman's decision in *Plain Bay Sales, LLC v. Gallaher*, No. 18-CV-80581, 2020 WL 202960 (S.D. Fla. Jan. 14, 2020). In that case, a declaratory judgment count was dismissed with leave to amend. It was repled in the amended pleading. The opposing party asserted a counterclaim that the original (unamended) declaratory judgment claim had been brought maliciously. Judge Matthewman granted a motion to dismiss the malicious prosecution counterclaim because the declaratory judgment claim remained pending in the ongoing lawsuit; hence, no bona fide termination of that claim had occurred. *Id.* at 5.

After holding that no bona fide termination had occurred, Judge Matthewman added:

> Further, under Florida law, a claim for malicious prosecution "may not be brought as a counterclaim when directed against the filing of some or all of the counts in the pending main action[.]" *Blue v. Weinstein*, 381 So.2d 308, 311 (Fla. 3d DCA 1980). Instead, claims for malicious prosecution must be raised as separate actions by a victorious defendant *after* the suit which is claimed to be malicious has concluded. *See Cox v.*

3

*Klein*, 546 So.2d 120, 121 (Fla. 1st DCA 1989).

*Id.* at *5 (brackets in original).

In *Cox*, the plaintiff sued for denial of due process. The defendant counterclaimed for libel, abuse of process, and malicious prosecution. Plaintiff's claim later was dismissed, as were the counterclaims for libel and abuse of process. The malicious prosecution claim later was dismissed, too. On the defendant's appeal of the dismissal of the malicious prosecution claim, the First DCA held that the malicious prosecution counterclaim could not proceed even though plaintiff's entire case had been dismissed. It said, "[T]rial courts [are not required] to take cognizance of a malicious prosecution action which rode in originally as a counterclaim to the action from which it derived. To adopt such a ripening concept would encourage inappropriate pleading." 546 So.2d at 122.

AAP also cites Judge Cooke's decision in *Medina v. United Christian Evangelistic Ass'n,* No. 08-22111-CIV, 2009 WL 3161654 (S.D. Fla. Sept. 29, 2009). There, the plaintiff filed suit in state court for multiple claims. He separately filed a Title VII claim in federal court. After the state case was removed to federal court, Judge Cooke consolidated it with the Title VII case. Thereafter, the Title VII claim was dismissed. The Defendant then filed a counterclaim for malicious prosecution based on the dismissal of the Title VII claim.

Judge Cooke dismissed the counterclaim as premature. *Id.* at *2–3. She held that because a part of the case remained pending, the Defendant "cannot make out a prima facie case for malicious prosecution until this action is terminated." *Id.* at 3.

I find these cases to be persuasive, particularly *Medina*, which is procedurally identical to this case.[1] Because the malicious prosecution claim is procedurally premature, it should be dismissed without prejudice. *See, e.g., Medina*, 2009 WL 3161654, at *3.

I do not reach the question whether a bona fide favorable termination has occurred. If Defendant brings a malicious prosecution action in the future, that argument can be resolved on a fully-developed record in that proceeding.

## REPORT AND RECOMMENDATION

Accordingly, I **RECOMMEND** that the District Court **GRANT** the Motion for Judgment on the Pleadings on Defendant's malicious prosecution counterclaim, without prejudice.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court

---

[1] Defendant's citation to *Debrincat v. Fischer*, 217 So.3d 68 (Fla. 2017) is unavailing. There, Debrincat sued multiple defendants, including Fischer, for defamation and related torts. Fischer ultimately was dismissed from the case. In a separate action, Fischer sued Debrincat for malicious prosecution. The issue on appeal was whether the litigation privilege provided a defense to the malicious prosecution claim.

I also reject Defendant's attempts to distinguish other cases as dictum or on grounds of public policy. *See* ECF No. 45 at 3–12.

Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of March 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE