UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
  Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
  Defendants and Counter-Plaintiffs.

--------------------------------------------------------------------------------

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
  Third Party Plaintiffs,

v.

ROBERT STEVENS,
  Third Party Defendant.

_____

**DECLARATION OF GRIFFIN C. KLEMA, ESQ. IN OPPOSITION TO AFFORDABLE AERIAL PHOTOGRAPHY INC.'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND THEIR COUNSEL**

  I, Griffin C. Klema, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 of the following is true and correct:

  1. I am counsel for defendants John Abdelsayed and Trends Realty USA Corp. in this lawsuit.

2. I submit this declaration in opposition to Affordable Aerial Photography Inc.'s ("AAP") motion for sanctions against me and my clients concerning their twelfth affirmative defense. [ECF 47]

3. This is the first time I have ever been accused of violating Rule 11, let alone a motion filed against me or my clients.

4. Upon appearing in this case I reviewed the initial defensive pleadings, which I learned were prepared by an attorney, and not John Abdelsayed.

5. Also as part of my investigation to support the prior attorney's assertion of the "Copyright Troll" defense, I searched for cases involving AAP on September 9, 2021. As part of that search, I also searched for cases involving Mr. Robert Stevens, AAP's owner. I found a reported decision from the Ninth Circuit Court of Appeals, in which Mr. Stevens lost his lawsuit against Corelogic on a theory that the copyright management information ("CMI") had been illegally removed from his photographs during the process of them being disseminated through multiple listing services ("MLS").

6. I then identified the underlying district court case, and reviewed its docket on the free, publicly available website, RECAP.[1] My recollection is that I reviewed both the affirmative pleadings and the defensive pleadings, the motion for summary judgment, and the trial judge's ultimate order granting summary judgment to the defendants. I concluded that Mr. Stevens, through his deposition testimony in that lawsuit (at least the portion argued in the summary judgment motion), had actual knowledge of how MLS listings operate and that the CMI on his photographs would be removed.

---

[1] https://www.courtlistener.com

7.  Subsequently, I searched RECAP for other AAP lawsuits, and the search returned more than 90 results. I seem to recall clicking on all, or nearly all, of the cases—quickly scanning for dockets which RECAP had free filings available to review. I reviewed a number of cases and court filings by AAP, and defensive filings by the alleged infringers. Almost all of the lawsuits were copyright infringement related. Many of the case styles seemed to indicate they were brought against real estate agents.

8.  Also during my research on September 9, 2021 and September 24, 2021, I purchased certain court filings through PACER (which then became available for free on RECAP). Attached as Exhibit A-1 is a true and correct copy of my firm's PACER bill from that date for the "Abdelsayed" client code.

9.  Although some of the AAP cases I reviewed occurred on September 24, 2021, according to my PACER bill, my time logs appear to have omitted that effort.

10. Based on my PACER billing, and on my recollection, I reviewed at least the following cases, their dockets, and pleadings among many others:

- Affordable Aerial Photography, Inc. v. Beycome Brokerage Realty LLC, no. 20-cv-20502
- Affordable Aerial Photography, Inc. v. Showroom Interiors LLC, no. 21-cv-81777
- Affordable Aerial Photography, Inc. v. U.S. Condo Exchange, LLC, no. 1:20-cv-21306
- Affordable Aerial Photography, Inc. v. Rapid Security Solutions, LLC, no. 21-cv-02867
- Affordable Aerial Photography, Inc. v. Logan Realty, Inc., no. 20-cv-80851
- Affordable Aerial Photography, Inc. v. Beycome Brokerage Realty LLC, no. 20-cv-20502
- Affordable Aerial Photography, Inc. v. Illustrated Props. Real Estate Inc., no. 16-cv-80109

11. Also attached as Exhibit A-2 is a true and correct copy of my firm's invoice to my clients, reflecting 4.0 hours of billable time spent conducting some of this factual investigation.

