UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81331-CIV-CANNON/Reinhart

**AFFORDABLE AERIAL PHOTOGRAPHY, INC.**,

    Plaintiff and Counter-Defendant,

v.

**JOHN ABDELSAYED** and
**TRENDS REALTY USA CORP.**,

    Defendants and Counter-Plaintiff.

_____/

**ORDER ACCEPTING REPORTS AND RECOMMENDATIONS [ECF Nos. 71, 75]**

**THIS CAUSE** comes before the Court upon Magistrate Judge Bruce E. Reinhart's Reports and Recommendations (the "Reports") [ECF Nos. 71, 75], entered on March 4 and 16, 2022. The March 4, 2022 Report recommends that Plaintiff's Motion for Judgment on the Pleadings [ECF No. 43] be granted, and the March 16, 2022 Report recommends that Defendants' Motion for Judgment on the Pleadings [ECF No. 48] be denied. Defendants filed Objections to both Reports [ECF Nos. 80, 85]. Plaintiff did not file any Objections. The Court has reviewed the Reports, Defendants' Objections, and the full record. Following review, the Court **ACCEPTS** the Reports and offers the following supplementary analysis in response to Defendants' Objections.

**FACTUAL & PROCEDURAL BACKGROUND**

The central focus of this copyright infringement action is a photograph of 12235 Tillinghast Circle, Palm Beach Gardens, Florida 33418 (the "Work") [*see* ECF No. 40 ¶ 17].

Plaintiff Affordable Aerial Photography, Inc. is a Florida corporation [ECF No. 40 ¶¶ 1, 10]. Plaintiff's employee, and sole shareholder, is Third-Party Defendant Robert Stevens [ECF No. 40 ¶¶ 10–11]. Stevens is a real estate photographer [ECF No. 40 ¶¶ 11–13]. Plaintiff is

the owner of, and licensing agent for, Stevens' photographs [ECF No. 40 ¶ 15]. A sample portfolio of Stevens' photographs is available online [ECF No. 40 ¶ 14]. The Work is one of Stevens' photographs. Plaintiff registered the Work on June 21, 2018 (Registration No. VA 2-107-890) [ECF No. 40 ¶ 18; ECF No. 40 pp. 15–16].

Defendant Trends Realty USA Corp. ("Trends") is a real estate agency located in Palm Beach County, Florida [ECF No. 41 p. 2]. Defendant John Abdelsayed is the president, founder, sole shareholder, and controller of Trends [ECF No. 41 p. 2]. According to Plaintiff, Defendants utilized the Work for commercial purposes and without a license to do so [ECF No. 40 ¶¶ 34–36], giving rise to this lawsuit.

Plaintiff initiated this action on August 2, 2021, bringing a claim for copyright infringement against each Defendant and a claim for removal of copyright management information against Defendant Abdelsayed only (the "CMI claim") [ECF No. 1]. On November 9, 2022, the parties filed a Joint Motion for Leave to File Amended Pleadings, stating that "[a]s a result of . . . discovery and conferrals between counsel, the Parties [have] agreed . . . that [the CMI claim] should be withdrawn" [ECF No. 37 ¶ 3]. The Court granted that Joint Motion and instructed Plaintiff to file an amended pleading on or before November 13, 2021 [ECF No. 38]. Plaintiff complied, filing the First Amended Complaint (the "FAC") on November 12, 2021 [ECF No. 40]. As contemplated, the FAC omits the CMI claim.[1] Shortly thereafter, Defendants filed their Joint Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint [ECF No. 41], denying any wrongdoing on their part and bringing a malicious prosecution claim against Plaintiff and Stevens. That malicious prosecution claim is based on the original complaint's CMI claim, which

---

[1] Count I of the FAC is a copyright infringement claim against Abdelsayed [ECF No. 40 ¶¶ 41–53]. Count II of the FAC is a vicarious copyright infringement claim against Trends [ECF No. 40 ¶¶ 54–58]. Those are the only counts in the FAC.

Defendants characterize as frivolous and objectively unreasonable [ECF No. 41 pp. 13–15].

On November 24, 2021, Plaintiff filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), arguing that Defendants' malicious prosecution claim is improper because, among other things, it cannot be brought in the same action as the underlying claim (the CMI claim) [ECF No. 43; *see* Fed. R. Civ. P. 12(c)]. Defendants dispute the validity of that legal argument [ECF No. 45].

