## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
      Defendants and Counter-Plaintiffs.

-----------------------------------------------------------

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
      Third Party Plaintiffs,

v.

ROBERT STEVENS,
Third Party Defendant.

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR VOLUNTARY DISMISSAL [ECF 155]

Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney,

Griffin Klema, Esq., and pursuant to Local Rule 7.1, respond to plaintiff Affordable Aerial

Photography's motion for voluntary dismissal under Rule 41(a)(2), [ECF 155].

## TABLE OF CONTENTS

<u>Page</u>

**TABLE OF CONTENTS** ...................................................................................................... ii

**TABLE OF CITATIONS** ................................................................................................... iii

I.      **INTRODUCTION** ................................................................................................ 1

II.     **FACTS AND PROCEDURAL HISTORY** ......................................................... 1

    A.    AAP's bad faith assertion of statutory remedies and bad faith settlement ............ 2

    B.    The case has been pending for over a year, with considerable discovery, extensive motion practice, and two mediations ........................................................ 3

    C.    AAP alleged a CMI removal claim in bad faith and continued to assert the defendants violated AAP's rights and still prays for fees on that claim ................ 4

    D.    AAP's bad faith discovery responses ..................................................................... 5

III.    **RULE 41(A)(2) STANDARDS** .......................................................................... 5

IV.    **ARGUMENT** ...................................................................................................... 7

    A.    The Court should deny AAP's motion because multiple factors favor denial and instead the Court should grant judgment for the defendants ............................ 8

    B.    Dismissal of AAP's infringement claims must be with prejudice due to the running of the statute of limitations and AAP's lack of copyright ....................... 14

    C.    If the Court grants the motion, it should condition dismissal upon payment of the defendants' attorney fees, costs, and expenses ........................................... 15

    D.    The Court lacks subject-matter jurisdiction to decide AAP's Rule 41(a)(2) motion for voluntary dismissal ........................................................................... 16

V.    **CONCLUSION** ................................................................................................. 17

**REQUEST FOR HEARING** .............................................................................................. 17

## TABLE OF CITATIONS

Page

### Cases

Arias v. Cameron, 776 F.3d 1262 (11th Cir. 2015) ........................................................ 13

Emergency Recovery, Inc. v. Hufnagle, No. 20-11743, 2021 WL 2748140 (11th Cir. 2021) .................................................................................................................................. 6

Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502 (11th Cir. 1991) ............................... 5

Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) ............................................................... 11

Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499 (11th Cir. 1984) ............................ 12

In re Ford Motor Co., 471 F.3d 1233 (11th Cir. 2006) .................................................... 8

Kernel Records Oy v. Mosley, No. 09-cv-21597, 2013 U.S. Dist. LEXIS 99094 (S.D. Fla. July 16, 2013) ............................................................................................................. 14

Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016) ................................... passim

LeCompte v. Mr. Chip, Inc., 528 F.2d 601 (5th Cir. 1976) ............................................ 16

McBride v. Piedmont Engineers of the Carolinas, P.C., 189 F.App'x 876 (11th Cir. 2006) ......... 8

McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir. 1985) ................................................. 16

McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir. 1986) .................................. 16

McGregor v. Board of Com'rs of Palm Beach Cnty., 956 F.2d 1017 (11th Cir. 1992) ................ 6

Mitchell v. Monroe Cnty., no. 13-cv-10095 (S.D. Fla. Apr. 14, 2014) ........................... 8

Mosley v. JLG Industries, Inc., 189 F.App'x 874 (11th Cir. 2006) ............................... 8, 9

Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298 (11th Cir. 2004) ........................... 6

Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) ...................................... 14

Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721 (M.D. Fla. 2000) .................................. 6

Pickersgill v. Neely, No. 3:21-cv-00773, 2021 U.S. Dist. Lexis 214306 (N.D. Tex. Nov. 5, 2021) ................................................................................................................... 3, 7

Potenberg v. Boston Sci. Corp., 252 F.3d 1253 (11th Cir. 2001) ...................... 6, 10, 13

Schwarz v. Folloder, 767 F.2d 125 (5th Cir. 1985) ......................................................... 9

Seven Elves, Inc. v. Eskenazi, 635 F.2d 396 (5th Cir. 1981) ........................................ 12

Stephens v. Ga. Dep't of Transp., 134 F.App'x 320 (11th Cir. 2005) ............................. 8

