UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
    Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
    Defendants and Counter-Plaintiffs.

## DEFENDANTS' SUR REPLY TO PLAINTIFF AAP'S REPLY [ECF 159] IN SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL

Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney, Griffin Klema, Esq., and pursuant to the Court's order granting leave to file this Sur Reply, [ECF 161], briefly respond to plaintiff Affordable Aerial Photography Inc.'s reply [ECF 159] in support of its motion for voluntary dismissal [ECF 155]. Defendants make the following five points:

    1.    AAP misconstrues <u>Tomelleri</u>, which was set for an evidentiary hearing for "determining whether Plaintiff knew or should have known of an alleged infringement as of a certain date..." notwithstanding the plaintiff's *representation* that "the claim accrued in February 2020." Thus, <u>Tomelleri</u> left open an ultimate decision on exactly when the claim accrued, but was not reached due to settlement. Regardless, this Court is precedent-bound to follow <u>Prather</u>, irrespective of whether other judges improperly ignore that precedent, which explicitly held that "plaintiff's lack of knowledge of the infringement" did not "excuse" its untimely claims.

    2.    AAP misstates the record. It did *not* respond to the defendants' renewed motion for summary judgment which raised two new arguments: (1) Mr. Stevens' case-ending admission that

AAP has no damages, and (2) the defendants' license to the MLS Image. AAP appears to want to avoid addressing the motion altogether and the damaging admissions Mr. Stevens made because it has no evidence to create a fact question of its lack of damages. When a defendant has nearly or "already won its case" but the plaintiff seeks a voluntary dismissal, one form of prejudice "is the loss by [a] defendant of success in the first case" such that merely attaching conditions such as payment of fees and costs "cannot make [the defendant] whole from the injury of being sued again, perhaps this time to lose." Kern v. TXO Production Corp., 738 F. 2d 968 (8th Cir. 1984). The Eleventh Circuit frequently cites to Kern in its Rule 41(a)(2) opinions. Plain legal prejudice can also be found where a voluntary "dismissal results in stripping a defendant of an absolute defense." Rosenthal v. Bridgestone/Firestone, Inc., 217 F. App'x 498, 500 (6th Cir. 2007); see also Phillips v. Illinois Cent. Gulf RR, 874 F. 2d 984 (5th Cir. 1989). Stevens' admission that AAP has no damages is a direct concession that it cannot win.

      3.     Contrary to AAP's assertion, the defendants did not concede that they have not paid any out of pocket expenses, but instead spoke generally that they did, in fact, have them (both actual and contingent), to be quantified if the Court grants a voluntary dismissal without prejudice on the condition of AAP paying the defendants' expenses. The defendants would proffer this information in a further declaration of John Abdelsayed, if necessary (including $1,000 in attorney fees paid to a prior lawyer, $1,000 in mediation expenses, and $30 for service of a subpoena). Even more fundamentally, if AAP's logic were applied to AAP's own fee demands would mean its own counsel (or any plaintiff attorney) would *never* be entitled to a fee award apart from a percentage of AAP's damage award, and could never apply for a separate fee award post-judgment. A contingency need not be recovery of money for a client, but can be successful defense judgment; a contingency is merely an event that triggers another. Critically, fee-shifting under the Copyright

Act is about **compensation for the value of the services rendered**, not in strict after-the-fact accounting-based reimbursement dependent upon earlier actual exchange of money between attorney and client. Allegrini v. De Angelis, 68 F.Supp. 684, 685 (E.D. Penn. 1946) ("compensation may be awarded for services rendered" and the trial court fixes the amount of the award to reflect "the value of the entire service").

4. Fees are properly awardable even to counsel who undertake representation, even if the connection between attorney and client occurred through the volunteer program. Cf. Bellamy v. Comm'r of Soc. Sec., no. 19-cv-81572 (S.D. Fla. Sept. 20, 2021) (awarding fees but on unopposed motion). Both the defendants themselves and defense counsel expressly noted their claim to fees at the outset. See [ECF 18]. And the right to fees under the Copyright Act is a substantive right of the *party*. Allegrini v. De Angelis, 68 F. Supp. 684, 684-85 (E.D. Penn. 1946) ("the right to the fee does not belong to the attorney but to the client"). AAP's arguments that defense counsel has driven this case are not well taken, and a declaration from both Mr. Abdelsayed and the undersigned would show.

5. Finally, AAP's *ad hominem* attacks are not well taken either. It mentions the undersigned personally no less than fifteen times, and casts a number of unprofessional aspersions:

   a. "soliciting business";
   b. "surreptitious" fee agreement with the defendants;
   c. "career-boosting he is plotting";
   d. "flood the Court with ... unorthodox motions";
   e. "prognosticating/assuming";
   f. "vitriol spewing";
   g. "Unless Mr. Klema has suddenly been bestowed with a crystal ball";
   h. "showcase his ability to argue for expansions/new interpretations ... to build his own copyright defense practice"; and
   i. "dynamic duo."

AAP's reply is emblematic of the personal animus it has for the undersigned counsel and reinforces why the Court should either deny AAP's motion and reach a merits-based resolution, dismiss only

with prejudice, or condition dismissal upon payment of full fees, costs, and expenses.

   /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants &
Counterclaimants