**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
      Plaintiff,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
      Defendants.

---

<u>**DEFENDANTS JOHN ABDELSAYED AND TRENDS REALTY USA CORP'S
MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES**</u>

      Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney, Griffin Klema, Esq., and files this, their motion for an order of entitlement to their reasonable attorney's fees pursuant to the Court's order bifurcating entitlement from amount, [ECF 174] and (1) Fed. R. Civ. P. 54, Local Rule 7.3, 17 U.S.C. §§ 505 and 1203(b)(5), as the prevailing party; and (2) Fed. R. Civ. P. 68, for plaintiff's failure to accept the defendants' reasonable offer of judgment.

## TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF CITATIONS ...................................................................................................... iv

INTRODUCTION................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I.   The defendants must be awarded their post-Rule 68 offer costs, including
     attorney fees .................................................................................................................. 1

     A.   Standard for Rule 68 offers of judgment under the Copyright Act ...................... 1

     B.   Defendants made a Rule 68 offer to AAP which AAP did not accept, and
          that offer was more favorable than the judgment AAP obtained........................... 2

     C.   The defendants' offer is enforceable because the dismissal orders are a
          "judgment" under Rule 54, entered by the court, and that which AAP
          requested and obtained.......................................................................................... 4

          1.   The order granting AAP's motion to dismiss and the Court's final
               order of dismissal are collectively and separately a "judgment" .............. 4

          2.   The order granting AAP a dismissal and the final order of
               dismissal were judgments which AAP "obtained" ................................... 5

II.  Defendants should be awarded all their reasonable attorney's fees under
     the Copyright Act, 17 U.S.C. §§ 505 and 1203(b)(5)................................................. 6

     A.   The Copyright Act provides for attorney's fees to a prevailing defendant............ 6

     B.   The defendants are the prevailing parties on AAP's infringement claims as
          a matter of law and based on common sense ......................................................... 7

          1.   The statute of limitations has run and therefore the dismissal is
               with prejudice......................................................................................... 7

          2.   AAP did not own the copyright it sought to enforce, thus AAP's
               infringement claims failed on the merits................................................ 10

          3.   The defendants' efforts prevented a material alteration between the
               parties and rebuffed all of AAP's claims .............................................. 12

     C.   The Copyright Act's purposes are served by awarding the defendants their
          full costs, including attorney's fees ..................................................................... 15

CONCLUSION ................................................................................................................... 17

**LOCAL RULE 7.3 CROSS-REFERENCE LIST**.....................................................................**18**

**VERIFICATION**.................................................................................................................**19**

**CERTIFICATE OF CONFERRAL**....................................................................................**19**

**CERTIFICATION OF SERVICE**.......................................................................................**20**

## TABLE OF CITATIONS

Page

### Cases

Affordable Aerial Photography, Inc. v. FSA PBG, LLC,
    no. 23-cv-80042 (S.D. Fla. Jan. 11, 2023) ............................................................... 16

Affordable Aerial Photography, Inc. v. Win Capital, LLC,
    no. 21-cv-22671 (S.D. Fla. Aug. 5, 2022) ................................................................ 15

Am. Cyanamid Co. v. McGhee,
    317 F.2d 295 (5th Cir. 1963) ................................................................................. 5

Am. Disability Ass'n, Inc. v. Chmielarz,
    289 F.3d 1315 (11th Cir. 2002) ............................................................................ 14

Arencibia v. Miami Shoes, Inc.,
    113 F.3d 1212 (11th Cir. 1997) .............................................................................. 3

Arista Records, Inc. v. Beker Enters., Inc.,
    298 F. Supp. 2d 1310 (S.D. Fla. 2003) ................................................................ 15

Beach Blitz Co. v. City of Elizabeth,
    13 F.4th 1289 (11th Cir. 2021) ........................................................................ 12, 14

Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health and Human Res.,
    532 U.S. 598 (2001) ............................................................................................. 14

Burden v. Yates,
    644 F.2d 503 (5th Cir. 1981) ................................................................................. 7

Cabonell v. INS,
    429 F.3d 894 (9th Cir. 2005) ............................................................................... 14

CoStar Group, Inc. v. LoopNet, Inc.,
    373 F.3d 544 (4th Cir. 2004) ................................................................................. 9

CRST Van Expedited, Inc. v. EEOC,
    578 U.S. 419 (2016) ........................................................................................ 12, 13

Danow v. Law Office of David E. Borback, PA,
    634 F.Supp.2d 1337 (S.D. Fla. 2009) .................................................................... 2

Dream Custom Homes, Inc. v. Modern Day Constr., Inc.,
    no. 08-cv-1189, 2011 WL 7764999 (M.D. Fla. July 12, 2011) ............................... 7

Everly v. Everly,
    958 F.3d 442 (6th Cir. 2020) ................................................................................. 8

Fisher v. P.R. Marine Mgmt., Inc.,
    940 F.2d 1502 (11th Cir. 1991) ............................................................................. 6

Fogerty v. Fantasy, Inc.,
   510 U.S. 517 (1994) ................................................................................. 12, 15

Foudy v. Indian River Cnty. Sheriff's Office,
   823 F.3d 590 (11th Cir. 2016) ........................................................................ 9

Gabelli v. SEC,
   568 U.S. 442 (2013) .................................................................................. 8, 9

Home Design Servs., Inc. v. Turner Heritage Homes, Inc.,
   No. 08-cv-355 (N.D. Fla. July 26, 2017) ......................................................... 6

HyperQuest, Inc. v. N'Site Solutions, Inc.,
   632 F.3d 377 (7th Cir. 2011) ........................................................................ 10

InvesSys, Inc. v. McGraw-Hill Cos.,
   369 F.3d 16 (1st Cir. 2004) ..................................................................... 13, 15

Jordan v. Time Inc.,
   111 F.3d 102 (11th Cir. 1997) ..................................................................... 2, 6

