# Exhibit B

Exhibit B

Exhibit B



Copycat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T  877-HERO-CAT (877-437-6228)
E  help@copycatlegal.com

February 11, 2023

**VIA ELECTRONIC MAIL (**griffin@klemalaw.com**)**

Klema Law, P.L.
Attn: Griffin Klema, Esq.
PO Box 172381
Tampa, FL 33672

   *RE:* *Affordable Aerial Photography, Inc. v. John Abdelsayed et al.*, Case No. 9:21-cv-81331-AMC

Dear Mr. Klema:

  I am writing pursuant to Local Rule 7.3(a)(8) in response to the draft Motion for Attorneys' Fees and Costs (the "Motion") that you sent via e-mail on February 3, 2023.

**Objection to Entitlement**

  As a threshold matter, plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") objects to and disputes that defendants John Abdelsayed ("Abdelsayed") and Trends Realty USA Corp ("Trends") (collectively, the "Defendants") are entitled to *any* award of fees.

  First, your arguments with respect to Rule 68 are unavailing.  Although your draft motion attempts to connect the dots between the Court's Order allowing Plaintiff to voluntarily dismiss and the "judgment that the offeree finally obtains" language of Rule 68, you do not appear to cite a single case agreeing with your analysis.  Indeed, "an order dismissing a lawsuit does not result in the entry of the judgment for money damages contemplated by the Rule 68 offer in this case."  Fafel v. DiPaola, 399 F.3d 403, 406 n.1 (1st Cir. 2005).  Here, Plaintiff sought authority from the Court to file a voluntary dismissal. The subject Order [D.E. 170] did not dismiss this action but rather directed Plaintiff to file its Notice of Voluntary Dismissal Without Prejudice.  Relying on that Order, Plaintiff on January 4, 2023 filed a Notice of Voluntary Dismissal Without Prejudice [D.E. 171] that incorporated the specific conditions imposed by the Court.  I am not aware of any legal authority recognizing application of Rule 68 in an analogous context – there was a voluntary dismissal here, and I've yet to see citation to any legal authority stating that such constitutes a "judgment that the offeree

finally obtains."

Plaintiff likewise objects to entitlement with respect to Defendants' contention that they are 'prevailing parties' for purposes of a fee award under § 505. As acknowledged in the Motion, the dismissal here was "without prejudice." You are presumably familiar with Tomelleri v. Natale, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. Feb. 18, 2022), a case in which your cohort (Mr. Lockton – who I assume provided you a Word version of his own similar fee motion) was counsel of record for the defendant. As stated therein, "the critical question here is whether the statute of limitations had run on Plaintiff's claims against each Defendant at the time that the order of dismissal was entered." Tomelleri, 2022 U.S. Dist. LEXIS 65893, at *6. Although the Motion suggests that a claim accrues when the injury occurs, you are well aware that Tomelleri and every other court in the Southern District of Florida has held differently:

> To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims. However, *the Southern District of Florida has consistently applied the discovery rule*, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement.

Id. at *6-7 (S.D. Fla. Feb. 18, 2022) (emphasis added). The Motion thus argues for an interpretation of the Copyright Act that is wholly contrary to every holding from courts in this District, from courts around the Eleventh Circuit, and from every other jurisdiction to consider the matter. See, e.g. Music v. Atl. Recording Corp., No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. Mar. 8, 2021) (applying discovery rule to copyright infringement claim); On Top Records Corp. v. Sunflower Entm't Co., No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. Oct. 28, 2015) ("A copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Duncanson v. Wathen, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. Apr. 14, 2016) (applying discovery rule to copyright infringement claim); Brandon v. Warner Bros Records, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. Dec. 15, 2015) ("The majority of federal courts have concluded that a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp., 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014) ("Given the weight of authority supporting the discovery rule, and determining it to be the better practice, this

Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, in the exercise of reasonable diligence, should have learned of Defendant Arquitectonica's alleged infringement."); Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. Aug. 27, 2010) ("The discovery rule has been explicitly adopted by a majority of the Circuit Courts of Appeal as well as by the Middle District of Florida.") (collecting cases); Calhoun v. Lillenas Pub., 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."); Home Design Servs. v. Hibiscus Homes of Fla., Inc., No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. Dec. 13, 2005) ("A copyright infringement claim accrues when a plaintiff learns, or should as a reasonable person have learned that the defendant was violating his rights.") (collecting cases).

As recently as 2020 (six years post-dating Petrella), the Eleventh Circuit itself was called upon to determine when a claim for copyright ownership (rather than infringement) accrues. In Webster v. Dean Guitars, 955 F.3d 1270, 1276 (11th Cir. 2020), the Eleventh Circuit clearly held that "an ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights—as this approach is most consistent with our existing precedent." This is the same discovery rule that the courts of this Circuit have been applying for 20+ years to infringement claims, and the Motion cites nothing to suggest that dozens of courts (including the Eleventh Circuit itself) are somehow incorrect on the point. Notably, Webster did not involve application of a state-law statute of limitations but rather involved application of the three-year period specified by 17 U.S.C. § 507.

In this case, the Complaint alleges that Plaintiff discovered Defendants' infringement in July 2021. Under Tomelleri and similar decisions from the Southern District of Florida, the statute of limitations on Plaintiff's claims would not expire until sometime in July 2024 – meaning the dismissal was without prejudice and Defendants are not prevailing parties for purposes of § 505.

**Argument that Plaintiff did not Own the Copyright and Therefore its Claim Failed on the Merits**

I am not quite following why you believe it is appropriate to re-litigate this point. As conceded in the Motion, the Court already addressed your subject matter jurisdiction arguments at the hearing on the motion to voluntarily dismiss. The reference in the Motion that an appellate court can revisit the Court's ruling

seemingly overlooks that the subject Order was entered January 4, 2023, Plaintiff's notice of voluntary dismissal was filed on January 4, 2023, and the Order Closing Case was entered on January 6, 2023. The time for filing a notice of appeal has expired. In any event, Plaintiff stands by the arguments made in its opposition to Defendants' motion to dismiss for lack of subject matter jurisdiction with respect to this point. If you believe the Court is going to react positively to you attempting a backdoor second bite at the proverbial apple, I won't discourage you from testing that theory.

**Defendants' Efforts 'Rebuffed' Plaintiff's Claims**

Your arguments here don't necessarily match up with your arguments regarding Rule 68. Did Plaintiff obtain a judgment or did Defendants prevent Plaintiff from receiving what it was looking for? I'm curious as to how you can argue both points at the same time.

You again seem to be ignoring that, notwithstanding Defendants' efforts, the end result here was dismissal *without prejudice*. It is black-letter-law that dismissal without prejudice "is insufficient to constitute a change in the legal relationship of the parties so as to satisfy the Buckhannon test because the plaintiff is free to refile its action." Sream, Inc. v. SMOKE THIS TOO, LLC, No. 16-cv-61439-BLOOM/VALLE, 2017 U.S. Dist. LEXIS 109474, at *6 (S.D. Fla. July 14, 2017); see also George v. Wayman, No. 15-14435-CIV-MARTINEZ/LYNCH, 2016 U.S. Dist. LEXIS 175133, at *4 (S.D. Fla. Dec. 16, 2016) (finding that defendant in a copyright infringement action was not a "prevailing party" under § 505 following dismissal without prejudice of plaintiff's claims).

**The Copyright Act's Purposes are Not Served by Awarding Fees**

Your arguments here are the same ones asserted in opposition to Plaintiff's motion to allow voluntary dismissal. You have already argued for payment of your fees based on Plaintiff's purportedly unreasonable positions, and unless I missed something, the Court rejected that request. To be clear, Plaintiff disagrees that its claims were without merit or that the purported heroics of Griffin Klema have somehow affected or called into question Plaintiff's desire to pursue copyright matters. Plaintiff actively tries to avoid lawsuits where possible – but will certainly pursue lawsuits where appropriate (i.e., where an infringer offers to pay $0.00 and refuses to remove a photograph from its website until more than a month after a lawsuit is filed… such as Mr. Abdelsayed). Your recollection with respect to Plaintiff's CMI claim being a "throw away claim" likewise do not track the actual history. The conversation we had was that it is very difficult to prevail on CMI claims

given Eleventh Circuit precedent – the actual discussion was that, unless your client was going to admit to removal of CMI, the claim was very difficult to prove. Your attempt to mischaracterize the discussion as a tacit acknowledgment that the claim was meritless is not well-taken.

I am not sure what point you are making with respect to Plaintiff 'aggressively' pursuing its claims/demand for statutory damages. Plaintiff made a (naïve) decision to drop its demand for statutory damages and hopefully avoid further litigation with respect to that matter. You are well-aware of my belief that Plaintiff could have pursued statutory damages given Defendants' 'license' affirmative defense and continued display of the subject photograph after this lawsuit was filed. Further, Plaintiff's decision to continue litigating this matter after your deposition ambush was the result of legal research regarding Plaintiff's standing. That research confirmed that the image was a derivative work to which the registered work's status extended to. All of this legal authority is identified in the parties' summary judgment briefing. Again, if you believe Judge Cannon will be appreciative of you re-litigating those matters, I will not discourage you.

Very truly yours,

Daniel DeSouza, Esq.