IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

    Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,

    Third-Party Defendant.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") hereby files this memorandum in opposition to defendants John Abdelsayed ("Abdelsayed") and Trends Realty USA Corp's ("Trends") (collectively, the "Defendants") Motion for Entitlement to Attorney's Fees (the "Motion") [D.E. 176], and states as follows:

### INTRODUCTION

If at first you don't succeed, try, try again. Such is the motto of Defendants' counsel who is now seeking a second bite at the proverbial apple in an effort to obtain hundreds of thousands of dollars in attorneys' fees that Defendants themselves never incurred or paid. In granting Plaintiff's Motion to Voluntarily Dismiss the Amended complaint [D.E. 155], the Court specifically denied Defendants' request that dismissal be conditioned on the payment of their

purported fees.  Now, Defendants argue they are entitled to attorneys' fees as a result of their Rule 68 offer of judgment and through a flawed argument on the statute of limitations that has been resoundingly rejected by every court to address the issue… including the Eleventh Circuit itself. Suffice to say, the Motion should be denied and Defendants' counsel should find a hobby other than harassing Plaintiff with baseless requests for fees.

## ARGUMENT

**I.      Defendants Misrepresent the Law Regarding Rule 68**

Defendants dedicate several pages of the Motion to arguing that Plaintiff 'prevailed' on its motion for voluntary dismissal and therefore Defendants are entitled to their attorneys' fees under Fed. R. Civ. P. 68.  Defendants are wrong, and this is unfortunately not the first time they have expressly failed to grasp the contours of or governing law concerning Rule 68.[1]  On their second failure to understand Rule 68, Defendants now make a tortured argument that Plaintiff 'prevailed' by obtaining a 'judgment' (the Order granting Plaintiff's motion to voluntarily dismiss). Defendants cite no less than eight (8) federal cases from around the country in an effort to string together an argument that an Order granting a plaintiff's request for voluntary dismissal constitutes a 'judgment' on which a plaintiff prevailed, yet Defendants curiously ignore (or deliberately *fail to disclose*) the abundance of caselaw squarely holding the opposite.

Indeed, Plaintiff need not build an argument on a flimsy house of cards (as Defendants

---

[1]     Defendants and their counsel previously boasted that they would prevail in this action and be awarded attorneys' fees pursuant to their Rule 68 offer of judgment.  At that time, undersigned counsel was forced to explain to Defendants and their counsel that Rule 68 is inapplicable where a defendant prevails.  See Day v. Sears Holdings Corp., No. CV 11-09068 MMM (PJWx), 2013 U.S. Dist. LEXIS 194423, at *21 (C.D. Cal. May 28, 2013) ("Although defendants prevailed in this case, Rule 68 does not entitle them to nontaxable costs, despite the fact that plaintiff rejected their offer of judgment."); Park Manor, Ltd. v. HHS, 495 F.3d 433, 437 (7th Cir. 2007) (Rule 68 "penalizes the greedy winning plaintiff but is inapplicable if the defendant wins.") (citing Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981)); MRO Communs., Inc. v. AT&T Co., 197 F.3d 1276, 1280 (9th Cir. 1999) ("Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment.").

have done). Federal caselaw is ***crystal clear*** that an Order granting a plaintiff's motion to voluntarily withdraw ***does not*** trigger a Rule 68 offer of judgment. See, e.g., Live Face on Web, LLC v. Renters Warehouse, LLC, No. 17-cv-2127 (WMW/KMM), 2018 U.S. Dist. LEXIS 248785, at *5 (D. Minn. Aug. 28, 2018) (holding that granting a plaintiff's motion to voluntarily dismiss under Rule 41(a)(2) would not trigger any right of the defendant to recover its costs under Rule 68 because the plaintiff did not recover a judgment more favorable than the defendant's $1.00 judgment); Webco Indus. v. Diamond, No. 11-CV-774-JHP-FHM, 2012 U.S. Dist. LEXIS 170381, at *11 (N.D. Okla. Nov. 30, 2012) ("If Webco were allowed to dismiss its claims without prejudice, then Defendants would be unfairly deprived of the benefits conferred upon them by Rule 68."); Jones v. Berezay, 815 P.2d 1072, 1074-75 (Idaho 1991) ("We find the analysis of the Supreme Court in Delta Air Lines to be persuasive. The Joneses did not obtain a judgment. The trial court merely allowed the Joneses to dismiss voluntarily. Because the order of dismissal did not specify otherwise, the dismissal was without prejudice."). As succinctly stated in Live Face on Web, LLC:

> After a defendant files an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A party may not voluntarily dismiss a case for the purpose of escaping an adverse decision or seeking a more favorable forum. Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1213-14 (8th Cir. 2011). The decision to allow a party to voluntarily dismiss a case rests within the sound discretion of the district court. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999). When determining whether voluntary dismissal is warranted, courts consider three factors: (1) whether the plaintiff presents a proper explanation for its motion, (2) whether dismissal would result in a waste of judicial time and effort, and (3) whether dismissal would prejudice the defendants. Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013). Here, Defendants argue that all three factors favor denying Live Face's motion for voluntary dismissal and that Live Face seeks to escape an adverse decision.

***

>Second, Defendants' Rule 68 argument is foreclosed by the Delta Air Lines decision, in which the Supreme Court of the United States addressed the effect of a rejected Rule 68 offer after the plaintiff proceeded to trial and judgment for the defendant was entered. 450 U.S. at 348-49. Under those circumstances, Rule 68 does not require the plaintiff to pay the defendant's post-offer costs because "the plain language of Rule 68 confines its effects to [the type of case] in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer." Id. at 351; accord Tunison v. Cont'l Airlines Corp., 162 F.3d 1187, 1193-94 (D.C. Cir. 1998); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 333 (5th Cir. 1995) ("If a plaintiff takes nothing . . . Rule 68 does not apply."); see also Felders v. Bairett, 885 F.3d 646, 656 (10th Cir. 2018) ("Rule 68's role seems to be solely in the context of actual litigation—where plaintiff has proceeded through litigation to victory but with an award less than the pretrial Rule 68 offer of judgment.").

Live Face on Web, LLC v. Renters Warehouse, LLC, 2018 U.S. Dist. LEXIS 248785, at *2 – 5.

Notably, the Court's Order Following Motion Hearing [D.E. 170] does not *itself* dismiss the First Amended Complaint. While the Order does grant Plaintiff's Motion to Voluntarily Dismiss the Amended Complaint, the Order directs Plaintiff (on or before January 6, 2023) to file a Notice of Voluntary Dismissal Without Prejudice with the various conditions imposed by the Court. This, of course, matches the actual relief sought by the Motion to Voluntarily Dismiss the Amended Complaint. See D.E. 155, at p. 15 ("For the foregoing reasons, the Plaintiff respectfully request that the Court enter an Order: (a) granting this Motion; (b) ***allowing Plaintiff to file a Notice of Voluntary Dismissal without prejudice*** within three days of such Order…."[2] Plaintiff filed its Notice of Voluntary Dismissal Without Prejudice [D.E. 171] on January 4, 2023. And it is unquestionable that a notice of voluntary dismissal without prejudice does not trigger a Rule 68 offer of judgment. See Burke v. Furniture House of N.C., No. C-89-169-S, 1990 U.S. Dist. LEXIS

---

[2] Emphasis added.

17103, at *2 (M.D.N.C. Sep. 13, 1990) ("A voluntary dismissal without prejudice is not a 'judgment finally obtained' within the meaning of Rule 68."); McDermott v. Monday Monday, LLC, No. 17-CV-9230 (DLC), 2018 U.S. Dist. LEXIS 28664, at *7 (S.D.N.Y. Feb. 22, 2018) ("[A] voluntary dismissal without prejudice does not operate as a judgment."); Bennouchene v. Videoapp, Inc., No. 19-CV-6318 (GBD) (OTW), 2020 U.S. Dist. LEXIS 16201, at *3-5 (S.D.N.Y. Jan. 30, 2020) (same).

Plaintiff did not obtain a 'judgment' in its favor.  Plaintiff sought and received authority from the Court to voluntarily dismiss without prejudice… in the naïve hope that it would be done litigating against Defendants and their counsel.  Defendants' thirst for attorneys' fees they are not entitled to, however, seemingly knows no bounds.  A tortured reading of Rule 68 is unnecessary here when several courts have already addressed and uniformly held that an Order granting a motion to voluntarily dismiss without prejudice does not trigger Rule 68.  Nor has Defendant pointed to any caselaw contravening that a Notice of Voluntary Dismissal Without Prejudice (the actual procedural mechanism that terminated this case) likewise does not trigger Rule 68. Defendants' failure/refusal to reveal this legal authority to the Court and opt instead to cobble together a strained argument otherwise is, to say the least, troubling.

## II.     Defendants are Not Prevailing Parties for Purposes of a Fee Award

The Motion next argues that Defendants are prevailing parties and therefore entitled to attorneys' fees.  Setting aside that the Motion ignores the Order granting Plaintiff's motion to voluntarily dismiss (which specifically considered and rejected an award of fees to Defendants), Defendants' argument here is not well-taken.  In arguing that Defendants are prevailing parties, Defendants principally rely on the argument that an 'injury' rule (rather than a 'discovery' rule) applies for purposes of calculating the relevant statute of limitations.  Because Defendants'

infringement commenced no later than 2018, the Motion argues that the statute of limitations expired no later than 2021 and therefore dismissal in this case was, in effect, with prejudice (therefore making Defendants prevailing parties for purposes of a fee award).

Notably, the Motion fails to disclose that the *same* motion is currently pending before the Court in Affordable Aerial Photography, Inc. v. Property Matters USA, LLC et al., Case No. 2:22-cv-14296-AMC.  The motion for attorneys' fees in that case is fully briefed with an evidentiary hearing set thereon before Judge McCabe on April 13, 2023.  Defendants' attorney (Griffin Klema, Esq.) is certainly acquainted with that case – he attended the February 22, 2023 oral argument on the motion and is working closely with Property Matters USA, LLC's attorney (Andrew Lockton, Esq.).  Curiously, Defendants did not believe it appropriate to notify the Court of this parallel proceeding that has progressed much further than the matter before the Court.

The matter before the Court is no different than the issue in Property Matters USA, LLC. The briefing in that case is equally applicable here… with *one exception*.  In Nealy v. Warner Chappell Music, Inc., No. 21-13232, 2023 U.S. App. LEXIS 4703 (11th Cir. Feb. 27, 2023), the Eleventh Circuit confronted a Circuit split (between the 2nd Circuit and 9th Circuit) as to whether the statute of limitations bars recovery for acts of infringement occurring more than three years before the suit's filing. In finding that no such damages bar exists (therefore aligning itself with the 9th Circuit), the Eleventh Circuit re-affirmed that the discovery rule applies to copyright claims primarily concerning ownership – while again relying on 17 U.S.C. § 507(b) (the only statute of limitations for copyright claims) to reach that conclusion.  Although Nealy does not directly apply the discovery rule to an *infringement* action (Nealy was an infringement action but the sole remaining issue was ownership), it leaves little doubt as to whether some different analysis of discovery vs. injury rule should be applied when interpreting the *same* statute of limitations.

In any event, the Court need not evaluate the same issues in two different cases. Either the discovery rule applies (as every federal circuit including the Eleventh Circuit has held) or the injury rule applies.[3] Given that the issue is already fully briefed with a forthcoming evidentiary hearing in Property Matters USA, LLC, there is no need to address the issue herein.

That said, because Defendants have refused to acknowledge the parallel proceeding, Plaintiff will respond accordingly. Defendants are **not** prevailing parties and therefore not entitled to an award of attorneys' fees/costs under 17 U.S.C. § 505 (which provides that, "[e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"). The critical question regarding entitlement is thus whether dismissal "without prejudice" (as occurred here) bestows 'prevailing party' status on Defendants. It is black-letter-law that dismissal without prejudice "is insufficient to constitute a change in the legal relationship of the parties so as to satisfy the Buckhannon test because the plaintiff is free to refile its action." Sream, Inc. v. SMOKE THIS TOO, LLC, No. 16-cv-61439-BLOOM/VALLE, 2017 U.S. Dist. LEXIS 109474, at *6 (S.D. Fla. July 14, 2017); see also George v. Wayman, No. 15-14435-CIV-MARTINEZ/LYNCH, 2016 U.S. Dist. LEXIS 175133, at *4 (S.D. Fla. Dec. 16, 2016) (finding that defendant in a copyright infringement action was not a "prevailing party" under § 505 following dismissal without prejudice of plaintiff's claims).

Here, Defendants ask the Court to look beyond the "without prejudice" nature of the dismissal and find that such dismissal was "with prejudice" due to the purported expiration of the

---

[3] Even if the injury rule applies, at least one court has held that each day a photograph is published on a defendant's website, a separate accrual occurs with respect to a plaintiff's display/distribution rights. See APL Microscopic, LLC v. United States, 144 Fed. Cl. 489, 493 (2019) (denying motion to dismiss where image was uploaded to website in 2004 and lawsuit was not brought until 2018 because each day the photograph remained on the website could constitute a violation of the plaintiff's display and distribution rights). The law in this regard is by no means settled as other courts have disagreed with this conclusion. See, e.g., Color Image Apparel, Inc. v. Jaeschke, No. 2:21-cv-07187-SVW-MAR, 2022 U.S. Dist. LEXIS 101960, at *6-7 (C.D. Cal. June 7, 2022).

statute of limitations. The Copyright Act's statute of limitations is set forth in 17 U.S.C. § 507(b) and provides: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." Because Defendants assert that a claim for copyright infringement 'accrues' on the date of infringement and that the infringement here commenced at least as early as 2018, Defendants assert that the statute of limitations for re-filing has expired and the dismissal "without prejudice" was, in effect, a dismissal "with prejudice." Defendants are incorrect.

The dismissal here was clearly "without prejudice." As stated in Tomelleri v. Natale, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. Feb. 18, 2022), "the critical question here is whether the statute of limitations had run on Plaintiff's claims against each Defendant at the time that the order of dismissal was entered." Tomelleri, 2022 U.S. Dist. LEXIS 65893, at *6. Although the Motion suggests that a claim accrues when the injury occurs, Tomelleri and every other court in this Circuit has held differently:

> To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims. However, *the Southern District of Florida has consistently applied the discovery rule*, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement.

Id. at *6–7 (S.D. Fla. Feb. 18, 2022) (emphasis added); see also Athos Overseas, Ltd. v. YouTube, Inc., No. 1:21-cv-21698-GAYLES/TORRES, 2022 U.S. Dist. LEXIS 57302, at *11 (S.D. Fla. Mar. 29, 2022) ("Therefore, based on the Complaint, Plaintiff's copyright infringement cause of action began accruing as early as 2015 when Plaintiff knew or should have known of the alleged infringement."); Music v. Atl. Recording Corp., No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. Mar. 8, 2021) (applying discovery rule to copyright infringement

claim); Wilson v. Kelly, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, at *16 (N.D. Ga. Mar. 5, 2020) ("Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.' 17 U.S.C. § 507. '"The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."'" (quoting Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1236 (11th Cir. 2002)); Johansen v. Modrak, No. 18-cv-63120, 2019 U.S. Dist. LEXIS 11185, at *4 (S.D. Fla. Jan. 23, 2019) ("The statute of limitations for a copyright infringement claim is three years. See 17 U.S.C. § 507(b). Plaintiff alleges that from November of 2000 until November of 2001 his wife was involved in litigation relating to a book contract for the book "I Lisa Marie" and that the book was first printed in 1998. Because ***Plaintiff knew or should have known of the alleged copyright infringement at that time***, his claim is 16 years too late.") (emphasis added); On Top Records Corp. v. Sunflower Entm't Co., No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. Oct. 28, 2015) ("A copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Duncanson v. Wathen, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. Apr. 14, 2016) (applying discovery rule to copyright infringement claim); Brandon v. Warner Bros Records, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. Dec. 15, 2015) ("The majority of federal courts have concluded that a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp., 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014) ("Given the weight of authority supporting the discovery rule, and determining it to be the better practice, this Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, in the exercise

of reasonable diligence, should have learned of Defendant Arquitectonica's alleged infringement."); Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. Aug. 27, 2010) ("The discovery rule has been explicitly adopted by a majority of the Circuit Courts of Appeal as well as by the Middle District of Florida.") (collecting cases); Calhoun v. Lillenas Pub., 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."); Home Design Servs. v. Hibiscus Homes of Fla., Inc., No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. Dec. 13, 2005) ("A copyright infringement claim accrues when a plaintiff learns, or should as a reasonable person have learned that the defendant was violating his rights.") (collecting cases).

These cases are not an anomaly… the same analysis has been uniformly applied by the courts around the country. See, e.g., Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1237-38 (9th Cir. 2022):

> In 2014, the Supreme Court addressed the interplay between § 507(b) and the doctrine of laches, holding that laches does not bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 667-68, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). ***Since then, defendants accused of copyright infringement have seized upon certain language in Petrella to argue that the Court also did away with the discovery rule. Most courts, including the district court here, have rejected that argument, reasoning that Petrella addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed***. Moreover, because Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. ***Because we agree with the district court that the discovery rule of***

*accrual of copyright claims is alive and well, we affirm.*[4]

See also Am. Bd. of Internal Med. v. Rushford, 841 F. App'x 440, 441 (3d Cir. 2020) ("At issue in this case is whether the three-year statute of limitations for copyright infringement under 17 U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined below, we will reverse that judgment."); Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based."); Stross v. Hearst Communs., Inc., No. SA-18-CV-01039-JKP, 2020 U.S. Dist. LEXIS 161293, 2020 WL 5250579, at *8 (W.D. Tex. Sept. 3, 2020) (distinguishing Petrella and applying discovery rule to determine accrual of copyright infringement claim); Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist. LEXIS 119246, at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule to copyright infringement claims, notwithstanding the Supreme Court's express reservation of whether the discovery or injury rule applies to such claims."); Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit a copyright claim accrues when [the party] knew or had reason to know of the injury upon which the claim is based."); D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., 2021 DNH 26, 516 F. Supp. 3d 121, 132 (Jan. 28, 2021) ("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).") (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008)); Chelko v. Does JF Rest., LLC, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim accrues when a copyright holder

---

[4] Emphasis added.

'has knowledge of a violation or is chargeable with such knowledge,' an approach known as the discovery rule.") (quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001)).

These courts have *all* held that a discovery rule applies (i.e., when a plaintiff discovered or, with reasonable diligence, should have discovered the infringement) to copyright infringement cases. The Motion glosses over this fact by citing to wholly-unrelated cases arising under completely different statutes/laws and positing that, for 20+ years, the courts of this Circuit and all other courts to consider the matter have simply misapplied the law. They have not. Indeed, as recently as 2020, the Eleventh Circuit itself was called upon to determine when a claim for copyright ownership (rather than infringement) accrues. In Webster v. Dean Guitars, 955 F.3d 1270, 1276 (11th Cir. 2020), the Eleventh Circuit clearly held that "an ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights—as this approach is most consistent with our existing precedent." This is the same discovery rule that the courts of this Circuit have been applying for 20+ years to infringement claims, and the Motion cites nothing to suggest that dozens of courts (including the Eleventh Circuit itself) are somehow incorrect on the point.

Indeed, Defendants' position that the Court should ignore all of the above precedent appears to be based on a loose reading of Foudy v. Miami-Dade Cty., 823 F.3d 590, 593-94 (11th Cir. 2016), wherein the Eleventh Circuit stated: "Read together, these cases instruct that, in the absence of a clear Congressional directive *or a self-concealing violation*, the court should not graft a discovery rule onto a statute of limitations."[5] Setting aside that Foudy involved the catch-all federal statute of limitations (28 U.S.C. § 1658) and pre-dated Webster (which applied the

---

5   Emphasis added.

discovery rule to a copyright ownership claim), Defendants seem to be missing the point. Depending on the source consulted, there are over *1 billion websites* online, with approximately *200 million* of those being active websites:[6]

> 1,139,467,659
> Currently, there are around 1.14 billion websites in the World.
> 17% of these websites are active, 83% are inactive.
>
> 197,046,670 websites are active
>
> 252,000 new websites are created every day
>
> 10,500 new websites are created every hour
>
> 175 new websites are created every minute
>
> 3 new websites are created every second
>
> 2,000+ new websites by the time you are done reading this article

If Defendants are correct that the 3-year statute of limitations begins to run the moment an infringement commences, they are essentially taking the position that a copyright holder is somehow charged with knowledge of what appears on > 1 billion websites at any given time.

Defendants' position is, quite obviously, untenable. *Nothing* in the Motion suggests (nor could it suggest) that an image posted on a website becomes automatically indexed and viewable via a reverse-image search the moment it is posted. The process by which Google and other search engines 'crawl' or 'index' websites is extraordinarily complex and constantly changing (see https://www.jcchouinard.com/google-image-search-engine/). It is *impossible* for Defendants (or

---

[6] See https://siteefy.com/how-many-websites-are-there/.

frankly anyone) to state with any degree of certainty whether a reverse-image search (which is how Plaintiff discovered the subject infringement) would have captured the subject infringement in 2017, 2018, 2019, 2020, etc. because the results of such hypothetical searches are plainly unknown as is whether the image on Defendants' website had even been indexed by that time.

The Declaration of Robert Stevens, dated March 15, 2023 (the "Stevens Decl.")[7] further discusses how this problem is compounded by virtue of the Google algorithm finding/displaying vastly different results depending on the image that is actually searched. As set forth therein, a reverse image search (in January 2023) of one of AAP's copyrighted photographs results in five (5) websites with matching images being displayed. But when a reverse image search is performed on one of those matching images on a third-party website, **dozens** of websites with matching images are displayed that were never found by doing a reverse image search of the original image.

All of this adds together to show that copyright infringement – especially in the context of photography – cannot be treated the same as fraud, breach of contract, deceptive trade practices, etc. for purposes of accrual of a statute of limitations. The Court cannot in good conscience declare (and therefore undo 20+ years of precedent) that a photographer is somehow charged with knowing, on a daily basis, the content of > 1 billion websites lest he risk running afoul of an 'occurrence' accrual. The above facts, taken together with the Stevens Decl., unequivocally show that an 'occurrence' accrual (as Defendants are lobbying for) is nonsensical in the context of copyright infringement. The Eleventh Circuit itself had an opportunity to adopt Defendants' suggestion when considering a copyright ownership claim in Webster – it declined to do so and instead adopted the discovery rule for such claims. Notably, § 507 is the applicable statute of limitations for **both** infringement **and** ownership claims. See, e.g., Ediciones Musicales Y

---

[7] A true and correct copy of the Stevens Decl. is attached hereto as Exhibit "A."

Representaciones Internacionales, S.A. v. Matea San Martin, 582 F. Supp. 2d 1358, 1360 (S.D. Fla. 2008) (holding that the three-year limitations period set forth in § 507(b) applies to the plaintiff's copyright ownership claim); Webster, 955 F.3d at 1275 (citing § 507(b) for the proposition that copyright ownership claims must be brought within three years of accrual).  The Motion fails to offer any explanation as to why § 507(b) should somehow be read differently in the context of infringement vs. ownership claims.  In any event, the Court should not depart from 20+ years of well-reasoned decisions applying a discovery rule and the practical realities (outlined above) faced by copyright holders seeking to enforce their rights.

### III. Defendants' Remaining Arguments

The Motion's remaining arguments for an award of fees are simply a re-tooling of earlier issues that were fully briefed and ultimately rejected by the Court.  For example, Defendants once again (for a third time) try to argue that Plaintiff does not own the copyright at issue (and that it is instead owned by a third-party studio in India) and that Plaintiff's 'aggressive' litigation conduct warrants the imposition of fees.  Plaintiff has already responded to each of these points, all of which was rejected by the Court in deciding to not award fees to Defendants upon the granting of Plaintiff's motion to voluntarily dismiss.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such further relief as the Court deems proper.

Dated: March 16, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza_____
Daniel DeSouza, Esq.
Florida Bar No.: 19291
James D'Loughy, Esq.
Florida Bar No.: 0052700
Lauren Hausman, Esq.
Florida Bar No.: 1035947

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.