## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
      Plaintiff,
v.
JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
      Defendants.

---

### <u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES [ECF 176]</u>

Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 54 and Local Rule 7.3, file this, their reply memorandum of law to the arguments raised by plaintiff in its opposition papers [ECF 177].

### TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF CITATIONS ......................................................................................................... ii

REPLY ARGUMENT .............................................................................................................. 1

    I.      AAP has conceded issues and arguments and the Court should grant the motion in part as being unopposed ....................................................... 1

    II.     The cases AAP cites in opposition to the defendants' Rule 68 argument (Section I.C.) are inapt and its quotes therefrom are misleadingly incomplete .............................................................................. 3

    III.    The narrow decision of Delta Air Lines does not apply here ................................. 5

    IV.    AAP misreads the law on the Copyright Act's statute of limitations and the affidavit of Robert Stevens is irrelevant, non-expert opinion ............................................................................................................ 7

i

**V.    The defendants can be the prevailing parties even though AAP obtained a voluntarily dismissal judgment** ............................................................... 10

**TABLE OF CITATIONS**

Page

**Cases**

625 Fusion, LLC, v. City of Ft. Lauderdale, 595 F.Supp.3d 1228 (S.D. Fla. 2022) ..................... 2

Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324 (11th Cir. 2004) ............................. 2

BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045 (11th Cir. 1994) .................. 7

Bennouchene v. Videoapp, Inc., No. 19-cv-6318, 2020 U.S. Dist. LEXIS 16201
    (S.D.N.Y. Jan. 30, 2020) ............................................................................................... 4

Burke v. Furniture House of N. Car., no. C-89-169-S 1990 U.S. Dist. LEXIS 17103
    (M.D.N.Car Sept. 13, 1990) ........................................................................................... 4

Calhoun v. Lillenas Pub., 298 F.3d 1228 (11th Cir. 2002) ........................................................ 9

Colby v. JC Penny Co., Inc., 811 F.2d 1119 (7th Cir. 1987) ...................................................... 5

CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016) ...................................................... 10

Delta Air Lines, Inc v. August, 450 U.S. 346 (1981) ......................................................... 3, 5, 6

George v. Wayman, No. 15-cv-14435, 2016 U.S. Dist. LEXIS 175133 (S.D. Fla. Dec. 16,
    2016) ............................................................................................................................. 10

Gilbert v. City of Cambridge, 932 F.2d 51 (1st Cir.1991) .......................................................... 9

Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316 (11th. Cir. 2012) ............................. 2

Johnson v. Ry. Express Agency, Inc., 421 U.S. 454 (1975) ...................................................... 10

Jones v. Berezay ........................................................................................................................ 5

Live Face on Web, LLC v. Renters Warehouse, LLC, No. 17-cv-2127, 2018 U.S. Dist.
    LEXIS 248785 (D. Minn. Aug. 28, 2018) ....................................................................... 4

McDermott v. Monday Monday, LLC, No. 17-CV-9230, 2018 U.S. Dist. LEXIS 28664
    (S.D.N.Y. Feb. 22, 2018) ............................................................................................... 4

Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994) ........................................................... 7

Nealy v. Warner Chappell Music, Inc., no. 22-13232 slip op. (Feb. 27, 2023) ........................ 8, 9

Norelus v. Denny's, Inc., 628 F.3d 1270 (11th Cir. 2010) .......................................................... 3

Prather v. Neva Paperbacks, 446 F.2d 338 (5th Cir. 1971) .................................................... 8, 10

Sream, Inc. v. Smoke This Too, LLC, no. 16-cv-61439 (S.D. Fla. July 14, 2017) ...................... 10

Tomelleri v. Natale, No. 19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. Feb. 18, 2022)............................................................................................................................................ 10

Tunison v. Continental Airlines Corp., 162 F.3d 1187 (D.D.C. 1998)............................................ 4

Webco Indus. v. Diamond, No. 11-cv-774, 2012 U.S. Dist. LEXIS 170381, at *11 (N.D. Okla. Nov. 30, 2012) ................................................................................................................. 3

Webster v. Guitars, 955 F.3d 1270 (11th Cir. 2020) ..................................................................... 9

Yellowcake, Inc. v. Morena Music, Inc., 522 F. Supp. 3d 747 (E.D. Cal. 2021).......................... 9

**Other Authorities**

Oral Argument, Nealy v. Warner Chappell Music, Inc., no. 22-13232........................................ 8

THE NEW CENTURY DICTIONARY 1169 (1948) ............................................................................. 7

**Rules**

Fed. R. Civ. P. 1 ........................................................................................................................... 5

Fed. R. Civ. P. 54(a) ..................................................................................................................... 7

Fed. R. Civ. P. 58 ......................................................................................................................... 7

Fed. R. Civ. P. 68 ..................................................................................................................... 4, 7

S.D. Fla. L.R. 7.1(c)(1) ................................................................................................................. 2

**REPLY ARGUMENT**

AAP has conceded most of the defendants' arguments. AAP responds with only two: (1) AAP did not obtain a "favorable" judgment for purposes of Rule 68 (arguing against Section I.C. of the motion); and (2) copyright infringement claims accrue upon discovery (arguing against Section II.B.1. of the motion). More particularly, it argues that Rule 68 does not apply because AAP "did not obtain a 'judgment' in its favor" and thus a voluntary "withdraw[al] does not trigger a Rule 68 offer of judgment." Pl.'s Opp'n [ECF 177] at 2-5. It also argues that the Copyright Act statute of limitations embodies a discovery rule, citing non-binding cases, and that the dismissal here is not with prejudice. Id. at 5-15. AAP then devotes a final paragraph to the defendants' "remaining arguments" and summarily asserts that they "were fully briefed and ultimately rejected by the Court" and that "Plaintiff has already responded to each of these points." Yet AAP did not identify where in the record it did so.

On the two arguments it does make, AAP fundamentally misapprehends both precedent (what case law controls) and decisions (what a court held). The cases it cites are inapt, and the defendants' motion should be granted.

## I. AAP has conceded issues and arguments and the Court should grant the motion in part as being unopposed

AAP has conceded (forfeited) a number of issues on which the Court may rule by default, or limit the scope of what is actually contested: (1) That the alleged infringing conduct was public (not concealed) and occurred in March 2018 and ceased not later than June 14, 2018, upon the last volitional act. (2) There was no new harm by subsequent views of the subject work after June 14, 2018; there is no separate infringement after the initial upload or last change to the website. (3) AAP obtained the court's final two orders. Opp'n [ECF 177] at 5 ("Plaintiff sought and received authority from the Court to voluntarily dismiss"). (4) The Court's orders are definitionally

1

judgments under Rule 54(a) because AAP does not argue against the interplay of Rules 54(a) and 68, or offer a countervailing interpretation of either rule's plain language. (5) As a matter of law, the running of the statute of limitations makes a dismissal without prejudice effectively one with prejudice. (6) The correct legal framework for a prevailing defendant is CRST and commonsense. (7) AAP knew before filing suit that its CMI removal claim was frivolous. (8) AAP demanded $35,000 to settle its CMI removal and infringement claims. (9) AAP could have sought dismissal long before it did. (10) AAP's asserted infringement damages were excessive and untenable. (11) The Copyright Act's purposes are served by awarding the defendants their attorney's fees.

In particular, AAP failed to argue against these last six points (nos. 6-11) by erroneously asserting that they "were fully briefed and ultimately rejected by the Court." Opp'n [ECF 177] at 15.[1] Until the motion was filed, the defendants did not argue—indeed procedurally could not yet argue—for any of the issues on Rule 68 or prevailing party attorney's fees. Notably, AAP never incorporated, let alone referenced any of its prior memoranda. Because AAP is limited to what it argued in opposition, it has forfeited any arguments it did not make therein. See 625 Fusion, LLC, v. City of Ft. Lauderdale, 595 F.Supp.3d 1228, 1264 n.12 (S.D. Fla. 2022) (noting that the plaintiff's failure to make arguments in their opposition memorandum forfeited the issue) (citing Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324 (11th Cir. 2004)); Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th. Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); see also S.D. Fla. L.R. 7.1(c)(1) (failure to file opposition memorandum "may be deemed sufficient cause [to] grant[] the motion by default"); Norelus v. Denny's, Inc., 628 F.3d

---

[1] While AAP correctly notes that the arguments in Sections II.B.1. and II.B.2. (the statute of limitations and copyright ownership) were previously *briefed*, it wrongly concludes that the Court rejected them. The Court never ruled on these arguments.

1270 (11th Cir. 2010) (noting the "well-established rule against reversing a district court judgment on the basis of issues and theories that were never presented to that court").

Thus the Court should rule in favor of the defendants due to AAP's waiver and failure to argue against the points made in Sections I.A., I.B., II.A., II.B.2, II.B.3., and II.C. of their motion. On the arguments AAP does make (only contesting the defendants' arguments in Sections I.C. and II.B.1.), those fail and the motion should be granted in full.

## II. The cases AAP cites in opposition to the defendants' Rule 68 argument (Section I.C.) are inapt and its quotes therefrom are misleadingly incomplete

With respect to its Rule 68 argument, the cases AAP cites supposedly rendering federal law "crystal[line]" are hardly "clear," let alone possessing clarity approaching flawless. They constitute a sum total of six cases: five unreported out of district decisions and one state supreme court decision. None are binding. All are distinguishable because none squarely address whether an order entered on a contested Rule 41(a)(2) motion is a judgment under Rule 54(a).[2]

First, Webco's statement regarding the enforceability of a Rule 68 offer is quintessentially dictum, denoted by the prefatory hypothetical word "if" followed by "then." Webco Indus. v. Diamond, No. 11-cv-774, 2012 U.S. Dist. LEXIS 170381, at *11 (N.D. Okla. Nov. 30, 2012). That court also did not analyze whether a contested Rule 41(a)(2) dismissal is a judgment for purposes of Rule 68 or fits the definition of judgment under Ruler 54(a).

Next, Live Face on Web is inapt because the dismissal there was *with* prejudice, making the defendant the party which obtained the judgment, and thus falling under the rule of Delta Air Lines, Inc v. August, 450 U.S. 346 (1981). Furthermore, the court correctly *rejected* the argument that if the plaintiff's claim was dismissed without prejudice, then "Live Face will not have received

---

[2] To the defendants' knowledge, these issues are questions of first impression.

a judgment that satisfies Rule 68." <u>Live Face on Web, LLC v. Renters Warehouse, LLC</u>, No. 17-cv-2127, 2018 U.S. Dist. LEXIS 248785 at *3 (D. Minn. Aug. 28, 2018). Trends Realty argues the opposite here: AAP *did* receive a judgment that *does* satisfy Rule 68 by way of the court-blessed dismissal orders (and which are not "in favor" of them). Thus, even if <u>Life Face on Web</u> were applicable, it would actually support the defendants' argument that their Rule 68 offer is enforceable. That conclusion is reinforced by that court's citation to <u>Tunison</u>, <u>id</u>., where the D.C. Circuit reversed and remanded for an award of Rule 68 costs to the defendant after concluding that neither party was the prevailing party. <u>Tunison v. Continental Airlines Corp.</u>, 162 F.3d 1187, 1193-94 (D.D.C. 1998) (correctly reading and declining to apply <u>Delta Air Lines</u> to the facts there).

<u>Burke v. Furniture House of N. Car.</u>, no. C-89-169-S 1990 U.S. Dist. LEXIS 17103 (M.D. N. Car Sept. 13, 1990) is distinguishable on its facts because the defendant there did not contest the plaintiff's request for a Rule 41(a)(2) dismissal. The court also erred legally by concluding that Rule 68 applies only when the plaintiff obtains a final judgment on the merits (i.e. in a second suit). Rule 68 has no "ultimate" merits finality requirement. Fed. R. Civ. P. 68.

Both <u>McDermott</u> and <u>Bennouchene</u> concerned a Rule 41(a)(1) dismissal as a matter of right early in the case. AAP failed to quote the remainder of the court's statement in <u>McDermott</u> that such dismissals are not a judgments because they "require[] no court action or approval." <u>McDermott v. Monday Monday, LLC</u>, No. 17-CV-9230, 2018 U.S. Dist. LEXIS 28664 at *7 (S.D.N.Y. Feb. 22, 2018).[3] <u>Bennouchene</u> is the same. <u>Bennouchene v. Videoapp, Inc.</u>, No. 19-cv-6318, 2020 U.S. Dist. LEXIS 16201, at *4 (S.D.N.Y. Jan. 30, 2020) (the plaintiff "did not obtain—nor does he seek—a judgment" because "Rule 41(a)(1)(A) is the only form of dismissal requiring

---

[3] That court's 1-paragraph analysis of Rule 68 is actually contrary to <u>Delta Air Lines</u>. <u>Id</u>. at *10 (incorrectly concluding that Rule 68 applies where the defendant "secures" judgment).

4

no court action to be effective").

Finally, <u>Berezay</u> is not binding and carries little weight, given its thin analysis. That court erred by failing to provide any reasoned decision for why <u>Delta Air Lines</u> applies, summarily concluding it was persuasive. <u>Jones v. Berezay</u>, 815 P.2d 1072 (Id.1991). A court "does not discharge its judicial responsibilities adequately by merely citing the earlier decision and following it without so much as indicating agreement with it, let alone analyzing its merits." <u>Colby v. JC Penny Co., Inc.</u>, 811 F.2d 1119, 1122-23 (7th Cir. 1987).

At bottom, AAP's cases are unpersuasive, and reading Rule 68 as AAP suggests would completely eviscerate the rule's settlement-encouraging policy by providing a nearly unrestricted, risk-free escape hatch whenever a plaintiff realizes its case is undervalued—subject only to discretion under Rule 41(a)(2). And discretion under Rule 41(a)(2) cannot supersede the plain language and purposes of Rule 68 because doing so would violate Rule 1: increasing the duration of litigation and increasing expense to defending parties. AAP's authority is not binding, nor is it persuasive. Its arguments contravene the purpose of Rule 68.

### III. The narrow decision of <u>Delta Air Lines</u> does not apply here

AAP misunderstands the defendants' arguments. The legal framework for what party obtains a judgment for purposes of Rule 68 is distinct from an analysis of what party prevailed. They are not the same or coextensive. A defendant that does not obtain the judgment can still be the prevailing party for purposes of fee-shifting. The authority cited by AAP all stem from <u>Delta Air Lines, Inc v. August</u>, 450 U.S. 346 (1981). But that decision and its progeny do not apply here.

The "narrow question" in <u>Delta Air Lines</u> concerned whether "a judgment *against* the [plaintiff]" suffices to trigger enforceability of a Rule 68 offer. <u>Id</u>. at 348 (emphasis in original). Clearly there is not a judgment "against" AAP here. In the 5-4 decision, Justice Stevens then

restated the question as "whether Rule 68 has any application to a case in which judgment is entered against the plaintiff-offeree **and** in favor of the defendant-offeror." Id. (emphasis supplied). Here, the judgment is not in favor of the defendants either. The question answered there is not that which is presented here.

A correct reading of <u>Delta Air Lines</u> shows that the high court did not lay down the broad rule argued by AAP, namely that whenever a plaintiff doesn't "prevail" or the judgment doesn't "favor" that party, then a defendant's Rule 68 offer is unenforceable. That argument is divorced from the language of Rule 68 and an overbroad reading of <u>Delta Air Lines</u>. A plaintiff need not "prevail" nor the judgment be "favorable" to the plaintiff for a Rule 68 offer to be enforceable. While the court did reason that "a judgment in favor of the plaintiff [is one that] has been 'obtained by the offeree,'" it did not say that the judgment must be favorable to the plaintiff. Id. at 351 (quoting Rule 68). AAP's argument is improper deductive reasoning.[4] The critical issue is *who obtained* the judgment, not what party prevailed. Thus, the court straightforwardly held that where "the defendant [] obtain[s] the judgment" then the rule "is simply inapplicable." <u>Id</u>. at 352. Properly understood, <u>Delta Air Lines</u> merely stands for the limited proposition that where a judgment is *obtained by a defendant* then the defendant's Rule 68 offer is not triggered by the rule's plain language. The ultimate holding of <u>Delta Air Lines</u> is consistent with its plain language: Rule 68 applies "only to judgments obtained by the plaintiff." <u>Id</u>. at 352. The key question is who obtained the judgment.

Despite not being applicable, some cases may have misinterpreted that decision, conflating

---

[4] Its syllogism is: A judgment favorable to a plaintiff (A) is also a judgment which a plaintiff obtains (B), which is likely a correct reading of <u>Delta Air Lines</u>. But it then mistakenly reasons the *inverse* (not the contraposition): that because the judgment is not (A), it cannot be (B).

"obtaining" a judgment with an analysis of its "favorability."[5] Favorability may inform who obtained it, but that alone is not dispositive, especially in cases, as here, where it is unclear whether a judgment (of itself) is favorable to either party. Rule 68 does not speak in terms of a prevailing plaintiff at all, only that (1) the plaintiff-offeree obtain (2) a judgment. Fed. R. Civ. P. 68. Rule 68's "more favorable" language concerns the *second* analytical step, after determining who obtained the judgment, and which compares that judgment to the offer. That language is *comparative* between that which the plaintiff obtained and that which the defendant offered. Id. It is not *descriptive* or a requirement of the former. "Obtained" is the correct locus of analysis for the threshold issue. When used as a transitive verb it means "to come into possession of, or procure, as by effort or request." THE NEW CENTURY DICTIONARY 1169 (1948). That definition fits precisely the facts here, where AAP requested the dismissal and the Court entered a final, appealable order.[6] AAP does not refute those facts. The dismissal is a judgment under Rule 54(a). See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1053 (11th Cir. 1994) (including a sanctions order as definitionally a "judgment"). AAP also does not argue against that definition. Its opposition is unavailing.

IV.    **AAP misreads the law on the Copyright Act's statute of limitations and the affidavit of Robert Stevens is irrelevant, non-expert opinion**

AAP's complaints about another fees dispute that it must defend based on the statute of

---

[5] To the extent that cases citing Delta Air Lines misread or inappropriately extrapolate the holding of that case and hold that a plaintiff only "obtains" a judgment when that judgment is "favorable" to the plaintiff, those decisions are wrong as predicated on faulty deductive reasoning or a misreading of Delta Air Lines.

[6] The Court's final order here also appears to be in conformity with the requirement of a separate judgment under Rule 58. See Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994) (finding that certain administrative closing orders can satisfy the separate document requirement of Rule 58).

limitations is irrelevant.[7] So too is the affidavit of Robert Stevens. Substantively, AAP correctly points out that "<u>Nealy</u> does not directly apply the discovery rule to an infringement action." Notwithstanding what other circuits may have held (AAP's assertion that they are "20+ years of precedent"), they are not controlling here.

The Eleventh Circuit, by adopting the former Fifth Circuit, will likely follow its own closest case, <u>Prather</u>, which rejected the application of a state-based discovery rule on the former (near-identical) Copyright Act statute of limitations. <u>Prather v. Neva Paperbacks,</u> 446 F.2d 338, 339 (5th Cir. 1971). The injury-occurrence rule vs. a federal discovery rule for claim accrual under § 507 of the 1976 Copyright Act is a question of first impression for the Eleventh Circuit.

While AAP cites a number of unreported Southern District cases regarding the discovery rule, it fails to address the plain language of § 507 or attempt to distinguish <u>Prather</u>. That judges of this District have not followed <u>Prather</u> or the plain language of § 507 (and have disregarded clear Supreme Court and Eleventh Circuit pronouncements that discovery rules should not be read into a statute)—is of no moment. The oral argument of <u>Nealy</u> just two months ago reveals that the Eleventh Circuit views the question as open,[8] and its opinion reinforces that it views <u>Petrella</u> as implicitly condoning the injury-occurrence rule for copyright infringement claim accrual. <u>Nealy v. Warner Chappell Music, Inc.</u>, no. 22-13232 slip op. at 12 (Feb. 27, 2023) ("<u>Petrella</u>'s statements about the availability of relief are directed to the way the statute of limitations works when claims

---

[7] The defendants presume the Court is familiar with its own docket. It behooves them to monitor other cases with the same plaintiff making the same (incorrect) arguments.

[8] "We have not decided whether or not there is a discovery rule for copyright infringement for accrual purposes, right? We have not decided that yet in a published opinion, right?" Oral Argument at 1:50, <u>Nealy v. Warner Chappell Music, Inc.</u>, no. 22-13232, (Jordan, J.) available at https://www.ca11.uscourts.gov/system/files_force/oral_argument_recordings/21-13232.mp3; "<u>Webster</u>, I think we all agree says that in a copyright ownership dispute, the discovery rule applies, right? I think as Judge Jordan pointed out, **we have never answered the question of whether the discovery rule applies outside of that context**." <u>Id</u>. at 16:16. (Brasher, J.).

accrue under the injury rule, not the discovery rule.").

AAP's citation to the concurrence in <u>Calhoun</u> is also inapt because the majority didn't "consider McGee/Assigns' statute of limitations, delay and latches arguments." <u>Calhoun v. Lillenas Pub.</u>, 298 F.3d 1228, 1232 (11th Cir. 2002). <u>Petrella</u> also directly contradicts the concurrence's laches-based dicta. Thus, AAP's citation to <u>Calhoun</u> is misplaced. Nevertheless, AAP is correct that circuits outside the Eleventh have improperly engrafted a discovery rule onto the plain language of § 507 for infringement claims, and those decisions are wrong.

AAP's reliance on <u>Webster</u> and <u>Nealy</u> is misplaced because there is no statute of limitations as such for ownership claims. Indeed, there is no explicit ownership "claim" or cause of action under the Copyright Act as such. Section 507, by its own language, applies only to infringement. Ownership, on the other hand, is more akin to a contractual dispute or a declaratory judgment action, and not one originating directly by statute. <u>See</u> <u>Yellowcake, Inc. v. Morena Music, Inc.</u>, 522 F. Supp. 3d 747, 771 (E.D. Cal. 2021) ("if a claim is 'essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright of the Copyright Act'"). Because declaratory judgment actions (28 U.S.C. § 2201) have no limitations, the controlling statute is the closest substantive one. <u>Gilbert v. City of Cambridge</u>, 932 F.2d 51, 58 (1st Cir.1991). That the 3-year period under § 507 is the closest statute with a numeric value used to measure timeliness of ownership (equitable) disputes does not mean those cases control the outcome of the statute's application to (legal) infringement claims to which it directly pertains.

AAP's ability to police its rights is irrelevant under the legislative policy embodied in the statute of limitations because knowledge is not an element of copyright infringement claim accrual. While that might be an argument for equitable tolling, that was never argued here. <u>Prather</u>, 446

F.2d at 339 (affirming the trial court's conclusion that "plaintiff's lack of knowledge of the infringement" did not "excuse" its untimely claims). AAP's claimed "practical realities" are atextual and irrelevant, though perhaps suitable to lobby Congress to amend the statute because that coordinate branch has determined the appropriate balance between stale claims (protecting defendants) and reasonable opportunity to vindicate rights (protecting plaintiffs). Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 463-64 (1975). Further, the affidavit of Robert Stevens is improper expert opinion in any event (he "admittedly do[es] not fully understand" how image searching works), and should be stricken or disregarded.

## V.    The defendants can be the prevailing parties even though AAP obtained a voluntarily dismissal judgment

Finally, AAP cites Sream, Inc. v. Smoke This Too, LLC, no. 16-cv-61439 (S.D. Fla. July 14, 2017) for its argument that a "dismissal without prejudice 'is insufficient to constitute a change in the legal relationship the parties so as to satisfy the Buckhannon test.'" AAP overstates what that case holds. The parties in Sream did not (and not surprisingly neither did the court) argue or analyze the Supreme Court's decision in CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016) (where a defendant is successful when it rebuffs claims) nor did that case involve a dismissal without prejudice when the statute of limitations had run. Id. Sream is inapt. So too with respect to AAP's second case, George v. Wayman, No. 15-cv-14435, 2016 U.S. Dist. LEXIS 175133 (S.D. Fla. Dec. 16, 2016), which also did not analyze CRST or involve the statute of limitations or lack of copyright. And AAP again misreads Tomelleri. See Defs.' Sur Reply [ECF 162]. On the facts of this case, the defendants are the prevailing party under CRST even though AAP obtained the judgment of dismissal.

   __/s/ Griffin Klema_____
   Griffin C. Klema, Esq.
   Fla. Bar No. 100279

Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants