# Exhibit A

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINDEN PICTURES, INC., <br><br>          Plaintiff, <br><br> v. <br><br> COMPLEX MEDIA, INC., <br><br>          Defendant. | No. 22-CV-4069 (RA) <br><br> <u>OPINION & ORDER</u> |

RONNIE ABRAMS, United States District Judge:

Plaintiff Minden Pictures initiated this action against Complex Media, Inc. for copyright infringement pursuant to 17 U.S.C. §§ 106(1), 501. Defendant now moves to dismiss the First Amended Complaint (the "Complaint"), arguing that Plaintiff's claim is barred by the three-year statute of limitations in copyright infringement cases. For the reasons discussed below, the motion is granted.

## BACKGROUND

Plaintiff is a wildlife and nature photography licensing agency incorporated in California, Compl. ¶ 7, which licenses the work of photographers and markets them on its website and other platforms for editorial, advertising, corporate and non-profit use, *id.* ¶ 8. It is the exclusive licensee of the photograph at issue in this litigation, an image by the nature photographer Gary Ellis (the "Subject Photograph"). Compl. ¶¶ 9–11. Defendant is a corporation that operates the website www.complex.com; its principal place of business is New York. *Id.* ¶ 3.

To prevent infringement of its work, Plaintiff registers its images through the United States Copyright Office, *id.* ¶ 13, and engages technology companies which can detect online infringement "by crawling the internet" to "help recover some of [the company's] lost revenue,"

*id.* ¶ 14. Court records indicate that Plaintiff is a frequent litigant in this District and in other federal courts, and has filed more than 100 cases against purported copyright infringers.

Plaintiff claims to have discovered the Subject Photograph reproduced on Defendant's website in March 2022. *Id.* ¶ 15. It alleges—upon information and belief—that Defendant located the image on the internet, downloaded it, and posted it on its website, "thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, publicly displaying, and making a derivative work" of the Subject Photograph. *Id.* ¶ 17. Plaintiff further alleges that Defendant's conduct was "willful and knowing" and that it is a "sophisticated company" that intentionally used the photograph without seeking to obtain a license to publish it. *Id.* ¶ 20. Although Plaintiff does not allege when the Subject Photograph was posted on Defendant's website, the date in the hyperlink on Exhibit C attached to the Complaint indicates that it was uploaded in July 2012.[1]

Nearly ten years later—on May 18, 2022—Plaintiff initiated this action. After Defendant moved to dismiss the complaint, Plaintiff amended, filing the instant Complaint, and on the following day, Defendant informed the Court that it intended to rely on its previously filed motion to dismiss.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept as true all factual allegations and draw all reasonable

---

[1] Plaintiff does not dispute that the Subject Photograph was uploaded in July 2012. *See* Pl.'s Br. at 11 (acknowledging that July 2012 marked "Defendant's original publication of the [Subject Photograph]").

2

inferences in Plaintiffs' favor, *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), but it need not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted).

"Dismissal under [Federal Rule of Civil Procedure 12(b)(6)] is appropriate when a defendant raises a statutory bar,' such as lack of timeliness, 'as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)).

## DISCUSSION

Defendant argues that Plaintiff's claim is barred by the three-year statute of limitations in copyright infringement cases. In opposition, Plaintiff counters that, even though it initiated this action nearly ten years after the Subject Photograph was posted online, its claim is nonetheless timely for two reasons: first, because under the so-called "discovery rule," the claim only accrued when it discovered the Subject Photograph on Defendant's website in March 2022, and second, because under the "separate-accrual rule," the statute of limitations begins to run every time the Subject Photograph is transmitted to a user's computer. The Court addresses each of Plaintiff's arguments in turn.

### I. The "Discovery Rule"

"Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.'" *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (quoting

3

17 U.S.C. § 507(b)). The Second Circuit follows the "discovery rule," pursuant to which "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Id.* at 125. In other words, "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Id.* at 124. "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *PK Music Performance, Inc. v. Timberlake*, No. 15-cv-1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (citing *Staehr*, 547 F.3d at 427); *see also Parisienne v. Scripps Media, Inc.*, No. 19-cv-8612 (ER), 2021 WL 3668084, at *3 (S.D.N.Y. Aug. 17, 2021) (quoting *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010)) ("[T]he limitations period does not begin to run until the plaintiff thereafter discovers[,] or a reasonably diligent plaintiff would have discovered[,] the facts constituting the violation . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation.").[2]

The Court shares Defendant's view that this case is analogous to *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019) (Batts, J.), which involved the same plaintiff and substantially similar claims. There, the alleged infringements occurred between 2011 and 2014, but Minden Pictures asserted that it did not discover the infringements until 2017 at the earliest*,* and that it "had no reason prior to that discovery to know of Defendants' unauthorized

---

[2] Defendant argues that a recent Supreme Court decision, *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019), forecloses the application of the discovery rule in copyright cases. As explained in *Lixenberg v. Complex Media, Inc.*, however, this Court disagrees. No. 22-CV-354 (RA), 2023 WL 144663, at *2 n.2 (S.D.N.Y. Jan. 10, 2023). In *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020), the Second Circuit expressly stated that "*Rotkiske* is inapposite" in the copyright context, because "*Rotkiske*'s holding . . . was based on the Court's interpretation of the [Fair Debt Collection Practices Act's] text; the decision did not interpret the Copyright Act's statute of limitations, which states that copyright infringement claims under the Act must be 'commenced within three years after the claim accrued.'" *Id.* at 50 n.2 (quoting 17 U.S.C. § 507(b)); *see also Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*, No. 20 CIV. 152 (ER), 2022 WL 523597, at *3 (S.D.N.Y. Feb. 22, 2022) (explaining that in Copyright Act cases "the discovery rule is law in the Second Circuit, which [in *Sohm*] recently reaffirmed its continuing propriety").

4

uses." *Id.* at 466–67. Nevertheless, Judge Batts dismissed the copyright claim as time-barred, reasoning that "a reasonable copyright holder in Minden Pictures' position—that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010— should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Id.* at 467. Although "[s]ome of Buzzfeed's articles were posted as early as 2011," the court noted, Minden Pictures "provid[ed] no explanation for its delayed filing of this lawsuit beyond its allegation that it had no reason to discover the alleged infringement prior to 2017." *Id.*

Plaintiff in this action is the very same "seasoned litigator" as the plaintiff in the prior *Minden* case. Federal court records indicate that the number of lawsuits Plaintiff has filed since 2012 has now increased to more than one hundred.[3] *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). Moreover, since 2012, Plaintiff has filed several lawsuits specifically with respect to the work of the photographer of the allegedly infringing work in this case, Gerry Ellis. *See, e.g., Minden Pictures, Inc. v. John Wiley & Sons, Inc.* 3:12-cv-04601 (N.D. Cal. Sept. 4, 2012) (infringement case regarding several hundred photographs, including one by Ellis); *Minden Pictures, Inc. v. New Tang Dynasty Television et al.*, 17-cv-9079 (S.D.N.Y. Nov. 20, 2017) (infringement case involving nine photographs, including one by Ellis). The allegations in the Complaint make clear that Plaintiff uses sophisticated methods to detect infringing images, working "diligently to detect online infringements of its works," and enlisting technology companies that "crawl[] the internet" to identify infringing uses. Compl. ¶ 14. Given that Plaintiff's

---

[3] *See also* Dkt. 12, Ex. 2, Declaration of Nancy Pizzo ("Pizzo Decl.") (asserting that as of June 2022, Plaintiff had filed more than ninety-five copyright infringement lawsuits).

5

business is designed to protect and enforce the copyrighted works that it licenses, and employs intricate means of doing so, it is not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the alleged infringing use here until nearly ten years after the infringement occurred.

## II. The "Separate Accrual Rule"

Plaintiff next argues that its claims are not time-barred because the statute of limitations "begins to run separately for each infringing act, i.e., any time a copy of either of the Copyrighted Work [sic] was distributed from Defendant's servers and transmitted to a user's computer within the limitations period." Pl. Mot. at 9. The Court again disagrees.

As the Supreme Court instructed in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, the "separate accrual rule" provides that "when a defendant commits successive violations, the statute of limitations runs separately from each violation." 572 U.S. 663, 671 (2014) (holding that doctrine of laches did not preclude copyright infringement claim for "using, producing, and distributing" film alleged to be derivative of copyrighted screenplay). But as the Court made clear in *Petrella*, "[s]eparately accruing harm should not be confused with harm from past violations that are continuing." 572 U.S. at 671 n.6. Courts relying on *Petrella* have thus concluded that an allegedly infringing work published on a defendant's website does not trigger a separately accruing harm merely by remaining present on the internet. *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 (C.D. Cal. 2016) (quoting *Petrella*, 572 U.S. at 671 n.6) ("[T]he allegedly infringing document's continued presence on defendants' website through 2014 at best constitutes 'harm from [a] past violation[ ] that [was] continuing' through 2014, and not a 'new wrong' that gave rise to '[s]eparately accruing harm' within the limitations period."); *Bell v. The Oakland Comty. Pools Project, Inc.*, No. 19-CV-01308, 2020 WL 4458890, at *5, n.3 (N.D. Cal. May 4, 2020) (collecting

6

cases and concluding that "the mere fact that a document remained online does not trigger the separate-accrual rule").

That notion—that the continued presence of a copyrighted work on a website does not by itself give rise to a "new wrong" under the Copyright Act—is consistent with cases in this District finding that a copyrighted work is published or distributed when it is posted on a website. *See Getaped.Com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 402 (S.D.N.Y. 2002) ("[W]hen a webpage goes live on the Internet, it is distributed and published."). In *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, for example, the court considered whether, on plaintiff's motion for summary judgment, its claim against an infringing website was barred by the statute of limitations. 345 F. Supp. 3d 482 (S.D.N.Y. 2018). Denying plaintiff's motion, the court concluded that the application of the statute of limitations depended on whether the defendant published the allegedly infringing photograph "on its website once and the photo was continuously available for public viewing for four years," or whether it was republished on defendant's website a second time within the statute of limitations. *Id* at 512.

Plaintiff's argument is also at odds with the text and interpretation of Title 17. Although 17 U.S.C. 106 does not define "distribute," Section 506(a)(1), which imposes criminal liability for copyright infringement, states that "[a]ny person who willfully infringes a copyright shall be punished as provided under section 2319 of title 18, if the infringement was committed . . . (C) by the distribution of a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public […]." 17 U.S.C. § 506(a). That definition supports the conclusion that distribution occurs at the time when the copyrighted work is made available on a computer network, but not every time it is viewed by the public. *See also Elektra Ent. Grp., Inc. v. Barker*, 551 F. Supp. 2d 234, 241 (S.D.N.Y. 2008) (collecting cases and

7

concluding that the meaning of "distribute" under 17 U.S.C. 106(3) is synonymous with "publication"). More broadly, the statute of limitations would be stripped of its force if it were triggered every time a web user accessed the allegedly infringing material. The purpose of the statute of limitations is to "render uniform and certain time within which copyright claims could be pursued." *Bell*, 2020 WL 4458890, at *5. Under Plaintiff's rule, litigants in copyright actions could plausibly claim that almost any content publicly available on the web is not time-barred.

Plaintiff cites several cases from this District in support of its argument, but all are factually distinguishable, and notably, none addressed the Copyright Act's statute of limitations. *See Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 587 (S.D.N.Y. 2018) (finding that "embedding" a tweet on a website constitutes "display" under the Copyright Act); *Capitol Recs., LLC v. ReDigi Inc.*, 934 F. Supp. 2d 640, 648 (S.D.N.Y. 2013) (considering a "not previously addressed" question of whether transferring a digital music file from a user's computer such that "the same file is transferred and no copying occurs" constitutes publication); *MyPlayCity, Inc. v. Conduit Ltd.*, No. 10-CV-1615 (CM), 2012 WL 1107648, at *12 (S.D.N.Y. Mar. 30, 2012) (holding that defendant did not "distribute" copyrighted material because it did not store that material on its servers or communicate it to users). Indeed, the only case Plaintiff cites that supports its theory is *APL Microscopic, LLC v. United States*, in which the Federal Court of Claims held that a separate infringing act occurred each time a user viewed alleged infringing content posted on the defendant's website. 144 Fed. Cl. 489, 496–98 (2019). The *APL* court reasoned that while "ma[king] accessible" or "uploading" an infringing work to a server did not infringe on the right to distribution under the Copyright Act, the "act of transmitting the webpage—and the Work therein—to a user would infringe" on that right because "'every time a computer user accesses the defendant's website … [t]he defendant sends information for the relevant page including the

8

protected work to the computer user [...].'" *Id.* (quoting the plaintiff's brief). No district court has followed *APL*'s logic, however, and at least two courts have explicitly rejected its reasoning. *Color Image Apparel, Inc. v. Jaeschke*, No. 22-CV-7187 (SVW) (MAR), 2022 WL 2643476, at *2 (C.D. Cal. June 7, 2022) (rejecting argument that each day that Defendant left the photos on its Instagram constituted a separate infringing act and concluding that the "the only possible infringing acts were Defendant initially sharing the photographs"); *Bell*, 2020 WL 4458890, at *5 (noting that *APL* relied on a Ninth Circuit opinion that did not address the statute of limitations or whether a new claim accrues with each transmission). This Court, too, declines to follow *APL*.

The application of the above principles to the present facts is straightforward. The only instance of any publication that can reasonably be inferred from the Complaint is the posting of the Subject Photograph in July 2012. Because that date falls outside the statute of limitations, and because it is implausible that a plaintiff of Minden's sophistication and litigation history would not have discovered the offending photograph earlier, the claim is barred.[4]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff shall have one opportunity to amend the Complaint within thirty days, provided it has a good faith basis to do so.

SO ORDERED.

Dated:     March 27, 2023
           New York, New York

                                                        _____
                                                        Ronnie Abrams
                                                        United States District Judge

---

[4] Even if the Court were to accept Plaintiff's argument that the statute of limitations is triggered each time a web user views the offending conduct and it is distributed from Defendant's servers, Plaintiff has not alleged that anyone other than it viewed the photograph at any time after it was published.