UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81331-CIV-CANNON/Matthewman

**AFFORDABLE AERIAL
PHOTOGRAPHY, INC.**,

    Plaintiff,
v.

**JOHN ABDELSAYED** and
**TRENDS REALTY USA CORP**,

    Defendants.
_____/

### ORDER DENYING MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES

**THIS CAUSE** comes before the Court upon Defendants' Motion for Entitlement to Attorneys' Fees (the "Motion"), filed on March 3, 2023 [ECF No. 176]. Plaintiff filed a Response in Opposition [ECF No. 177], and Defendants filed a Reply [ECF No. 178]. The Court has reviewed the entire record and is otherwise fully advised. For the reasons set forth below, Defendants' Motion [ECF No. 176] is **DENIED**.

### RELEVANT BACKGROUND

This case involved allegations that Defendants committed copyright infringement by displaying Plaintiff's copyrighted photograph on their website [ECF No. 1]. Counsel for Defendants agreed to take the case on a pro bono basis pursuant to the Volunteer Attorney Program [ECF Nos. 17, 18]. After lengthy litigation—including an abandoned third-party complaint and counterclaim [ECF Nos. 19, 30, 63], multiple dispositive Motions [ECF Nos. 25, 34, 43, 48, 109, 110, 138], motions for sanctions [ECF Nos. 47, 65], and requests to reopen discovery and amend pleadings [ECF Nos. 37, 86, 139]—Plaintiff filed a Motion seeking leave of Court to Voluntarily Dismiss its Complaint Without Prejudice contingent on not paying Defendants' attorneys' fees [ECF No. 155]. Although Defendants identified no specific prejudice to themselves associated

with Plaintiff's request for conditional dismissal, Defendants opposed Plaintiff's Motion, arguing that any dismissal should be with prejudice, and that any voluntary dismissal should be contingent upon Plaintiff paying Defendants' attorneys' fees [ECF Nos. 158, 162]. Defendants made no argument related to Rule 68 of the Federal Rules of Civil Procedure or entitlement to attorneys' fees as a prevailing party under the Copyright Act [ECF No. 158].

On January 3, 2023, the Court held a hearing on Plaintiff's Motion to Voluntarily Dismiss, ultimately granting Plaintiff's Motion for the reasons stated on the record [ECF No. 169]. Plaintiff then filed a compliant Notice of Voluntary Dismissal with two conditions in accordance with the Court's ruling—that Plaintiff would compensate Defendants for their taxable costs and pay Defendants' reasonable attorneys' fees if Plaintiff refiled the complaint [ECF No. 171]. At that point, the Court entered an Order dismissing the suit without prejudice subject to those conditions and closing the case [ECF No. 172]. The Order Closing Case was entered on January 6, 2023. Defendants did not raise any argument related to Rule 68 or prevailing-party status at the hearing. Nor did Defendants attempt to appeal the Court's order.

Two months after the Court granted Plaintiff's heavily litigated Motion seeking dismissal without payment of attorneys' fees, Defendants filed the instant Motion seeking a ruling entitling them to such fees [ECF No. 176]. In the Motion, Defendants for the first time argue that they are entitled to attorneys' fees pursuant to Rule 68 of the Federal Rules of Civil Procedure, or alternatively, that they qualify as the prevailing party in this case and thus are entitled to attorneys' fees under the Copyright Act, 17 U.S.C. §§ 505 and 1203(b)(5) [ECF No. 176]. Plaintiff opposes the Motion, describing Defendants' request as a baseless request for a "second bite" at the attorneys' fee apple [ECF No. 177 p. 1].

The instant Motion for Entitlement to Fees [ECF No. 176] is due to be denied. As the procedural history of this case makes clear, Defendants effectively seek reconsideration of the

2

CASE NO. 21-81331-CIV-CANNON/Matthewman

Court's Order Granting Plaintiff's Motion to Voluntarily Dismiss on the contested condition of no fees [ECF No. 170]. Reconsideration is not warranted.

## LEGAL STANDARD

"'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). Motions to reconsider are appropriate where, for example, the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice. *See id.*; *Rampersad v. Primeco Pers. Commc'ns, L.P.*, No. 01-6640-CIV, 2001 WL 34872572, at *1 (S.D. Fla. Oct. 16, 2001). "Motions to reconsider are disfavored in federal court and are granted only in narrowly circumscribed circumstances." *Iberiabank v. Case Constr., LLC*, No. 15-0226, 2015 WL 5457889, at *2 (S.D. Ala. Sept. 16, 2015). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000).

## DISCUSSION

Two months after the Court's ruling that Plaintiff could dismiss the suit without prejudice on the condition of not paying Defendants' attorney's fees, Defense counsel re-raises the issue of entitlement to attorneys' fees through the lens of a new theory that Defense counsel could have raised, but never did, in connection with Plaintiff's heavily litigated Motion to Voluntarily Dismiss [ECF No. 155]. This new theory, in summary form, is that Defense counsel is entitled to fees because Defendants made a Rule 68 offer of judgment to Plaintiff, and Plaintiff's Voluntary Dismissal constitutes a "judgment" which Plaintiff "obtained" that is less favorable than Defendants' initial offer [ECF No. 176 pp. 8–13]. Defendants also argue, again for the first time, that under the circumstances presented in this case, Plaintiff's voluntary dismissal without

3

prejudice constitutes a judgment in favor of Defendants such that Defendants are the prevailing party, entitling them to attorneys' fees under 17 U.S.C. §§ 505 and 1203(b)(5) [ECF No. 176 pp. 13–24].

Defendants should have raised these arguments when the Defendants' entitlement to attorneys' fee issue was directly before the Court on Plaintiff's Motion to Voluntarily Dismiss [ECF No. 155]. Indeed, the crux of that entire Motion, and the hearing that followed, was to discuss the contested issue of attorneys' fees. Yet Defendants never referenced the novel theories they seek to raise now. Nor is the Court persuaded by Defendants' conclusory suggestion that they were not procedurally authorized to raise these theories at that time [ECF No. 178 p. 5]. What is more, Defendants have not pointed to any new evidence which precluded them from making such arguments at that juncture, nor have they pointed to any intervening change in controlling law that would support reconsideration [ECF No. 178 p. 6 n.2 (noting that, "[t]o the defendants' knowledge, these issues are questions of first impression")].

All of this leaves Defendants' baseless insinuation that manifest injustice or clear error will result absent entitlement to attorneys' fees [*see* ECF No. 176]. Defendants do not identify any clear error in the Court's prior Order. Moreover, as the Court stated at the hearing, allowing Plaintiff to voluntarily dismiss this suit without being required to pay Defendants' attorneys' fees did not prejudice Defendants because, in accordance with Defense counsel's pro bono status, Defendants had not paid any attorneys' fees. And, in the event Plaintiff decides to re-file this suit, Plaintiff would be in the position of paying Defendants' reasonable attorneys' fees associated with this action [ECF Nos. 170, 171, 172]. In sum, although incentivizing vigorous representation in copyright cases is worthwhile, that laudable principle in theory simply does not support any finding of manifest injustice or clear error on this record.

CASE NO. 21-81331-CIV-CANNON/Matthewman

## CONCLUSION

Defendants have failed to provide any justification for the Court to reconsider its prior Order [ECF No. 170]. Accordingly, Defendants' Motion for Entitlement to Attorneys' Fees [ECF No. 176] is **DENIED**. The Court makes no comment on the merits of Defendants' untimely raised theories.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 14th day of April 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record