12. Throughout my initial evaluation of the case, I also spent time reviewing the other photographs included in the subject MLS listing, as well as reviewing at least two settlement demand letters that were attached by AAP to its pleadings in prior lawsuits. Included in them

were the images being sued on, and my recollection is that it appeared that the CMI watermark was consistently small in size, and placed at the very bottom corner of the image, and frequently white in color, regardless of the photograph's color in that area, and sometimes obscuring the text. My recollection is that many photographs were difficult to discern the text. Some were nearly indecipherable, and others required me to magnify the area to be able to read it, if it was even possible.

13. Based on my personal knowledge of images offered for sale by popular online retailers, such as iStock Photo, Getty Images, and Shutterstock, the CMI watermarks applied by those companies were comparatively larger, placed more conspicuously, and readily discernable than that of AAP's watermarks. I also have professional experience litigating consumer protection cases in which merchant information communicated to the public is relevant in how it is conveyed to ensure it is seen and understood. I therefore concluded based on my comparison, my experience, and AAP's litigation history against many real estate agents, that AAP may have motivations other than securing recompense for its injuries, and further inferred that part of its business model may include suing for copyright infringement.

14. Because that information was circumstantial, I qualified the 12th affirmative defense with "on information and belief," pending the opportunity to more fully develop the record through discovery.

15. On September 20, 2021, I spoke with plaintiff's counsel, Dan DeSouza, Esq., regarding the parties' respective pleadings. I believe it was during that call that Mr. DeSouza seemed to suggest that AAP did not have any evidence of licensing history for the kinds of photographs at issue in the present litigation. Although I don't remember this specifics of the telephone call, part of the conversation included my continued efforts to obtain dismissal of

plaintiff's Count 2 for removal of CMI, and at some point plaintiff's counsel suggested AAP may not settle "for any amount."

16. Subsequent to that telephone call I drafted an email correspondence to Mr. DeSouza memorializing at least some of the substance of the call. A true and correct copy of it is attached hereto as Exhibit A-3.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 9, 2022.

                                                                 /s/ Griffin Klema
                                                                 Griffin C. Klema, Esq.
                                                                 Fla. Bar No. 100279
                                                                 Griffin@KlemaLaw.com
                                                                 **Klema Law, P.L.**
                                                                 PO Box 172381
                                                                 Tampa, FL 33672
                                                                 420 W. Kennedy Boulevard
                                                                 Tampa, FL 33606
                                                                 Telephone: 202-713-5292
                                                                 Attorney for Defendants

# Exhibit A-1

Exhibit A-1

Exhibit A-1

**Report for gcklemal**

| Date | Time | Pages | Court | Client Code | Description | Search | Cost |
|---|---|---|---|---|---|---|---|
| 09/08/2021 | 20:08:58 | 1 | FLSDC | ABDELSAYED | ATTORNEY LIST | 9:21-CV-81331-AMC | $0.10 |
| 09/08/2021 | 20:08:20 | 2 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:21-CV-81331-AMC | $0.20 |
| 09/08/2021 | 20:09:42 | 3 | FLSDC | ABDELSAYED | DOCKET REPORT | 9:21-CV-81331-AMC | $0.30 |
| 09/08/2021 | 20:28:09 | 30 | FLSDC | ABDELSAYED | IMAGE354-0 | 9:12-CV-80674-KAM DC | $3.00 |
| 09/08/2021 | 20:21:43 | 30 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:12-CV-80674-KAM | $3.00 |
| 09/08/2021 | 20:06:06 | 2 | FLSDC | ABDELSAYED | IMAGE16-0 | 9:21-CV-81331-AMC DC | $0.20 |
| 09/08/2021 | 22:07:25 | 1 | FLSDC | ABDELSAYED | CASE SUMMARY | 9:19-CV-81445-RLR | $0.10 |
| 09/09/2021 | 22:45:14 | 1 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 1:20-CV-21306-MGC | $0.10 |
| 09/09/2021 | 23:18:44 | 1 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:20-CV-82262-WPD | $0.10 |
| 09/09/2021 | 22:06:19 | 2 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:19-CV-81445-RLR | $0.20 |
| 09/09/2021 | 22:56:29 | 2 | FLSDC | ABDELSAYED | DOCKET REPORT | 9:20-CV-81985-WPD | $0.20 |
| 09/09/2021 | 23:19:01 | 2 | FLSDC | ABDELSAYED | PARTY LIST | 2:21-CV-14279-AMC | $0.20 |
| 09/09/2021 | 22:44:57 | 3 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 1:20-CV-21306-MGC | $0.30 |
| 09/09/2021 | 23:05:57 | 3 | FLSDC | ABDELSAYED | ATTORNEY LIST | 9:20-CV-81985-WPD | $0.30 |
| 09/09/2021 | 22:30:52 | 4 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:19-CV-80623-WPD | $0.40 |
| 09/09/2021 | 22:40:38 | 4 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 1:20-CV-20520-RNS | $0.40 |
| 09/09/2021 | 23:11:15 | 4 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:20-CV-82262-WPD | $0.40 |
| 09/09/2021 | 22:26:50 | 5 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:19-CV-80488-BB | $0.50 |
| 09/09/2021 | 22:33:14 | 5 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 1:19-CV-22285-BB | $0.50 |
| 09/09/2021 | 22:34:36 | 8 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:19-CV-80820-RLR | $0.80 |
| 09/09/2021 | 22:41:02 | 5 | FLSDC | ABDELSAYED | IMAGE13-0 | 1:20-CV-20520-RNS DC | $0.50 |
| 09/09/2021 | 22:45:38 | 11 | FLSDC | ABDELSAYED | IMAGE17-0 | 1:20-CV-21306-MGC DC | $1.10 |
| 09/09/2021 | 22:27:24 | 18 | FLSDC | ABDELSAYED | IMAGE42-0 | 9:19-CV-80488-BB DOC | $1.80 |
| 09/09/2021 | 22:06:46 | 12 | FLSDC | ABDELSAYED | IMAGE14-0 | 9:19-CV-81445-RLR DC | $1.20 |
| 09/09/2021 | 22:57:37 | 30 | FLSDC | ABDELSAYED | IMAGE1-0 | 9:20-CV-81985-WPD DC | $3.00 |
| 09/09/2021 | 23:12:04 | 21 | FLSDC | ABDELSAYED | IMAGE20-0 | 9:20-CV-82262-WPD DC | $2.10 |
| 09/14/2021 | 10:52:11 | 1 | 06CA | ABDELSAYED | CASE SELECTION TABLE | CASE: 01-2274 | $0.10 |
| 09/14/2021 | 10:53:03 | 5 | MIEDC | ABDELSAYED | HISTORY/DOCUMENTS | 2:00-CV-73201-JCO | $0.50 |
| 09/16/2021 | 16:46:18 | 9 | FLSDC | ABDELSAYED | IMAGE298-0 | 0:06-CV-60889-JIC DOC | $0.90 |
| 09/16/2021 | 16:45:18 | 30 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 0:06-CV-60889-JIC | $3.00 |
| 09/17/2021 | 14:00:32 | 29 | GANDC | ABDELSAYED | IMAGE55-0 | 1:14-CV-00100-TWT DC | $2.90 |
| 09/24/2021 | 17:34:11 | 2 | FLSDC | ABDELSAYED | HISTORY/DOCUMENTS | 9:20-CV-81307-RKA | $0.20 |
| 09/24/2021 | 13:32:38 | 18 | CASDC | ABDELSAYED | IMAGE166-0 | 3:14-CV-01158-BAS-JLf | $1.80 |
| 09/24/2021 | 17:34:23 | 9 | FLSDC | ABDELSAYED | IMAGE1-0 | 9:20-CV-81307-RKA DC | $0.90 |
| 09/24/2021 | 17:36:51 | 24 | FLSDC | ABDELSAYED | IMAGE1-3 | 9:20-CV-81307-RKA DC | $2.40 |
| 09/24/2021 | 19:34:09 | 15 | FLSDC | ABDELSAYED | IMAGE24-0 | 9:21-CV-81331-AMC DC | $1.50 |
| 10/28/2021 | 06:41:03 | 5 | WAWDC | ABDELSAYED | HISTORY/DOCUMENTS | 2:99-CV-02070-MJP | $0.50 |
| 10/28/2021 | 06:43:23 | 21 | WAWDC | ABDELSAYED | IMAGE51-0 | 2:99-CV-02070-MJP DO | $2.10 |
| 10/28/2021 | 08:58:46 | 4 | ILNDC | ABDELSAYED | HISTORY/DOCUMENTS | 1:99-CV-07249 | $0.40 |
| 10/28/2021 | 08:59:30 | 27 | ILNDC | ABDELSAYED | IMAGE23-0 | 1:99-CV-07249 DOCUM | $2.70 |

# Exhibit A-2

**Exhibit A-2**

**Exhibit A-2**

| Item | Description | Qty | Unit cost | Price |
|---|---|---|---|---|
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 0.10 | 350.00 | 35.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 0.10 | 350.00 | 35.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 0.20 | 350.00 | 70.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 0.20 | 350.00 | 70.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 0.20 | 350.00 | 70.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 0.20 | 350.00 | 70.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 0.40 | 350.00 | 140.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 0.50 | 350.00 | 175.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: ▮ | 1.10 | 350.00 | 385.00 T |
| Attorney Time | 9/9/2021, Litigation, 21-CV-81331: Review dockets of many other copyright infringement actions brought by plaintiff Affordable Aerial Photography; identifying California case potentially applicable to Count 2 and possibility for Rule 11 sanctions; identifying other cases where defendants successfully dismissed claims brought by plaintiff. | 4.00 | 350.00 | 1400.00 T |
| Attorney Time | 9/13/2021, Litigation, 21-CV-81331: ▮ | 0.10 | 350.00 | 35.00 T |
| Attorney Time | 9/13/2021, Litigation, 21-CV-81331: ▮ | 0.30 | 350.00 | 105.00 T |

# Exhibit A-3

Exhibit A-3

Exhibit A-3

# Griffin C. Klema, Esq.

| | |
|---|---|
| **From:** | Griffin C. Klema, Esq. <griffin@klemalaw.com> |
| **Sent:** | Monday, September 20, 2021 2:46 PM |
| **To:** | 'Daniel DeSouza' |
| **Cc:** | 'James D'Loughy'; 'Denise Sosa'; 'Hali Thomas' |
| **Subject:** | RE: Leave to amend pleadings (Affordable Aerial v. Trends Realty, no. 21-CV-81331) |
| **Flag Status:** | Flagged |

Daniel,

Thank you for your call. I hope you weren't late to your assistant's birthday lunch.

As I stated, I have invited information from the plaintiff regarding its position that Trends Realty's response to the complaint is not warranted under the law, absurd, or frivolous. As I further suggested, providing me with any relevant cases that may support the asserted Rule 11 motion might help address any plaintiff's concerns before actually having to prepare and serve such a motion. My experience and time-limited legal research (given the response deadline) revealed that the assertions raised were appropriate—but am always open to reviewing cases or authorities that may not have come up during my initial research.

We also did not discuss the plaintiff's (or third-party defendants) specific concerns regarding the pro se answer, defenses, and third party complaint. As I previously stated, amendment to that pleading may be similar to that asserted by Trends Realty. Perhaps additional authority you believe germane to the current pleadings would help simplify this case on a set of amended pleadings, but without investing an inordinate time on legal research only to discover cases which you may have or believe make the pleading improper, I simply ask for the professional courtesy of citation(s) to the authority on which you believe will support a Rule 11 motion.

I also find it concerning if Mr. Stevens is not willing to settle for "any amount," as that further suggests bad faith, and will only further entrench the parties. As I further stated during our call, I continue to counsel Mr. Abdelsayed according to my obligations as his attorney, but settlement decisions are, ultimately, decisions only a client can make.

Please let me know when you are available for the Rule 26 conference. Thank you.

Sincerely,



GRIFFIN KLEMA
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

**From:** Griffin Klema <griffin@klemalaw.com>
**Sent:** Saturday, September 18, 2021 2:41 PM
**To:** Daniel DeSouza <dan@copycatlegal.com>
**Cc:** James D'Loughy <james@copycatlegal.com>; Denise Sosa <denise@copycatlegal.com>; Hali Thomas <hali@copycatlegal.com>
**Subject:** RE: Leave to amend pleadings (Affordable Aerial v. Trends Realty, no. 21-CV-81331)

1