Subsequently, Defendants filed their own Motion for Judgment on the Pleadings, seeking partial judgment recognizing the unavailability of statutory damages and attorneys' fees for Plaintiff's copyright infringement claims [ECF No. 48]. According to Defendants, Plaintiff is not entitled to seek statutory damages or attorneys' fees under the Copyright Act because "the alleged infringement commenced prior to the effective date of registration" of the Work [ECF No. 49 p. 2]. In Response, Plaintiff argues, among other things, that Rule 12(c) motions cannot be used to obtain a judgment on a portion of a claim—such as the availability of statutory damages—and instead must seek a judgment on at least one claim in its entirety [ECF No. 66]. In Reply, Defendants insist that Rule 12(c) motions may properly obtain judgment on parts of claims rather than on claims in their entirety and, if not, invites the Court to construe their Rule 12(c) motion as a Rule 56 summary judgment motion, for which judgments on parts of claims are clearly allowed [ECF No. 72].

The Court referred both Rule 12(c) Motions to Magistrate Judge Reinhart for a Report and Recommendation [ECF No. 56]. On March 4, 2022, Judge Reinhart entered his first Report, recommending that Plaintiff's Rule 12(c) Motion be granted on the basis that Defendants' malicious prosecution claim is procedurally premature while the instant lawsuit remains pending [ECF No. 71]. On March 16, 2022, Judge Reinhart entered his second Report, recommending that Defendants' Rule 12(c) Motion be denied because such motions cannot be used to dismiss less

3

than an entire claim [ECF No. 75]. Defendants filed Objections to both Reports, challenging the Reports' reasoning and the precedent on which they rely [ECF Nos. 80, 85]. Both Reports are ripe for adjudication [ECF Nos. 71, 75].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

### I. The Report on Plaintiff's Rule 12(c) Motion

Plaintiff's Rule 12(c) Motion seeks dismissal of Defendants' malicious prosecution claim, which itself takes issue with the CMI claim included in the original complaint (but omitted from the FAC) [ECF No. 43]. Plaintiff's argument in support of dismissal is threefold: (1) under Florida law, a malicious prosecution claim must be brought in a separate lawsuit than the one that forms the basis of the malicious prosecution claim; (2) even if Defendants' malicious prosecution claim could be brought in this lawsuit, there was no bona fide termination of the CMI claim in favor of Defendants, as required for malicious prosecution claims; and (3) all else aside, there is no basis

for bringing the malicious prosecution claim against Third-Party Defendant Stevens, because malicious prosecution claims must be directed against the party that brought the subject claim and, here, the CMI claim at issue was brought by Plaintiff Affordable Aerial Photography, Inc. only. [ECF No. 43 pp. 3–6]. The March 4, 2022 Report agrees with Plaintiff's first argument and, on that basis, recommends granting Plaintiff's Rule 12(c) Motion and dismissing Defendants' malicious prosecution claim as procedurally premature [ECF No. 71]. Defendants object to the Report's reasoning and, more fundamentally, challenge the propriety of the case law that supports dismissal [ECF No. 80].

Addressing Defendants' primary objection requires a review of Florida law governing when and where malicious prosecution claims can be brought. Under Florida common law, malicious prosecution claims require, among other things, a bona fide termination of the original proceeding in favor of the present plaintiff. *Tatum Bros. Real Est. & Inv. Co. v. Watson*, 92 Fla. 278, 288 (1926). As a result of that element, many Florida courts have held that malicious prosecution claims are premature if they target an action that is still pending. *See, e.g.*, *Am. Salvage & Jobbing Co. v. Salomon*, 295 So. 2d 710, 712 (Fla. Dist. Ct. App. 1974). In reaffirming those cases, the Third District Court of Appeal stated in 1980 that "malicious prosecution may not be brought as a counterclaim when directed against the filing of some or all of the counts in the pending main action." *Blue v. Weinstein*, 381 So. 2d 308, 311 (Fla. Dist. Ct. App. 1980). Subsequent Florida court decisions have recognized that malicious prosecution claims must be brought in a "separate action." *See Cox v. Klein*, 546 So. 2d 120, 122 (Fla. Dist. Ct. App. 1989); *see also Pace v. Bank of New York Mellon Tr. Co. Nat'l Ass'n*, 224 So. 3d 342, 344 (Fla. Dist. Ct. App. 2017) ("[M]alicious prosecution claims cannot be brought in a counterclaim in the original proceeding."). Recognizing those Florida authorities, federal courts have applied a bright-line rule, holding that malicious prosecution claims cannot be brought in the same action from which

5

they arise or before that original action concludes—even when the claim that is the subject of the malicious prosecution claim has been dismissed from the action. *See Plain Bay Sales, LLC v. Gallaher*, No. 9:18-CV-80581, 2020 WL 202960, at *5 (S.D. Fla. Jan. 14, 2020); *Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CIV, 2009 WL 3161654, at *3 (S.D. Fla. Sept. 29, 2009). The net result is that parties seeking to bring malicious prosecution claims must do so in a subsequent, separate action.

Defendants argue that, starting with *Blue* in 1980, Florida courts went astray from the correct understanding of malicious prosecution claims, leading federal courts to apply an erroneous bright-line rule today [ECF No. 45 pp. 3–15; ECF No. 80 pp. 3–10]. At bottom, Defendants take the view that the bona fide termination element of malicious prosecution was originally understood to concern the individual cause of action giving rise to the malicious prosecution claim, rather than the overall lawsuit in which that cause of action is brought [ECF No. 80 p. 3 ("[T]he term 'proceeding' as used in older Florida Supreme Court decisions on malicious prosecution more closely aligns with the concept of a cause of action . . . ."); *see Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1356 (Fla. 1994) (describing the bona fide termination element as pertaining to the "underlying cause of action")]. Based on that premise, Defendants say they should be able to bring a malicious prosecution claim as a counterclaim/third-party claim in this action because the subject of the malicious prosecution claim—the CMI claim—was terminated in Defendants' favor when Plaintiff declined to pursue it in its amended pleading [ECF No. 80]. To the extent that courts have held otherwise, Defendants blame misunderstandings of the terms "proceeding" and "action" (as used in the bona fide termination element of malicious prosecution), imprecision, and the misapplication of dicta [ECF No. 80 pp. 7–10].

Defendants' argument is reasonable; however, it is not so strong as to warrant this Court displacing a line of state court case law which appears, for better or worse, to indicate that

malicious prosecution claims at minimum must be brought in a separate lawsuit from the original lawsuit. *See Blue*, 381 So. 2d at 311; *Cox*, 546 So. 2d at 122. Although the basis for this bright-line rule perhaps ought to be revisited, any such reconsideration or clarification is more appropriately left to Florida courts. For now, as best as this Court can tell, in order for a party to bring a malicious prosecution claim under Florida common law, the underlying cause of action must have ended in a favorable termination, and the malicious prosecution claim must be brought in a separate lawsuit from the underlying cause of action. The Report's recommendation—that the malicious prosecution claim be dismissed without prejudice—is consistent with that understanding. Defendants' malicious prosecution claim cannot be brought in this action.

## II. The Report on Defendants' Rule 12(c) Motion

Defendants' Rule 12(c) motion seeks a partial judgment that statutory damages and attorneys' fees are not available for Plaintiff's copyright infringement claims in Counts I and II [ECF No. 48]. In other words, Defendants do not in this motion challenge the merits of copyright infringement claims, but focus instead on the availability of statutory damages and fees for those claims.

Under Section 412 of the Copyright Act, "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412(1). In light of that rule, Defendants argue that statutory damages and attorneys' fees are unavailable here, where the FAC alleges that Defendants caused the Work to be published on a website "prior to Plaintiff's . . . registration of the Work" [ECF No. 48 pp. 3–4 (quoting ECF No. 40 ¶ 26)]. In Response, Plaintiff argues that Rule 12(c) motions cannot seek judgment on something less than an entire claim, and, more fundamentally, that the FAC alleges multiple acts of infringement, some of which began post-registration [ECF No. 66]. The March 16, 2022 Report recommends denial of Defendants' motion

on the basis of Plaintiff's procedural argument—that Rule 12(c) cannot be used to obtain judgment on a portion of a claim (e.g., to eliminate a certain category of damages as Defendants seek to do here) [ECF No. 75]. Defendants object to the Report's conclusion on that point, reaffirming their view that Rule 12(c) permits the described partial judgments [ECF No. 85].

Therefore, the question before the Court is whether Rule 12(c) allows for a judgment on a portion of a claim, rather than on a claim in its entirety.

As with all questions of statutory interpretation, "[t]he starting point . . . is the language of the statute itself." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). In this case, the Court starts by looking at the language of the Federal Rules of Civil Procedure.[2] Rule 12(c) reads as follows: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Although Rule 12 does not itself define the term "judgment," Rule 54 defines "judgment" "as used in the[] Rules" to "include[] a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Meanwhile, Rule 56, which governs summary judgment, expressly allows for judgment on "part of [a] claim or defense." Fed. R. Civ. P. 56(a).

Based on the definition of "judgment" provided by Rule 54, the partial claim language included in Rule 56(a), and the absence of any comparable language in Rule 12(c), the Court agrees with the Report; Rule 12(c) does not recognize a motion for judgment on a portion of a claim [ECF No. 75 p. 3]. The Court reasons as follows.

First, Rule 12(c) provides an avenue to obtain a "judgment on the pleadings," Fed. R. Civ. P. 12(c), but what Defendants seek is not a "judgment" as defined in the Rules, Fed. R. Civ. P.

---

[2] The Federal Rules of Civil Procedure are interpreted in the same that way statutes are. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 142 n.7 (3d Cir. 2001); *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 579–80 (E.D. Va. 2016).

54(a). As noted, a "judgment . . . includes a decree and any order from which an appeal lies," Fed. R. Civ. P. 54(a), but an appeal does not "lie," without more, from decisions on the availability of certain damages. *See Barnett v. MacArthur*, 715 F. App'x 894, 905 (11th Cir. 2017) (dismissing for lack of appellate jurisdiction a challenge to the district court's determination that punitive damages were not available to the plaintiff); *RePass v. Vreeland*, 357 F.2d 801, 806 (3d Cir. 1966) (holding that the court did not have appellate jurisdiction because "[t]he fact that [plaintiff] has been precluded the recovery of one item of damages under [the] claim does not give rise to a final order). Thus, Defendants do not properly seek a "judgment" on the pleadings as allowed under Rule 12(c).

In response, Defendants argue that "judgment" should be understood broadly to mean "any decision made by a court," pointing to the Eleventh Circuit's recent decision in *Patel v. United States Att'y Gen.*, 971 F.3d 1258, 1272–74 (11th Cir. 2020) (en banc), *cert. granted sub nom. Patel v. Garland*, 141 S. Ct. 2850 (2021). *Patel* does not control the inquiry here. In *Patel*, the Eleventh Circuit held that, in the absence of limiting statutory language, the ordinary public meaning of "judgment" is broad and encompasses "any decision made by a court." *Id.* at 1274 (adopting broader definition of "judgment" as "better fit" because statutory language contained no limiting language). In this case, Rule 54 contains that limiting language, defining "judgment" in more circumscribed terms to mean "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). It is that narrower definition of "judgment" that controls, and Defendants' requested relief does not fall within it.

Second, the Court must recognize that, although Rule 56 expressly allows for judgment on "part of [a] claim or defense," such language is conspicuously missing from Rule 12(c). Fed. R. Civ. P. 12(c), 56(a). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts

9

intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (alteration in original) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)).  In accordance with that general presumption, most courts that have directly engaged with the question presented here have recognized—and given meaning to—this distinction between Rule 56 and Rule 12. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (recognizing that motions under Rule 12(b) and (c) "[do not] permit piecemeal dismissals of *parts* of claims"); *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018) ("That the [Federal Rules of Civil Procedure] explicitly provide for summary judgment on part of a claim under Rule 56(a) but not for judgment on part of a claim under Rule 12(c) counsels strongly against reading Rule 12(c) to implicitly permit such judgments."); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2021 WL 894380, at *2 (S.D. Fla. Mar. 3, 2021) ("Rule 12(c)'s language contains no provision for a 'partial' judgment on the pleadings directed to only a portion of a single claim.  This is in contrast with the summary-judgment rule's language, which allows a party to move for summary judgment on a part of each claim or defense." (internal quotations and citations omitted)).  That other courts have granted or affirmed partial judgments on the pleadings, without directly engaging with the statutory question presented, does not permit this Court to ignore the plain difference between Rule 56 and Rule 12. *See Munro*, 2021 WL 894380 at *2 (citing cases).

Third, for the reasons discussed above, adopting Defendants' position necessarily would require the Court either to read Rule 56's partial language into Rule 12, without any textual basis for doing so, or to render Rule 56's partial language superfluous.  Neither option is acceptable. *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1187 (11th Cir. 1997) ("Courts have no authority to alter statutory language.  [Courts] cannot add to the terms of [a] provision what Congress left out."); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is 'a cardinal principle of statutory

construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

For these reasons, Defendants' Rule 12(c) motion for partial judgment on the issue of statutory damages and attorneys' fees is procedurally improper.[3]

## CONCLUSION

Following a *de novo* review of the Report's legal conclusions and of the portions of the Report to which an objection has been made, the Court hereby **ACCEPTS** the Reports [ECF Nos. 71, 75] as follows:

1. Plaintiff's Motion for Judgment on the Pleadings [ECF No. 43] is **GRANTED**.

   a. Defendants' malicious prosecution claim (Count I of the Counterclaim/Third-Party Complaint) [ECF No. 41] is **DISMISSED WITHOUT PREJUDICE**, but without leave to replead in this action.

   b. The Clerk shall **TERMINATE** Robert Stevens as a Third-Party Defendant in this action.

2. Defendants' Motion for Judgment on the Pleadings [ECF No. 48] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 15th day of April 2022.

*[signature]*

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[3] As a final argument on this issue, Defendants aver that, "[e]ven if Rule 12(c) does not implicitly allow a partial judgment on a claim, the [C]ourt should treat [Defendants' Rule 12(c) motion] as one for partial summary judgment [under Rule 56]" [ECF No. 72 p. 10]. Defendants raise this argument for the first time in their Reply [ECF No. 72]. The Court declines to convert Defendants' Rule 12(c) motion into a Rule 56 motion [ECF No. 22 (setting June 13, 2022 as the deadline for the filing of summary judgment motions)].