Wilkins v. Blackman, no. 20-cv-114203 (S.D. Fla. Sept. 1, 2022) ................................. 8

Yoffe v. Keller Industries, Inc., 582 F.2d 982 (5th Cir. 1978) .......................... 6, 11, 16

## Statutes

17 U.S.C. § 1203(c)(3)(B) ................................................................................ 5

17 U.S.C. § 411 ................................................................................................. 14

17 U.S.C. § 412 ................................................................................................. 2

17 U.S.C. § 505 ................................................................................................. 7, 10

17 U.S.C. § 507(b) ........................................................................................... 14

## Rules

Fed. R. Civ. P. 41(a)(2) .................................................................................... 5, 16

## I.     **INTRODUCTION**

Plaintiff Affordable Aerial Photography Inc.'s ("AAP") motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) should be denied outright, and summary judgment entered for the defendants.[1] Doing so would not be an abuse of discretion given the extensive, contentious, and bad faith litigation that AAP forced the defendants to endure, as well as the special circumstances of this case which implicate public concerns and goals of the Copyright Act itself—all of which are beyond those concerns of the defendants alone. Under <u>Kirtsaeng</u>, the Copyright Act "encourage[s defendants] to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." For AAP to argue it is the victim of valid defensive efforts belies the truth of its own aggressive litigation and excessive settlement demands. And more fundamentally it belies the truth of its real reasons for seeking dismissal: to avoid a far-reaching adverse judgment.

If not denied, any dismissal must be with prejudice due to the running of the statute of limitations and AAP's lack of copyright to the registered work. Any new case would not be the same as this case, assuming it could re-file (which it cannot).

And if the Court is inclined to grant a dismissal without prejudice, it should be conditioned on the payment of the defendants' full attorney's fees, expenses, and costs.

## II.     **FACTS AND PROCEDURAL HISTORY**

AAP misleadingly recites the record in an effort to suggest that the defendants have been the aggressors. Not so. Instead they have diligently opposed AAP's claims, sought to uncover the

---

[1] The defendants note that a statement in the joint scheduling report (that they "do not in principle oppose AAP's dismissal" [ECF 152]), was as to the general notion of ending this case. To the extent it might be misunderstood, the defendants withdraw the statement.

truth, and then sought to end the case by way of dispositive motions. AAP makes so many misrepresentations of and omissions from the record in its motion that addressing them fully would consume several pages.[2] Upon a neutral review of the record, it is clear that AAP has litigated this case in bad faith, and *it* set the aggressive tone at the outset: pursuing and maintaining a frivolous copyright management information ("CMI") removal claim and serving multiple Rule 11 motions in bully-like fashion.

AAP's present assertions that its case isn't "worth the continued effort" is correct. But it never was; it didn't suddenly or even gradually become a diminishing returns case. The defendants made clear it was an actual damages only case on day-one of the undersigned's appearance. Exhibit A. ("proving [actual] damages is a considerable investment by a plaintiff without any guarantee of success even if infringement in [sic] proved"). AAP chose to litigate extensively until now, upon the eve of renewing a vitally important dispositive motion encompassing multiple reasons why it loses on the merits.

### A.  AAP's bad faith assertion of statutory remedies and bad faith settlement

From the outset of this case, the defendants noted the lack of statutory remedies and provided evidence of that fact. Exhibit A. AAP ignored those warnings and aggressively asserted that "there's not going to be a settlement at any amount." Exhibit B. Five months on, AAP

---

[2] One issue, however, the defendants feel compelled to respond to: The defendants were cautious in their approach to a sensitive and possibly irreversible spoliation of evidence issue as concerned the MLS Image. Indeed, even the slightest mishap could destroy defensive issues, including the true identity of the work and altering metadata. AAP actually *benefits* when an accused infringer panics, and deletes or modifies an accused infringing image because it creates a possible spoliation claim (with attendant presumptions against the defendant) and it also destroys possible defenses under 17 U.S.C. § 412—often *the* most important issue in the value of an infringement action due to the loss of statutory remedies. The defendant's careful approach to disabling access to the subject image is not evidence of their bad faith but rather their cautious approach which preserved evidence of a key defensive issue.

continued to demand excessive and improper settlement of $35,000, and continued to argue that its fees would keep increasing—all as a basis for the defendants to accede to its financial demands. Exhibit C.

AAP's argument that it "made sense for [it] to continue litigating" the case up until now is wholly untenable, premised on <u>Pickersgill v. Neely</u>, a lone out of circuit unreported case procedurally distinct and directly contrary to well-established law and all other known cases. It certainly didn't "make sense" to continue litigating after it stipulated that it wasn't entitled to statutory remedies on June 13, 2022. <u>See</u> Stipulation [ECF 105]. Yet it continued to push its case into summary judgment motion practice. Shortly after its corporate representative deposition, it briefly expressed a desire to voluntarily dismiss its claims, but quickly and unequivocally withdrew it. Exhibit D ("please be advised that Affordable Aerial Photography, Inc. ("AAP") will ***not*** be filing a Rule 41 motion. Further, to the extent unclear, any settlement offer/demand previously made by AAP is hereby revoked") (emphasis in original). It should never have aggressively pursued its actual damages only case, and should have either settled for the fair amount the defendants offered early in the case, or dismissed the case if (as it now claims), its case is not worth the candle. AAP had the power to terminate this case, but it chose not to. And in so doing, it forced the defendants to keep opposing its claims.

**B. The case has been pending for over a year, with considerable discovery, extensive motion practice, and two mediations**

AAP initiated this lawsuit more than 15 months ago on August 1, 2021, and pursued infringement and CMI removal claims, serving 50 document requests, 22 interrogatories, and 82 requests for admission. AAP subpoenaed records from three non-parties and took two depositions. To defend against AAP's infringement claims, Abdelsayed and Trends Realty served 53 document requests, 19 interrogatories, and 59 requests for admission, subpoenaed one non-party, and took

four depositions—three of which were necessitated following AAP's failure to adequately respond to the defendants' discovery requests, failure to testify through its corporate representative, and its filing of Mr. Stevens' three false declarations.

All told, twenty eight motions or joint memoranda have been filed in this case: AAP filed ten, five were joint, and the defendants filed thirteen. At least two motions were served but not filed. Of those 30 motions, seven were dispositive, including four summary judgment, two judgment on the pleadings, and one to dismiss. Other motions also included significant substantive issues, including two Rule 11 motions filed by AAP (the third it served was not filed). Most motions included oppositions and replies, and two resulted in objections to Magistrate Judge Reinhart's reports and recommendations.

There were also two court-ordered mediations, resulting in further expenses.

When the record is consulted, it should come as no surprise that the defendants have been forced to expend considerable time and effort. AAP notes that fees "likely exceed $200,000." [ECF 155] at *3. It is not wrong. The defendants alone have spent in excess of 750 hours to rightfully oppose AAP's claims with valid defenses and counterclaims. AAP should not benefit—to the severe detriment of defendants—for its failure to properly investigate its claims before bringing suit, its unreasonable settlement demands, its aggressive sanctions motions, its willful disregard of its discovery obligations, and its knowing false declarations to avoid an adverse judgment.

**C. AAP alleged a CMI removal claim in bad faith and continued to assert the defendants violated AAP's rights and still prays for fees on that claim**

AAP's CMI removal claim was pursued in bad faith and was objectively baseless. AAP had in its possession all the factual information showing it was a frivolous claim before it filed its complaint. There was *never* a public display of the registered work containing the CMI anywhere at any time by anyone. AAP also sought damages on that claim to which it was not entitled (seeking

$150,000 in statutory damages, six times the maximum allowed under 17 U.S.C. § 1203(c)(3)(B)). [ECF 1] at *10, ¶ j. And even after dropping the claim, AAP *continued* to allege the defendants removed CMI, and *continued* to seek attorney fees for the CMI claim. [ECF 100-1] at 91:11–91:15; see also Am. Compl., [ECF 40] at ¶55 and *12 at ¶b. AAP has not offered, as a condition of dismissal, to pay the defendants' fees for *that* claim despite its withdrawal, and clearly such expenses are not useful in any future litigation given its frivolousness.

### D.  AAP's bad faith discovery responses

AAP was less than forthcoming in its discovery responses, thwarting the defendants' efforts to learn the truth. It never provided any initial disclosure in this case pursuant to Rule 26(a). AAP also *knowingly* failed to disclose to the defendants how the registered work was created, though it knew that information, that it was a unique and distinct work from the raw photographs, and was prepared by some unknown person. In its motion, it still attempts to distance itself from those facts and shade the truth. It also failed to timely disclose the native photographs themselves, suddenly "finding" them 12 days after being questioned about the differences in its images, yet it never sought to amend the scheduling order, contrary to Rule 16(b)(4), while also relying on that evidence in pursuit of a partial judgment and to oppose the defendants' summary judgment. Most egregiously, AAP repeatedly (three times) submitted knowingly false declarations to this Court, leading to considerable more discovery and motion practice.

### III.   RULE 41(a)(2) STANDARDS

A voluntary dismissal under Rule 41(a)(2) is not a right of a plaintiff. Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1502 (11th Cir. 1991). Instead, it is a discretionary decision in which the defendants' interests are paramount throughout the analysis. Id. at 1503. A plaintiff is not accorded any presumptions nor is a dismissal necessarily viewed with favor. Cf. id.; Emergency

Recovery, Inc. v. Hufnagle, No. 20-11743, 2021 WL 2748130, at *4 (11th Cir. 2021) ("the abuse of discretion standard contemplates that a district judge has a 'zone of choice within which' she 'may go either way in granting or denying the motion'").

Within that zone of choice is the court's exercise of equitable power across a number of non-exclusive factors, including (1) the defendants' effort and expense; (2) the plaintiff's lack of diligence; (3) dispositive motion practice; and (4) whether the plaintiff's stated reasons are adequately explained. Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721 (M.D. Fla. 2000); Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n.5, 1259-60 (11th Cir. 2001) (describing the factors as a guide, rather than a mandatory checklist). In this case particularly, additional factors should be considered, including (5) the Copyright Act's purposes, and the statutorily-authorized incentives to defend against infringement claims; and (6) the broader public interest in a decision on the merits of a type of case infrequently litigated to conclusion.

A court may, in its discretion, also receive evidence in an effort to evaluate these factors, including questioning a plaintiff on their stated motivations for dismissal. Cf. Yoffe v. Keller Industries, Inc., 582 F.2d 982, 984 n.2 (5th Cir. 1978) (noting trial court's "evidentiary hearing for the purpose of considering" the conditions to be imposed).

Finally, upon granting a voluntary dismissal, any subsequent request by a plaintiff to withdraw it is considered "extraordinary relief." Id. at 984. Thus, a court also has discretion to deny such requests. Cf. id. And a plaintiff, as a general rule, "cannot appeal an order granting his motion for voluntary dismissal" unless the order "is onerous or prejudicial." McGregor v. Board of Com'rs of Palm Beach Cnty., 956 F.2d 1017, 1021 (11th Cir. 1992). A voluntary dismissal order is not prejudicial when it requires a plaintiff to pay a defendants' attorney's fees, costs, and expenses. Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1303 (11th Cir. 2004)

(affirming condition that plaintiff pay $700,000 to the defendant as a condition of dismissal).

IV.   **ARGUMENT**

This case could have and should have settled early for its fair value amount, as offered by the defendants. AAP chose to reject their offer, and set about aggressively pursuing its claims.

Almost certainly if multiple Damoclean defensive issues did not exist in soon-to-be-renewed summary judgment, AAP would continue to press its action. But when the defendants successfully pulled back the curtain to reveal myriad defenses, AAP cries victimhood. The only victims in this case have been the defendants, but the Supreme Court has made clear that defendants need not suffer, and also wield the sword of § 505 to oppose infringement claims. Kirtsaeng, 579 U.S. at 202.

Contrary to AAP's argument, most of the defendants' arguments are not novel—but rather the straightforward application of the Copyright Act to the facts of this case, supported by reported circuit court decisional authorities. Where appropriate, the defendants have sought to clarify the law or otherwise advocate, as the Copyright Act incentivizes them to do. For its part, AAP advanced its own "novel" argument based on Pickersgill in pursuit of statutory remedies—remedies which are the sole reason AAP continued to litigate this case long after September 9, 2021.

It would not be an abuse of discretion to deny AAP's motion based on multiple factors, and instead grant summary judgment to the defendants. If dismissed, any such dismissal will necessarily be with prejudice due to the running of the statute of limitations and AAP's lack of a copyright. Finally, if the court is inclined to grant a dismissal without prejudice, then it should condition dismissal upon payment of the defendants' expenses.

AAP's request for a stay should also be denied.

**A. The Court should deny AAP's motion because multiple factors favor denial and instead the Court should grant judgment for the defendants**

Denying a plaintiff's motion for voluntary dismissal and granting a defendants' motion for summary judgment instead is not an abuse of discretion where the case has been pending for a long time and the plaintiff's explanation for dismissal is insufficient. Mosley v. JLG Industries, Inc., 189 F.App'x 874 (11th Cir. 2006); McBride v. Piedmont Engineers of the Carolinas, P.C., 189 F.App'x 876 (11th Cir. 2006); Stephens v. Ga. Dep't of Transp., 134 F.App'x 320, 323 (11th Cir. 2005); see also In re Ford Motor Co., 471 F.3d 1233, 1259 (11th Cir. 2006) (affirming denial of dismissal where the record alone showed no abuse of discretion); Wilkins v. Blackman, no. 20-cv-114203 (S.D. Fla. Sept. 1, 2022) (Rosenberg, J.) (denying Rule 41(a)(2) motion and granting defendants' summary judgment because, *inter alia* "plaintiff failed to respond to Defendant's discovery requests adequately"). A plaintiff's "lack of diligence in investigating their claim" and seeking dismissal "only *after* summary judgment on [ripeness] was fully briefed" can also support denying a late-requested dismissal. Mitchell v. Monroe Cnty., no. 13-cv-10095 (S.D. Fla. Apr. 14, 2014) (emphasis in original). When the various relevant factors are weighed, it becomes clear that they all favor denial of AAP's motion. It should not obtain a voluntary dismissal at all.

*1. Factor 1: The defendants have incurred significant expense and effort*

The defendants have been put to considerable trouble and expense in this case over the course of fifteen months, as a review of the record reveals. More than two dozen motions and extensive discovery, and two mediations has led to more than 750 hours of defendant's attorney time opposing an actual damages only infringement case. None of these expenses would be useful in any future litigation because AAP cannot bring this suit again. While the fact of a defendants' expense is germane to whether *conditions* should be imposed, it is a factor weighed in discretion whether to grant the dismissal *at all*, and instead ensure that the case advances to a merits-based

8

conclusion. The more time elapses, the more likely the harm to a defendant. <u>Schwarz v. Folloder</u>, 767 F.2d 125, 129 (5th Cir. 1985); <u>Mosley</u>, 189 F.App'x 874.

Critically, AAP admits that the effort that the defendants were put to in this case could never be useful in a future lawsuit (even assuming one could be filed, which it cannot): AAP states that it could "avoid the mountain of motion practice that Defendants have brought." [ECF 155] at *12. Theoretically, AAP is correct: a considerable number of the defensive issues that AAP forced them to develop in this case would not arise in a suit based on a registration to the MLS Image. But that is beside the point insofar as the Court's discretion to deny AAP's request is concerned. This factor favors denial at this late hour and after considerable effort and expense.

2. *Factor 2: AAP was not diligent or reasonable in its discovery responses, causing more effort and expense to defendants*

During discovery, AAP was entirely unreasonable in its responses, including failing to be fully forthcoming in its interrogatories and document production, improperly objecting to relevant discovery, and inadequately preparing its corporate representative to testify and failing to testify fully. It also filed multiple false declarations which improperly avoided an imminent adverse judgment, and which spawned three more depositions and further motions. Nor was AAP diligent in investigating its claim pre-suit, or in bringing its motion for voluntary dismissal. It elected not to seek dismissal and embarked on further reckless and unwarranted litigation. And it stipulated this was an actual damages only case by June 13, 2022. All of this effort without a decision on the merits is precisely the kind of prejudice that results from abusive and bad faith litigation tactics, of which the current motion is the latest in a long line of misconduct. This factor favors denial of AAP's motion.

3. *Factor 3: The defendants filed three dispositive motions*

Still another factor favoring denial is that the defendants filed multiple dispositive motions: two summary judgments plus a motion to dismiss for lack of subject matter jurisdiction and a motion for partial judgment on the pleadings. Importantly, a dispositive motion need not be pending, rather only that the defendants went to the effort of preparing and filing it. Cf. Pontenberg, 252 F.3d 1253. Or at least there is an imminent prospect of the motion being renewed and granted, as here. While Potenberg suggests the mere filing of a summary judgment motion *alone* may not be enough to deny a voluntary dismissal, here, this and all the other factors favor denying AAP's request for voluntary dismissal.

4.  *Factor 4: AAP's stated reasons for dismissal are inadequate and disingenuous; an evidentiary hearing should be set to obtain sworn evidence*

AAP's stated motivations for a dismissal without prejudice are dubious. The defendants' efforts in this case were a direct consequence of choices that AAP made, including asserting frivolous claims, failing to disclose relevant information in discovery, improperly objecting to the defendants' discovery requests, and submitting multiple false affidavits to the Court. AAP's motivations almost certainly transcend this case, and it well-knows that an adverse judgment on its ownership of the work at issue here would jeopardize its ability to maintain many other of its extortionate claims, and perhaps risk challenges to its settlements and judgments. See Pl. Opp'n [ECF 140] at *9 (noting that its lack of ownership would affect "thousands of photographs sent for editing by Plaintiff over the years").

It also appears AAP is seeking a voluntary dismissal simply as a more favorable procedural vehicle to avoid liability for the defendants' attorney fees and costs. Any outcome in this case other than a money judgment for AAP may (indeed should) result in its exposure for all of the defendants' attorney fees pursuant to Kirtsaeng and § 505.

To the extent the Court has any reservations about AAP's true motivations for seeking a

dismissal, it may set an evidentiary hearing and question AAP's principal, Robert Stevens, directly about his reasons for presently seeking a voluntary dismissal after multiple rounds of dispositive motions. Yoffe, 582 F.2d at 984 n.2. Such questioning directly by the Court is a proper exercise of its equitable powers, and it may also question the defendants about the prejudice that they argue supports denying the motion or the conditions which should attach to a dismissal, and ultimately decide whether a dismissal should be entered with or without prejudice.

Regardless of any hearing, the record shows the reasons AAP claims warrant its request are inadequate, and this factor heavily weighs in favor of denying its request.

5. *Factor 5: Dismissal would contravene the Copyright Act's goals of incentivizing meritorious defenses*

Copyright defendants are not mere cannon fodder for rights holders. Instead, they play an "important role" of ensuring that the copyright monopoly is not overextended to the detriment of the public good. Fogerty v. Fantasy, Inc., 510 U.S. 517, 532 n.18 (1994). The Supreme Court has made clear that the purpose of the Copyright Act helps guide certain discretionary events in an infringement dispute, such as the award of fees. Kirtsaeng, 579 U.S. 197. Discretionary dismissal under Rule 41 in a copyright case should likewise be imbued with considerations deriving from the purposes of the Copyright Act.

A chief goal of the Act is to ensure that "the boundaries of copyright law be demarcated as clearly as possible." Fogerty, 510 U.S. at 527. *More* works being made available with *fewer* restrictions to the public while also fairly compensating authors is precisely what the Act intends to foster. Cf. id. Consequently, defendants are encouraged to do exactly as the they did here: advance not just one, but "a variety of meritorious copyright defenses." Id. The defendants' summary judgment briefing advances such defenses and thereby fulfills the objectives of the Act by enhancing the public availability of utilitarian and pedestrian photographs by opposing

11

overzealous copyright monopolists. Notwithstanding their defenses, Abdelsayed and Trends Realty early on offered AAP "a fair return for [its] creative labor" and *only* that, yet AAP repeatedly eschewed any notion of market realities, advancing its longstanding baseless $1,500 "per year" license. A voluntary dismissal for AAP would thwart rather than promote the objectives of the law.

This case exemplifies the narrow scope of protection and often low value of utilitarian photographs used online. But rarely does the scope of protection or *actual* (non-statutory) value ever reach a final judgment, and a decision clarifying such rights should not be snatched from the public only to *benefit* an abusive copyright enforcer—especially when such abusers often have *unilateral* control over padding the public record with grossly unjust default judgments to bootstrap their further extortionary claims while avoiding nominal ones. An ultimate decision in this case is much-needed not just for the defendants, but for the public and the goals of the law. AAP's motion should be denied.

### 6. *Factor 6: Public policy of disposing of cases on their merits*

Although typically espoused in the context of motions to set aside default judgments, there is a "strong public policy favoring disposition of cases on their merits." Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499, 1510 (11th Cir. 1984). For the same reason that default judgments are viewed with disfavor, so too should voluntary dismissals sought on fully-litigated about-to-be decided cases. While there is a strong desire for finality (i.e. a quick end to a case by voluntary dismissal), "the equities of the particular case [must yield] in order that the judgment might reflect the true merits of the cause." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981). While not every request for a late-stage voluntary dismissal favors a denial in favor of a judgment on the merits, peculiar cases may warrant it. This is such a case.

Not only have the defendants sought an adjudication of their defenses for themselves, they have continuously been motivated by altruistic notions of preventing infringement zealots like AAP from visiting their abusive conduct on other individuals and small businesses. No doubt many families and small businesses daily endure the increasing number of these kinds of cases from an increasing number of plaintiffs. Public policy favors disposing of this case on the merits.

This case is also different because AAP has no true interest in bringing its suit again. Its assertions are simply statements it knows it must say to secure a dismissal, but they are not genuine. AAP does not commit itself to refiling suit or even demonstrate it has taken concrete steps to do so, [ECF 155] at *12 ("if [AAP] chooses to re-file"), and there is good reason to believe it never will, given (1) it would remain an actual damages only case; and (2) AAP would recover even less damages in a second suit. If it refiled on December 1, 2022, the 3-year lookback for its damages would exclude nearly half of any damages it stood to recover in this case (assuming there are any). Most tellingly, the very reason AAP asks for dismissal ("not worth the continued effort") proves it would never bring suit again.

This case is also not like others in which a plaintiff found itself behind the eight ball as a result of its attorney's missteps, and it was clear that the plaintiff sought a do-over. Pontenberg, 252 F.3d 1253. Nor is this case like those in which the plaintiff sought to immediately refile in a different venue. Arias v. Cameron, 776 F.3d 1262 (11th Cir. 2015). For AAP to escape from this case without an adjudication on the defendants' investment in that effort is prejudicial to both the defendants and the public.

If dismissal is granted, there is no future litigation between the parties where any of the defendants' effort and expense would be useful. After weighing all the factors, this Court would not abuse its discretion in denying AAP's motion and instead proceeding to consider and decide

the defendants' motion for summary judgment.

**B. Dismissal of AAP's infringement claims must be with prejudice due to the running of the statute of limitations and AAP's lack of copyright**

A dismissal without prejudice is inappropriate because any dismissal of AAP's claims will permanently end them, based on the statute of limitations and its lack of a copyright in the registered work. Even if it did have a copyright in the registered work, AAP has admitted that it would not bring suit again on *that* registration. [ECF 155] at *12 (AAP "can instead obtain a registration for the infringed image itself and re-file the lawsuit"). And that would not be the same suit because there is no infringement of the work AAP claims was infringed; it would be an entirely different case—to say nothing of the CMI removal claim. No part of the defendants' litigation expenses will ever be useful in a subsequent suit by AAP on the MLS Image.

*1. The Statute of Limitations Has Run*

As was previously briefed, the 3-year statute of limitations has run out for AAP. [ECF 110] and [ECF 147]. The Copyright Act's statute of limitations does not allow for a discovery rule. 17 U.S.C. § 507(b). Instead, the statute begins to run upon accrual of the claim, and accrual occurs upon a human act of infringement. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014); Kernel Records Oy v. Mosley, No. 09-cv-21597, 2013 U.S. Dist. LEXIS 99094, *14-19 (S.D. Fla. July 16, 2013) (Torres, J.). Here, the statute began to run at least in March 2018, and not later than June 14, 2018, when no further substantive changes were made to Trends Realty's website. AAP also has admitted it knows when that occurred. Even assuming a claim for infringement accrues upon discovery, AAP could not file a new suit on a different copyright registration until the certificate issued. 17 U.S.C. § 411. A search of the U.S. Copyright Catalog does not show any registration pertaining to the 2016 MLS Image, which further shows that AAP has no true intent

14

to refile this case.

Most importantly, AAP admits knowledge of the alleged infringement having occurred in early 2018, noting that it now has a "realization" of such facts. Pl. Mot. to Dismiss [ECF 155] at *10. That admission is fatal to it bringing any future suit—both on the actual accrual of the claims in early 2018, as well as on AAP's admitted knowledge that its claim accrued at that time.

2. *AAP Has No Copyright in the Registered Image*

Separate from the running of the statute, AAP also cannot refile the same legal theory it has advanced here. It brought suit on a registration for a work materially different from the MLS Image. AAP admits that any subsequent suit would, on a fundamental level, not be the same suit as the present case because it would have to bring suit on an entirely *new* registration "for the [MLS] image itself." [ECF 155] at *12. That alone demonstrates that this case has come to an end conclusively on the merits of AAP's theory. Even now, after extensive briefing, it continues to misunderstand authorship and ownership.[3] Thus, it can never bring *this* case again and any dismissal must be with prejudice.

**C. If the Court grants the motion, it should condition dismissal upon payment of the defendants' attorney fees, costs, and expenses**

If the Court is inclined to grant AAP a dismissal without prejudice, it should impose conditions which ensure that the defendants are fully reimbursed for all their fees, costs, and expenses. The conditions proposed by AAP (offering the remaining costs only) are only for *its* benefit and will not alleviate prejudice to the defendants.

Payment of the defendant's expenses, as well as its attorney's fees and court costs is the

---

[3] AAP misconstrues the defendants' argument as it "somehow los[ing] any ownership rights in the subject photograph." [ECF 155] at 11. It never had ownership of that graphics work in the first place.

"quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985). Notably, a defendant is not required to prove (and thus a plaintiff ordered only to pay) what the defendant actually paid to its attorney for the representation. No attorney (including Mr. DeSouza) representing clients on contingency fee basis waives their *client's right* to claim a reasonable fee merely because the client did not first pay the lawyer for the representation prior to the beneficial result obtained. Nor can a local program to ensure litigants are represented in court overshadow congressional policy and statutory law. The Copyright Act makes clear that it incentivizes litigation on both sides of copyright disputes. Kirtsaeng, 568 U.S. 519.

Rule 41(a)(2) also contemplates more than just court costs and attorney's fees, it also includes a defendant's "expenses." Yoffe, 582 F.2d at 984 (enumerating expenses as separate from costs and fees); LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976) (a "judge is not limited to conditions of payment of costs, expenses and fees"); McCants v. Ford Motor Co., Inc., 781 F.2d 855, 860 (11th Cir. 1986) ("Costs may include all litigation-related expenses incurred by the defendant"). Thus, AAP should pay all of the defendants' costs, fees, and expenses as a condition of any voluntary dismissal without prejudice.

**D. The Court lacks subject-matter jurisdiction to decide AAP's Rule 41(a)(2) motion for voluntary dismissal**

Finally, and solely to avoid any possible argument that the defendants have waived or otherwise abandoned their argument regarding subject matter jurisdiction by responding to AAP's motion for voluntary dismissal, they maintain that the Court is without subject matter jurisdiction to even consider AAP's request for voluntary dismissal under Rule 41(a)(2) because AAP does not own a copyright in the registered work. Defendants incorporate by reference and renew their

arguments contained in their prior motion to dismiss [ECF 138], reply in support [ECF 148], and motion for reconsideration [ECF 156].

## V.   <u>CONCLUSION</u>

AAP gambled on its claims and tested the defendants' mettle. It misjudged. AAP's argument that its actual damages don't justify its "continued effort to obtain a judgment" is implausible and not supported by the record. It knew at least by September 9, 2021, that it could never obtain statutory remedies and agreed that was the fact by June 13, 2022. Its pursuit of this case was a losing endeavor irrespective of how much or little it was litigated. All factors support the Court's discretion to deny AAP's motion, and instead grant judgment to the defendants. Even if dismissed, such dismissal will have preclusive effect due to the running of the statute of limitations and AAP's lack of any copyright in the registered work. At a minimum, dismissal must be conditioned on AAP's payment of the defendants' full expenses.

**WHEREFORE**, defendants John Abdelsayed and Trends Realty USA Corp. request that plaintiff Affordable Aerial Photography Inc.'s motion to dismiss be denied and its request for a stay be denied; that the defendants' motion to dismiss [ECF 138] and renewed motion for summary judgment [ECF 147] be granted (which they hereby request reconsideration of); that if the Court grants plaintiff a dismissal, it be with prejudice; that if the Court grants plaintiff a voluntary dismissal without prejudice, it be conditioned upon payment of the defendants' expenses, costs, and attorney fees in an amount to be determined; and for such further relief as the Court deems just and proper.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), defendants respectfully request oral argument at a hearing

on the matters raised in this motion given the questionable motivations for AAP's dismissal. Defendants believe a hearing will help the Court understand and address these issues. Defendants estimate the time required for oral argument to be thirty minutes.

<div style="margin-left: 50%;">

\_\_/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants &
Counterclaimants

</div>