Keith Mfg. Co. v. Butterfield,
   955 F.3d 936 (Fed. Cir. 2020) ..................................................................... 4, 5

Kernel Records Oy v. Mosley,
   No. 9-cv-21597, 2013 U.S. Dist. LEXIS 99094 (S.D. Fla. July 16, 2013) ............... 7

Kirtsaeng v. John Wiley & Sons, Inc.,
   136 S.Ct. 1979 (2016) .......................................................................... 12, 15, 17

Klehr v. A.O. Smith Corp.,
   521 U.S. 179 (1997) ...................................................................................... 9

Kokkonen v. Guardian Life Ins. Co. of Am.,
   511 U.S. 375 (1994) .................................................................................... 10

LeCompte v. Mr. Chip, Inc.,
   528 F.2d 601 (5th Cir. 1976) ........................................................................ 5

MiTek Holdings, Inc. v. Arce Eng'g Co.,
   198 F.3d 840 (11th Cir. 1999) ...................................................................... 7

Mostly Memories, Inc. v. For Your Ease Only, Inc.,
   526 F.3d 1093 (7th Cir. 2008) ..................................................................... 13

Nealy v. Warner Chappell Music, Inc.,
   no. 22-13232 slip op. (Feb. 27, 2023) ............................................................ 9

Patel v. Garland, 142 S.Ct. 1614 (2022) ...................................................................... 4

Patel v. U.S. Attorney Gen.,
   971 F.3d 1258 (11th Cir. 2020) .................................................................... 4

Petrella v. Metro-Goldwyn-Mayer, Inc.,
   572 U.S. 663 (2014) ................................................................................... 8

Prather v. Neva Paperbacks,
  446 F.2d 338 (5th Cir. 1971)................................................................................. 8, 9

Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC,
  88 F.Supp.3d 1356 (S.D. Fla. 2015)......................................................................... 10

Rotkiske v. Klemm,
  140 S.Ct. 355 (2019) ............................................................................................ 8, 9

SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,
  137 S.Ct. 954 (2017) ................................................................................................ 8

Small Justice LLC v. Xcentric Ventures LLC,
  873 F.3d 313 (1st Cir. 2017) ................................................................................... 10

TRW Inc. v. Andrews,
  534 U.S. 19 (2001) .................................................................................................... 9

Tunison v. Continental Airlines Corp.,
  162 F.3d 1187 (D.C. Cir. 1998) ............................................................................. 3, 5

U.S. Sugar Corp. v. Commerce and Industry Ins. Co.,
  no. 22-cv-21737 (S.D. Fla. Dec. 2, 2022) ............................................................... 4

UMG Recordings, Inc. v. Shelter Capital Partners,
  718 F.3d 1006 (9th Cir. 2013) .................................................................................. 7

Univ. of S. Ala. v. Am. Tobacco Co.,
  168 F. 3d 405 (11th Cir. 1999).............................................................................. 11

Wolf v. Travolta,
  167 F.Supp.3d 1077 (C.D. Cal. 2016)................................................................... 10

## Statutes

17 U.S.C. § 115(b) (1971) ............................................................................................. 8

17 U.S.C. § 1203(b)(5) .................................................................................................. 6

17 U.S.C. § 412 ............................................................................................................. 3

17 U.S.C. § 505 .......................................................................................................... 2, 6

17 U.S.C. § 507(b) ...................................................................................................... 8, 9

28 U.S.C. § 1291 .......................................................................................................... 5

## Other Authorities

WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY, 420 (1969)............................... 14

## Rules

Fed. R. Civ. P. 12(h)(3)................................................................................................... 11

Fed. R. Civ. P. 41(a) ......................................................................................................... 3

Fed. R. Civ. P. 41(a)(1)(A)(i) ........................................................................................... 6

Fed. R. Civ. P. 54 ............................................................................................................. 4

Fed. R. Civ. P. 54(a) ........................................................................................................ 4

Fed. R. Civ. P. 68 ..................................................................................................... 1, 2, 4

Fed. R. Civ. P. 68(b) ........................................................................................................ 3

Fed. R. Civ. P. 68(d) ........................................................................................................ 4

## INTRODUCTION

This copyright infringement case ended after more than a year of considerable litigation on claims which plaintiff Affordable Aerial Photography, Inc. ("AAP") should have never asserted. Before learning of fatal defects in those claims, defendants John Abdelsayed and Trends Realty USA Corp made clear at the outset that this action was an "actual damages only" case by operation of § 412 of the Copyright Act, yet AAP fought strenuously for its claim to attorney's fees and statutory damages. To protect themselves, they made a fair offer of judgment to AAP in December 2021, which AAP rejected, sending the defendants on more than a year's worth of further litigation. Ultimately AAP abandoned its case through a court-sanctioned voluntary dismissal that *it* sought and which the defendants opposed. Thus the defendants' Rule 68 offer became enforceable by the plain language of Rules 54 and 68. Pursuant to <u>Jordan v. Time Inc.</u>, the defendants are entitled to their post-offer attorney fees.

In addition to Rule 68, under the unusual facts of this case, the defendants are also the prevailing parties in this case having rebuffed AAP's claims. AAP's dismissal is also effectively with prejudice because the statute of limitations has run and AAP did not own the copyright to the subject work. The defendants have therefore prevailed as a matter of law notwithstanding the decretal language of the dismissal orders. The defendants should be awarded their reasonable attorney's fees in this matter pursuant to §§ 505 and 1203(b)(5) of the Copyright Act.

## ARGUMENT

I.     <u>THE DEFENDANTS MUST BE AWARDED THEIR POST-RULE 68 OFFER COSTS, INCLUDING ATTORNEY FEES</u>

**A. Standard for Rule 68 offers of judgment under the Copyright Act**

Rule 68 of the federal rules of procedure is designed "to encourage settlements and avoid protracted litigation." Fed. R. Civ. P. 68**Error! Bookmark not defined.**, Advisory Committee

Note to 1946 Amendment. To accomplish that goal, a defendant may make an offer of judgment to a plaintiff and "allow judgment on specified terms." Id. By its plain language, the rule results in a mandatory award of costs whenever a judgment that a plaintiff obtains is less than the offer. Danow v. Law Office of David E. Borback, PA, 634 F.Supp.2d 1337, 1341 (S.D. Fla. 2009) (citing Jordan v. Time Inc., 111 F.3d 102, 105 (11th Cir. 1997)). The rule is non-discretionary, and whenever applicable, the court must award costs to the defendant. Id. The Rule 68 offer becomes effective and enforceable when the offer is more than the "judgment obtained" by the offeree. Id.

In copyright cases in particular, Rule 68 implicates not only taxable costs, but that which is definitionally included within the term "costs" pursuant to the Copyright Act, 17 U.S.C. § 505 (2021). And costs includes attorney's fees. Jordan, 111 F.3d at 105 (reversing denial of fees to defendant and remanding for trial court to calculate the costs and fees). Because Section 505 includes attorney's fees as part of costs awardable in a copyright action, a plaintiff that rejects a Rule 68 offer who then obtains a "judgment" less than the offer becomes liable for a defendant's full costs, including attorney's fees post-offer. See id.

**B. Defendants made a Rule 68 offer to AAP which AAP did not accept, and that offer was more favorable than the judgment AAP obtained**

Here, the defendants made an offer to plaintiff AAP on December 6, 2021. Ex. A. At that time, the operative pleading was AAP's amended complaint. [ECF 40]. The terms of the defendants' offer were to allow AAP to have a judgment entered against John Abdelsayed and Trends Realty USA Corp, jointly and severally, in the amount of $750, plus costs. Ex. A. Because AAP's infringement claims included a prayer for attorney fees, [ECF 40], and since fees are part of costs and costs must be included in a Rule 68 offer, the offer expressly included AAP's

attorney's fees.[1] The offer further included entitlement to AAP's costs, but did not include a sum certain as part of the $750 offered. See Arencibia v. Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997) (a Rule 68 offer cannot exclude costs, but they may be fixed post-acceptance by a court). Instead, the offer allowed the final judgment to include costs "in an amount to be agreed upon by Plaintiff and Defendants or, alternatively, as determined by the court." Ex. A. The December 6, 2021, offer was a fair offer based on AAP's actual damages-only case, whereby the defendants sought to avoid further litigation and ensure AAP received a just sum early in the case. The offer exceeded (1) AAP's own licensing rate for the subject image and its equivalent residential homes images; and (2) the going market rate for equivalent stock photography. See Decl. of Abdelsayed, [ECF 114] at ¶¶ 23-26 and Exs. A-6 to A-9 thereto.

AAP did not serve a written notice accepting the defendants' offer. AAP thus rejected that offer. Fed. R. Civ. P. 68(b). "[W]here a plaintiff's case for damages is weak, encouraging a plaintiff to carefully consider an offer of judgment is particularly important, and application of Rule 68's cost-shifting provisions effectuates that purpose." Tunison v. Continental Airlines Corp., 162 F.3d 1187, 1194 (D.C. Cir. 1998). After more than a year of further litigation, and in the face of numerous dispositive issues, AAP filed a motion for voluntary dismissal pursuant to Rule 41(a)(2). Pl.'s Mot. [ECF 155]. By that time, AAP could not unilaterally dismiss its infringement claims without either the consent of the defendants, or upon court order. Fed. R. Civ. P. 41(a). The defendants would not agree to permit AAP to dismiss its claims without AAP agreeing to pay the defendants their full costs, including a reasonable attorney fee, after having been subjected to significant and unnecessary effort and expense. Defs.' Mem. in Opp'n [ECF 158] and Defs.' Sur

---

[1] However, AAP could not claim fees by operation of 17 U.S.C. § 412, see Stipulation, [ECF 105], so the fees offered were essentially $0.

Reply [ECF 162]. AAP ultimately obtained a court order allowing it to dismiss, [ECF 170], and a final order closing the case [ECF 172] (collectively, the "Orders"). While not a money judgment, the Orders are each separately and collectively judgments as defined by Rule 54, and judgments which AAP obtained. The defendants did not "obtain" the Orders because they expressly opposed them.

    **C. The defendants' offer is enforceable because the dismissal orders are a "judgment" under Rule 54, entered by the court, and that which AAP requested and obtained**

        *1. The order granting AAP's motion to dismiss and the Court's final order of dismissal are collectively and separately a "judgment"*

Rule 68 does not define "judgment." <u>See</u> Fed. R. Civ. P. 68. Instead, it speaks generally in terms of "the judgment that the offeree finally obtains." <u>See</u> Fed. R. Civ. P. 68(d). A plain reading of the rule reveals that for a Rule 68 offer to be enforceable, the plaintiff must obtain a "judgment" and that "judgment" must be something which the plaintiff "obtains."

Rule 68 does not define or limit what a judgment is, and therefore the definition of judgment under Rule 54 applies. Fed. R. Civ. P. 54(a) (defining what a judgment means "as used in these rules"). According to Rule 54's definition, a "judgment" includes "any order from which an appeal lies." <u>Id</u>. Notably, certain orders come within that definition by its plain language, and they are not limited to only those orders which are appealable. <u>Keith Mfg. Co. v. Butterfield</u>, 955 F.3d 936, 940 (Fed. Cir. 2020) (analyzing definition of judgment under Rule 54 and concluding that "some non-appealable orders can still constitute a judgment"); <u>accord</u> <u>Patel v. U.S. Attorney Gen.</u>, 971 F.3d 1258, 1273-75 (11th Cir. 2020) (en banc) (definitionally, a judgment can mean "any decision made by a court"), <u>aff'd sub nom</u> <u>Patel v. Garland</u>, 142 S.Ct. 1614 (2022); <u>see also</u> <u>U.S. Sugar Corp. v. Commerce and Industry Ins. Co.</u>, no. 22-cv-21737 (S.D. Fla. Dec. 2, 2022) (Scola, J.) (disagreeing with this Court's ruling, [ECF 93], regarding partial judgments). Even a

court order entered on a stipulated dismissal with prejudice qualifies as a judgment for purposes of Rule 54. Keith, 955 F.3d at 940. And judgments, as defined by Rule 54, should not be confused with "final decision[s]" as contemplated under 28 U.S.C. § 1291; the former are broader than the latter. Id. Thus, a judgment "includes more than just appealable orders." Id.

Here, the Orders were final and are appealable. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976) (an order granting a Rule 41(a)(2) motion "qualifies as a final judgment for purposes of appeal"). And any order following a contested motion for voluntary dismissal pursuant is a judicial "determination." Am. Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963) (dismissal under Rule 41(a)(2) involves "[a]ll of the concepts and processes of judicial determination"). Consequently, the Court's initial January 4, 2023, order is, by definition, a judgment under Rule 54, and thus a judgment for purposes of Rule 68. So too is the later January 6, 2023, order.

> 2. *The order granting AAP a dismissal and the final order of dismissal were judgments which AAP "obtained"*

The Orders are also judgments which AAP "obtained," and clearly not that which the defendants obtained. Because AAP obtained no damages on the Orders it procured, they are less favorable than that which the defendants offered. They are judgments favorable to plaintiff. See LeCompte, 528 F.2d at 603 (a Rule 41(a)(2) dismissal "does not qualify as an involuntary adverse judgment"). And the defendants need not be adjudicated the prevailing party to trigger the applicability of Rule 68 in their favor. See Tunison, 162 F.3d at 1190, 1192-93 (finding that a $0 judgment in plaintiff's favor did not make her the prevailing party, and finding defendant's Rule 68 offer was enforceable).

First, the Orders provided relief which AAP requested by motion, as required by Rule 41.

Second, AAP could not unilaterally abandon its case because its opportunity to dismiss

without court order or consent of the defendants expired upon the filing defendants' answer. Fed. R. Civ. P. 41(a)(1)(A)(i). The defendants did not agree to AAP's proposed terms of dismissal, and AAP thus required a court order to obtain the relief it sought. Defs.' Opp'n, [ECF 158]. Clearly, the Orders are not something which the *defendants* obtained, since they neither requested them nor did they grant defendants the relief they sought. Id.

Third, the Orders themselves are court-sanctioned decisions which it had the discretion to deny. Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1502 (11th Cir. 1991) ("A voluntary dismissal without prejudice is not a matter of right.").

Because the dismissal Orders are definitionally judgments which AAP obtained that are less favorable than the defendants' Rule 68 offer, the defendants must be awarded their full costs, including a reasonable attorney fee, pursuant to Jordan v. Time. This remains true irrespective of whether they are considered the prevailing parties given the procedural posture of this case.

## II.   DEFENDANTS SHOULD BE AWARDED ALL THEIR REASONABLE ATTORNEY'S FEES UNDER THE COPYRIGHT ACT, 17 U.S.C. §§ 505 AND 1203(B)(5)

### A. The Copyright Act provides for attorney's fees to a prevailing defendant

The Copyright Act provides that a court, in its discretion, "may allow the recovery of full costs by or against any party." 17 U.S.C. § 505. Included as part of costs is a reasonable attorney's fee "as part of the costs." CMI removal claims include the same fee-shifting provision. 17 U.S.C. § 1203(b)(5).

In copyright infringement disputes, "most courts have observed that '[attorney fees] are the rule rather than the exception and should be awarded routinely.'" Home Design Servs., Inc. v. Turner Heritage Homes, Inc., No. 08-cv-355 (N.D. Fla. July 26, 2017) (quoting Dream Custom Homes, Inc. v. Modern Day Constr., Inc., no. 08-cv-1189, 2011 WL 7764999, at *5 (M.D. Fla.

July 12, 2011)). Ultimately, "[t]he touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act ..." MiTek Holdings, Inc. v. Arce Eng'g Co., 198 F.3d 840, 842 (11th Cir. 1999). It does so here.

And in some circumstances, such as here, a defendant can be considered a prevailing party even where a plaintiff "obtains" the judgment for purposes of Rule 68. Cf. UMG Recordings, Inc. v. Shelter Capital Partners, 718 F.3d 1006, 1035-36 (9th Cir. 2013) (observing in dicta that a defendant could be "'the prevailing party on the core issue in the litigation' for § 505 purposes" while also being eligible for costs under Rule 68, and remanding). Stated differently, a plaintiff can invite a Rule 54-defined judgment which implicitly recognizes the defendant is the prevailing party, such as here by a late stage decision to abandon its case, paying the defendant's costs, and conceding a subsequent case would be a materially different legal theory than the one it is abandoning. Doing so under those circumstances makes a plaintiff like AAP simultaneously liable for costs under Rule 68 and liable for fees under a prevailing party statute. Attorney fees pursuant to Rule 68 and § 505 are not mutually exclusive under the facts of this case.

### B. The defendants are the prevailing parties on AAP's infringement claims as a matter of law and based on common sense

#### 1. The statute of limitations has run and therefore the dismissal is with prejudice

First, the defendants are the prevailing parties as a matter of law notwithstanding the decretal language "without prejudice" appearing on the Orders. This is because a dismissal without prejudice after the statute of limitations has run makes such a dismissal effectively *with* prejudice since a plaintiff cannot refile the same action outside the limitations period. Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981); Kernel Records Oy v. Mosley, No. 9-cv-21597, 2013 U.S. Dist. LEXIS 99094 at *14-19 (S.D. Fla. July 16, 2013).

Under the Copyright Act's statute of limitations, "[n]o civil action shall be maintained ...

unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "The 'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'" <u>Gabelli v. SEC</u>, 568 U.S. 442, 448 (2013) (Roberts, C.J.). While the Supreme Court has "not passed on the question" of the so-called discovery rule under the Copyright Act, it nevertheless noted the general rule that "[a] copyright claim ... 'accrue[s]' when an infringing act occurs." <u>Petrella v. Metro-Goldwyn-Mayer, Inc.</u>, 572 U.S. 663, 670 (2014). It later reiterated that a discovery rule "is not a universal feature of statutes of limitations" and that it "is not ordinarily true" that the statute of limitations begins to run "when 'a plaintiff  knows of a cause of action.'" <u>SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC</u>, 137 S.Ct. 954, 962 (2017) (Alito, J.). Consistent with that understanding, the Supreme Court has tended to reverse courts' "[a]textual judicial supplementation" when they add a discovery rule onto a statute of limitations where none is provided. <u>Rotkiske v. Klemm</u>, 140 S.Ct. 355, 360 (2019) (Thomas, J.). These clear pronouncements from the Supreme Court were recognized by Judge Murphy in his concurrence in <u>Everly v. Everly</u>, 958 F.3d 442, 460-62 (6th Cir. 2020) (noting the divergence of circuit court decisions from Supreme Court precedent and the high court's continued "squelch[ing]" of such atextual decisions).

The plain language of § 507(b) includes no discovery or knowledge provision. Consistent with that plain language, the former Fifth Circuit concluded that the prior 1909 Copyright Act's limitations period began to run based on the *occurrence* of the alleged injury, rejecting the plaintiff's knowledge as its trigger by noting there was no case of equitable tolling demonstrated by the plaintiff. <u>Prather v. Neva Paperbacks,</u> 446 F.2d 338, 339 (5th Cir. 1971).[2] Following <u>Prather</u>,

---

[2] The 1909 Act is effectively-identical to the current statute. <u>Compare</u> the 1909 Act ("No civil action shall be maintained under the provisions of this title unless the same is commenced within three years after the claim accrued."), 17 U.S.C. § 115(b) (1971) <u>with</u> the 1976 Act ("No

and consistent with the Supreme Court's admonishment that an "expansive approach to the discovery rule is a 'bad wine of recent vintage,'" TRW Inc. v. Andrews, 534 U.S. 19, 37 (2001) (Scalia, J., concurring in judgment), the Eleventh Circuit has made clear that a "court should not graft a discovery rule onto a statute of limitations." Foudy v. Indian River Cnty. Sheriff's Office, 823 F.3d 590, 593-94 (11th Cir. 2016). The Eleventh Circuit recently discussed the differences between the injury and discovery rules in dicta in Nealy v. Warner Chappell Music, Inc., no. 22-13232 slip op. at 14-16 (Feb. 27, 2023), after making clear that Webster v. Dean Guitars controlled its decision because the gravamen of the case concerned a dispute over copyright ownership, not infringement, id. at 10.

Thus Prather, as read together with Gabelli and Rotkiski, makes clear that a claim for copyright infringement runs from its occurrence (injury) based on the plain language of § 507(b), and not the plaintiff's knowledge. The Eleventh Circuit also reads Petrella as standing for that same conclusion, even though that is the holding of Petrella given its laches-only decisional scope. Nealy, no. 22-13232 slip op. at 14 ("the [Petrella] Court made its statements in the context of a claim that was timely *because of the injury rule*") (emphasis in original).

Here, the statute of limitations ran not later than June 14, 2021, because AAP's infringement claim accrued at least by that date: the last conceivable moment of any volitional act. A copyright infringement claim accrues when "conduct **by a person** [] causes" the infringement. CoStar Group, Inc. v. LoopNet, Inc., 373 F.3d 544, 549-50 (4th Cir. 2004) (emphasis supplied). Subsequent views of a digital work online by users were not *new* harm "over and above the harm that the earlier acts caused." Cf. Klehr v. A.O. Smith Corp., 521 U.S. 179, 190 (1997). A claim for

---

civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."), 17 U.S.C. § 507(b) (2021). The sole textual difference is that "the same" was replaced with "it."

display-type infringement under § 106(5) does not accrue upon the audience's perception. Instead, the display of an image placed on a public website that is left unattended to and effectively unchanged occurs once (when uploaded and made part of the site), and does not reoccur each time a user queries the server, just like a printed storefront display does not become a separate volitional act of infringement anew at the gaze of each passerby. See Wolf v. Travolta, 167 F.Supp.3d 1077, 1099 n.13 (C.D. Cal. 2016).

Thus, the statute of limitations has run and AAP's dismissal is, as a matter of law, with prejudice—effectively making the defendants the prevailing parties.

### 2. *AAP did not own the copyright it sought to enforce, thus AAP's infringement claims failed on the merits*

The dismissal is also effectively with prejudice as a matter of law because AAP had no copyright and thus no standing to bring suit. Where a plaintiff does not own the copyright it seeks to enforce, it also has no standing to bring suit. Cf. Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC, 88 F.Supp.3d 1356 (S.D. Fla. 2015) (dismissing copyright infringement claim with prejudice for lack of ownership of copyright) (citing HyperQuest, Inc. v. N'Site Solutions, Inc., 632 F.3d 377, 381 (7th Cir. 2011) ("someone who does not [have enforceable rights] has failed to state a claim upon which relief may be granted")); see also Small Justice LLC v. Xcentric Ventures LLC, 873 F.3d 313, 327-28 (1st Cir. 2017) (rejecting the plaintiff's claim that the defendant was not the prevailing party because the case was resolved on the basis of standing). The issue of AAP being able to state a claim goes hand-in-hand with subject matter jurisdiction, the latter of which can be raised at any time while the lack of a copyright adjudicates both. Because federal courts have limited jurisdiction, "[i]t is to be **presumed that a cause lies outside this limited jurisdiction** and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted, emphasis supplied).

Page 10

AAP failed to satisfy its burden or overcome the presumption.

AAP does not have a copyright in the digital graphics work created by Creative Retouch Studio ("CR Studio"). See Defs.' Mot. to Dismiss, [ECF 138] and Defs.' 2d Renewed Mot. for Summ. J. [ECF 164]. The declaration of Yogesh Parmar, filed by AAP in opposition, [ECF 140-1], could not, as a matter of law, create any genuinely disputed fact as to the authorship of the amalgamated *new* work because he had no personal knowledge of the subject image—stating in paragraph six his recollection in the first person plural "we".[3] That was the sole purported (inadmissible[4]) evidence on which AAP relied to prove its ownership the registered work. Even if taken at face value and held admissible nevertheless proves that AAP owned no copyright in the registered work because the declaration establishes that someone with CR Studio created the work, not Robert Stevens.

While the Court did not officially pass on the defendants' jurisdictional arguments at the January 3, 2023, hearing, it may still do so, Fed. R. Civ. P. 12(h)(3), as can an appellate court. Univ. of S. Ala. v. Am. Tobacco Co., 168 F. 3d 405, 408-09 (11th Cir. 1999) (the trial court erred when it "did not reach the question" of its subject matter jurisdiction because it adjudicated substantive issues under Rule 41(a) instead of remanding to state court).

AAP also conceded the ownership issue, arguing that it would instead refile a different suit based on a different right (registration) altogether. Pl.'s Opp'n [ECF 155] at p.12 ("Dismissal will

---

[3] Apparently in reference to CR Studio, which itself was also never established as to any specific entity. That Mr. Parmar could not identify the human author of the registered work many years after its creation is, unfortunately, AAP's problem, not the defendants'. Further undermining the veracity of the English language affidavit is the testimony of Robert Stevens, who stated "I know **they don't speak English**." Dep. Tr. [ECF 103-1] at 55:23.

[4] The declaration's assertions as to the authorship issue specifically are not based on personal knowledge and are hearsay in any event. It was not admissible evidence in the first place that could create a disputed factual issue for trial.

likewise allow Plaintiff, if it chooses to re-file this lawsuit at a later date, to directly register the infringed photograph"). Accordingly, the defendants are the prevailing parties as a matter of law due to AAP's lack of a copyright in the graphics work on which it brought suit.

### 3. The defendants' efforts prevented a material alteration between the parties and rebuffed all of AAP's claims

Finally, the defendants are also the prevailing parties by common sense. What is unmistakably clear is that the dismissal AAP obtained through court order did not result in it obtaining the objectives it sought out to achieve: securing a six-figure damages award, plus attorney's fees and costs from the defendants. [ECF 1] and [ECF 40]. The defendants effectively rebuffed AAP's claims.

Copyright defendants are treated on equal footing as plaintiffs so that they are "encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." Kirtsaeng v. John Wiley & Sons, Inc., 136 S.Ct. 1979, 1985 (2016) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994)) (alteration in original). However, the measure of a plaintiff's versus a defendant's success for purposes of identifying a prevailing party differ, since they "come to court with different objectives." CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419, 431 (2016). With respect to a defendant, their goals are essentially to resist the plaintiff's claims. Id. Thus, non-merits reasons can result in a defendant being considered a prevailing party. Id. Common sense shows that a defendant need not obtain a material alteration, since that is not a defendant's objective. Id.; see also Beach Blitz Co. v. City of Elizabeth, 13 F.4th 1289, 1297, 1298 (11th Cir. 2021) (quoting CRST and framing the inquiry as "a practical examination of whether the 'case [was] resolved in the defendant's favor'"). In fact, the analysis is the exact opposite of a plaintiff: a defendant need *not* effect a material change, but instead "fulfill[s] its primary objective **whenever the plaintiff's [claim] is rebuffed**, irrespective of the

precise reason for the court's decision." <u>Id</u>. Section 505 provides an "incentive to the winner ... whether the case happens to decide a landmark issue of copyright law or, in the end, turns on matters that have nothing to do with the statute." <u>InvesSys, Inc. v. McGraw-Hill Cos.</u>, 369 F.3d 16, 20 (1st Cir. 2004) (identifying various events in dicta in which "surely the winner could claim attorney's fees and costs" such as defaults or sanctions-based conclusions to cases); <u>accord</u> <u>Mostly Memories, Inc. v. For Your Ease Only, Inc.</u>, 526 F.3d 1093, 1099 (7th Cir. 2008) (a copyright infringement defendant is the prevailing party "when a case is dismissed because the plaintiff 'threw in the towel'—that is, where the dismissal is on the plaintiff's own motion").

Here, the defendants certainly did rebuff AAP's infringement and CMI removal claims. They did not pay AAP anything. Not one cent. To the contrary, AAP paid the defendants nearly all of their costs. And the condition accompanying any refiling of AAP's claims (that it would be required to pay the defendants' fees in this lawsuit) makes clear AAP will never, practically speaking, ever refile, since the purported basis of its present dismissal was to avoid continued litigation, and it will never be entitled to statutory remedies; its case would still be an actual damages only suit. AAP's claims were abandoned in direct response to the efforts of the defendants, which AAP conceded. Pl.'s Mot. [ECF 155] (purportedly seeking dismissal to avoid "further onslaughts and novel legal arguments"). Notably, AAP did not predicate its dismissal on a blown filing deadline or tactical misstep by its attorneys. Instead, (1) it abandoned its CMI removal claim because it knew it was frivolous, and a year later (2) finally abandoned its infringement claims because the defendants' refusal to give in to AAP's settlement demand of $35,000 led to its discovery of the truth behind its non-ownership of the copyright and zero damages. The timing of its request also came on the heels of the Court's denial without prejudice of the defendants' motion to dismiss and renewed motion for summary judgment—and critically,

Page 13

the latter of which it never responded to while knowing the defendants would refile as soon as possible. Regardless of the commonsense reasons for AAP's abandonment of its case at the procedurally most opportune time, claims need not be rebuffed on the merits for a defendant to be deemed prevailing; procedural reasons are sufficient. A "practical examination" here shows that the defendants won. <u>Beach Blitz</u>, 13 F.4th at 1298. AAP won nothing. AAP paid the defendants thousands of dollars in costs. And AAP will never refile its claims.

Finally, the order allowing AAP to dismiss as well as the final order each separately and collectively constituted a judicially sanctioned result—that is, it adjudicated AAP's concession to pay the defendants' costs and the dismissal relief was not something which AAP alone could have unilaterally obtained. <u>See</u> Section I.C.2., *supra*. They include the judicial "sanction" or "imprimatur"[5] required by <u>Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health and Human Res.</u>, 532 U.S. 598 (2001) given the decretal language "**ORDERED AND ADJUGED**" on the January 4, 2023, order, [ECF 170] and that the case was "**DISMISSED WITHOUT PREJUDICE**" followed by "**DONE AND ORDERED**" on the January 6, 2023, order, [ECF 172]. <u>See</u> <u>Am. Disability Ass'n, Inc. v. Chmielarz</u>, 289 F.3d 1315, 1319 (11th Cir. 2002) (judicial action other than a judgment on the merits or a consent decree can support an award of attorney's fees, so long as such action carries with it sufficient judicial imprimatur). Because the defendants completely rebuffed all of AAP's claims, as memorialized in the judicially sanctioned dismissals, they are the prevailing parties in this lawsuit under 17 U.S.C. §§ 505 and 1203(b)(5).

---

[5] The Supreme Court has variously described this phrase alternatively as "judicial sanction." <u>E.g.</u>, <u>Cabonell v. INS</u>, 429 F.3d 894, 901-02 (9th Cir. 2005). The word "imprimatur" merely means "let it be printed." Webster's Seventh New Collegiate Dictionary, 420 (1969).

**C. The Copyright Act's purposes are served by awarding the defendants their full costs, including attorney's fees**

A number of non-exclusive factors "inform a court's fee-shifting decisions" in copyright cases, including 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" Kirtsaeng, 136 S.Ct. at 1985 (quoting Fogerty); see also InvesSys, 369 F.3d at 20 (§ 505 exists to provide an incentive which "is present whether the case happens to decide a landmark issue of copyright law or, in the end, turns on matters that have nothing to do with the statute"). In the Southern District of Florida, fees in copyright cases under § 505 are awarded routinely "to compensate the prevailing party." Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310, 1315-16 (S.D. Fla. 2003). Because AAP has repeatedly benefitted from this very law on multiple uncontested default judgments,[6] it should also suffer the same risk with equal force upon *its* abandonment—just as do defendants who never appear and defend.

Here, AAP's CMI removal claim was admittedly a "throw away claim" per its own counsel. Mr. Stevens also said "I admit that the version we sent [for the property listing] didn't have the CMI." Dep. Tr. of Robert Stevens, Aug. 16, 2022, [ECF 136-1] at 157:14. That information was known to AAP *before* its CMI claim was filed and his statement shows that AAP approached this case with malintent. It demanded grossly excessive settlements despite knowing at the outset that its case was an actual damages only case and included a frivolous CMI removal claim. Notably, the defendants' uncovering serious problems with AAP's portfolio of works (e.g., its lack of ownership) seems to have impacted AAP's copyright litigation business model: AAP

---

[6] E.g., Affordable Aerial Photography, Inc. v. Win Capital, LLC, no. 21-cv-22671 (S.D. Fla. Aug. 5, 2022) (report and recommendation awarding AAP $120,000 in damages and $4,839.80 in fees and costs on default judgment), adopted, (Sept. 1, 2022) (Martinez, J.).

has a long history of filing copyright infringement lawsuits on a near-weekly basis, but that ceased within days after the defendants took Robert Stevens' deposition, until just recently, and cases it has filed since then do not appear to include works created by CR Studio.[7]

AAP also improperly continued to press its claim to statutory remedies predicated on an unreported Texas decision denying a motion to dismiss—far and away contrary to well-established multi-circuit law. See Pl.'s Mot. to Dismiss [ECF 155] at 6. AAP abandoned those remedies by May 3, 2022, after facing the possibility of Rule 11 sanctions.  See Stipulation [ECF 105]. The defendant's counterclaims had been dismissed by that time. See Order [ECF 93]. So under no circumstances did it make sense for AAP to continue litigating its remaining infringement claims thereafter. Yet it did, and in aggressive fashion. See Ex. A-2 ("AAP will not be filing a Rule 41 motion. Further, to the extent unclear, any settlement offer/demand previously made by AAP is hereby revoked."). And the defendants incurred the majority of their effort (nearly 500 hours' worth) *after* that time—a time when AAP's own attorney fees surely outstripped whatever it hoped to gain in damages (the purported basis for its request to voluntarily dismiss, "simply not worth the continued effort" [ECF 155] at 3). The subject work was also not some core asset in its portfolio that would have made sense for it to continue its investment in a diminishing returns loss-leader lawsuit. All objective signs showed that AAP was at least reckless, if not improperly motivated, repeatedly demanding extortionate settlements and referring to the defendants as thieves. E.g., Pl.'s Mot. for Sanctions [ECF 47] at 3 ("committing rampant theft"). AAP had the ability to request dismissal before dispositive motion practice, but it knowingly refused to do so. Even after the defendants identified that the registered work was not the same as what was uploaded to the MLS

---

[7] The new cases appear to be based on images that CR Studio was likely uninvolved with, either predating (2010) AAP's use of CR Studios, being aerial shots, or created after AAP's ownership issues were revealed.

listing—which the Court correctly observed "str[uck] at the heart of Plaintiff's copyright infringement claims, [ECF 95]—AAP pressed on.

Unsurprisingly, the defendants were forced to move forward in the face of such statements in an effort to rebuff AAP's claims. They did so through multiple rounds of summary judgment motions, discovery necessitated by false affidavits of Robert Stevens, and further effort to learn the truth about the registered work's origins in India by an unrelated third party.

Awarding the defendants a reasonable attorney fee as the prevailing parties is consistent with  the Copyright Act and the goals of predictability for litigants regarding fees decisions. Kirtsaeng, 136 S.Ct. at 1986. The defendants did exactly what the purpose of § 505 is for a defendant: "a person defending against a patently meritless copyright claim has every incentive to keep fighting, no matter that attorney's fees in a protracted suit might be more costly than a settlement." Id. at 1986-87. This is such a case.

## CONCLUSION

This case should never have been brought based on AAP's lack of copyright and lack of CMI on its own image, and it certainly should have settled for a fair sum of a few hundred dollars before significant litigation ensued—litigation driven by plaintiff AAP in abusive fashion rather than in pursuit of fair recompense for an unremarkable utilitarian photograph of a home. AAP rejected the defendants' fair offer pursuant to Rule 68, and ultimately requested (and obtained) a Rule 54 defined judgment. Notwithstanding the judgment AAP obtained, the case was effectively adjudicated with prejudice due to the running of the statute of limitations and AAP's lack of ownership of copyright in the registered work. There are certain cases, such as this, where a plaintiff obtains a judgment for purposes of Rule 68, while the defendant is also considered the prevailing party, making a plaintiff dually liable under Rule 68 and the substantive fee-shifting statute. The defendants are simultaneously entitled to their post-offer costs under Rule 68 and

attorney fees under § 505 as the prevailing parties as a matter of law. Commonsense also shows the defendants prevailed because they rebuffed AAP's claims. The Copyright Act's purposes are furthered by awarding the defendants a reasonable attorney fee.

**WHEREFORE**, John Abdelsayed and Trends Realty USA Corp respectfully request the Court grant this motion and enter an order finding they are entitled to a reasonable attorney's fee from and including December 6, 2021, to date pursuant to Rule 68, and also a reasonable attorney's fee for defending against plaintiff Affordable Aerial Photography's CMI removal claim and infringement claims pursuant to § 505 of the Copyright Act; and for such further relief as the Court deems just and proper.

                                                  \_\_/s/ Griffin Klema_____
                                                  Griffin C. Klema, Esq.
        Fla. Bar No. 100279
        Griffin@KlemaLaw.com
        **Klema Law, P.L.**
        PO Box 172381
        Tampa, FL 33672
        420 W. Kennedy Boulevard
        Tampa, FL 33606
        Telephone: 202-713-5292
        Attorney for Defendants

### LOCAL RULE 7.3 CROSS-REFERENCE LIST

Pursuant to Local Rule 7.3(a) the following are included in the foregoing memorandum of law, and specifically noted:

1. **Identify the judgment or order which gives rise to the motion**: (a) order granting AAP's motion to amend its complaint to dismiss its CMI removal claim [ECF 38]; (b) order granting AAP's motion for voluntary dismissal [ECF 170]; and (c) order closing case [ECF 172].

2. **Identify the statute, rule, or other grounds entitling the moving party to fees**: Fed. R. Civ. P. 68 and 17 U.S.C. §§ 505 and 1203(b)(5).

3. **Explain the grounds entitling the moving party to the award**: *supra*, Sections II.A.2 and II.B.2.

4. **State the amount sought**: n/a due to order bifurcating entitlement from amount. [ECF 174].

5. **Disclose the terms of any applicable fee agreement**: n/a due to order bifurcating entitlement from amount. [ECF 174].

6. **Provide the identity, experience, and qualifications for each timekeeper for whom fees are sought, provide the number of hours reasonably expended by each such timekeeper, a description of the tasks done during those hours, and the hourly rate(s) claimed for each such timekeeper**: n/a due to order bifurcating entitlement from amount. [ECF 174].

7. **Describe and document, with invoices, all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920**: n/a due to order bifurcating entitlement from amount. [ECF 174].

### VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct. Executed on March 3, 2023.

                                                    __/s/ Griffin Klema_____
                                                    Griffin C. Klema, Esq.

### CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that a draft of this motion, together with accompanying exhibits was served on plaintiff Affordable Aerial Photography, Inc., via its counsel of record in this action, on February 3, 2023.

On February 11, 2023, counsel for AAP served the defendants with AAP's Local Rule 7.3(b) written response to the defendants' draft motion. AAP's written response regarding entitlement (omitting portions relating to amount) is attached to this motion as Exhibit B. The parties conferred by telephone on February 13, 2023, and were not able to reach agreement on the issues of entitlement, and deferred conferral on amount pending the Court's adjudication of entitlement.

        \_\_/s/ Griffin Klema_____
        Griffin C. Klema, Esq.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that a true and correct copy of a draft of the foregoing was served by email, pursuant to Fed. R. Civ. P. 5(b)(2) and Local Rule 7.3(b) on February 3, 2023, on all counsel or parties of record on the Service List below.

I FURTHER CERTIFY that a true and correct copy of the foregoing was served by email, via CM/ECF pursuant to Fed. R. Civ. P. 5(b)(2) on March 3, 2023, on all counsel or parties of record on the Service List below.

        \_\_/s/ Griffin Klema_____
        Griffin C. Klema, Esq.

## Service List

**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
Daniel DeSouza, Esq.
Florida Bar No.: 19291
James D'Loughy, Esq.
Florida Bar No.: 0052700

dan@copycatlegal.com
james@copycatlegal.com
*Attorneys for Plaintiff*

**KLEMA LAW, P.L.**
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
PO Box 172381
Tampa, FL 33114-1131
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendants*