UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
    Plaintiff,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
    Defendants.

## DEFENDANTS JOHN ABDELSAYED AND TRENDS REALTY USA CORP'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 17, 2023, ORDER [ECF 180] ON THE DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES

    Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney, Griffin Klema, Esq., and files this, their motion for reconsideration of the Court's April 17, 2023, order [ECF 180] denying the defendants' motion for entitlement to attorney's fees.

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ..................................................................................................................... ii

**TABLE OF CITATIONS** ................................................................................................................... iii

**INTRODUCTION** ............................................................................................................................... 1

**PROCEDURAL HISTORY** ................................................................................................................ 1

**LEGAL STANDARD FOR RECONSIDERATION OF A PRIOR ORDER** .......................... 2

**ARGUMENT** ........................................................................................................................................ 2

    I.      A motion for fees is an independent proceeding supplemental to the original proceeding ........................................................................................................ 2

    II.     The bases for fee entitlement depend on the existence of the dismissal orders and could not have been litigated before the Court ruled on AAP's request to dismiss ................................................................................................................ 4

    III.    The Order constitutes a decision outside the adversarial issues presented by the parteies ......................................................................................................... 7

        A.    The parties' briefing on AAP's Rule 41(a) motion did not raise any issues of fees *entitlement* under either Rule 68 or Rule 54, and the subsequent fees motion did not seek to disturb the prior orders granting AAP's motion for voluntary dismissal ............................................................................................... 8

        B.    The legal framework of a Rule 41(a) motion is different from the framework of a motion seeking enforcement under Rule 68 or for prevailing party status under a statutory award ........................................................................... 10

    IV.    Neither the defendants nor defense counsel waived any entitlement to attorney's fees ................................................................................................................ 11

**CONCLUSION** ................................................................................................................................. 13

## TABLE OF CITATIONS

Page

**Cases**

Agrelo v. The Meloni Law Firm, no. 14-cv-21192 (S.D. Fla. Feb. 26, 2016) ............................... 6
Allegrini v. De Angelis, 68 F. Supp. 684 (E.D. Penn. 1946)......................................................... 13
Bellamy v. Comm'r of Soc. Sec., no. 19-cv-81572 (S.D. Fla. Sept. 20, 2021)............................ 13
Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284 (S.D. Fla. 2012) ............ 2
Colomar v. Mercy Hospital, Inc., 242 F.R.D. 671 (S.D. Fla. 2007)............................................... 2
Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)............................................................ 2, 3
CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016) ........................................................... 8
Jordan v. Time Inc., 111 F.3d 102 (11th Cir. 1997) ..................................................................... 10
Katz v. Chevaldina, 127 F. Supp. 3d 1285 (S.D. Fla. 2015) ........................................................ 10
Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979 (2016) .................................................... 13
McGregor v. Board of Com'rs of Palm Beach Cnty., 956 F.2d 1017 (11th Cir. 1992) ............. 5, 6
Pace v. Southern Express Co., 409 F.2d 331 (7th Cir. 1969) ....................................................... 10
Potenberg v. Boston Sci. Corp., 252 F.3d 1253 (11th Cir. 2001).............................................. 9, 10
PTA-Fla, Inc. v. ZTE USA Inc., 844 F.3d 1299 (11th Cir. 2016).................................................... 3
White v. New Hampshire Dept. of Employment Security, 455 U. S. 445 (1982).......................... 3
Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561 (S.D. Fla. 1992) ................................ 2, 8

**Other Authorities**

S.D. Fla., Attorney Resources ASSISTANCE WITH LITIG. EXPENSES (PRO BONO)
   https://www.flsd.uscourts.gov/assistance-litigation-expenses-pro-bono ................................ 12

**Rules**

Fed. R. Civ. P. 68(d) ........................................................................................................................ 4

## INTRODUCTION

Within the time prescribed by Local Rule 7.3, defendants John Abdelsayed and Trends Realty USA Corp. (collectively "Trends Realty") moved for an order of entitlement to their attorney's fees following the Court's disposition of plaintiff Affordable Aerial Photography Inc.'s ("AAP") motion for voluntary dismissal and order of dismissal. [ECF 176] (the "fees motion").

Without addressing the issues in the fees motion—Rule 68 offer of judgment and prevailing party status under 17 U.S.C. § 505—the Court characterized motion as one for reconsideration of the dismissal order, and denied the defendants' request. [ECF 180] (the "Order"). The Order should be vacated because it misapprehended the procedural and substantive issues presented in the fees motion, and an order entered on the issues presented by the parties. Unlike the present motion, the defendants' fee motion was not one for reconsideration under Rules 59 or 60 of the dismissal orders because it did not seek to disturb the dismissal in this case. The issues that the parties briefed on the fees motion were never previously decided by the Court. Because the Order is a decision outside the adversarial issues presented by the parties in the fees motion, that Order must be vacated.

## PROCEDURAL HISTORY

In the April 17, 2023, Order on the fees motion, the Court summarized some of the procedural history of the case and culminating with plaintiff AAP's motion for voluntary dismissal under Rule 41(a)(2). The Court correctly noted that the defendants' opposition papers to AAP's earlier Rule 41(a)(2) motion, [ECF 158] did not make any "argument related to Rule 68 ... or entitlement to attorneys' fees as a prevailing party" and that they likewise "did not raise any argument related to Rule 68 or prevailing-party status at the hearing." See Order [ECF 180] at 2. However, the Court then concluded that the defendants' fee motion was one "effectively seeking reconsideration of the Court's Order Granting Plaintiff's Motion to Voluntarily Dismiss." Id. at 2-

Page 1

3.

The Court cited four cases concerning motions for reconsideration: Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561 (S.D. Fla. 1992), Rampersad v. Primeco Pers. Commc'ns, L.P., No. 01-cv-6640, 2001 WL 34872572 (S.D. Fla. Oct. 16, 2001), Iberiabank v. Case Constr., LLC, No. 15-cv-0226, 2015 WL 5457889 (S.D. Ala. Sept. 16, 2015), and Chapman v. AI Transp., 229 F.3d 1012 (11th Cir. 2000). [ECF 180] at 3.

It then denied the defendants' fees motion, concluding that the "Defendants have failed to provide any justification for the Court to reconsider its prior Order [ECF No. 170]." Id. at 5. As the defendants here explain, the Order improperly treated the fees motion as one for reconsideration of the orders concerning AAP's voluntary dismissal.

## LEGAL STANDARD FOR RECONSIDERATION OF A PRIOR ORDER

Where a court "has apparently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties" a motion to reconsider the prior order is appropriate. Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (block-quoting dicta from Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). While a motion for reconsideration is an extraordinary remedy, Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1290-91 (S.D. Fla. 2012), it is warranted when necessary to correct clear error and prevent manifest injustice. Id. at 1291 (citing Colomar v. Mercy Hospital, Inc., 242 F.R.D. 671, 684 (S.D. Fla. 2007)).

## ARGUMENT

I. **A MOTION FOR FEES IS AN INDEPENDENT PROCEEDING SUPPLEMENTAL TO THE ORIGINAL PROCEEDING**

A fees motion is "collateral" or AN "independent proceeding supplemental" to the main action. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). Although in Cooter & Gell

Page 2

the court faced a jurisdictional challenge to a post- Rule 41 dismissal motion for attorney's fees as a sanction under Rule 11, the principle of a post-merits fees issue remains and ripens into a justiciable issue only thereafter. This is because adjudication of a collateral issue, like a fees motion, is "not a request for a modification of the original decree." PTA-Fla, Inc. v. ZTE USA Inc., 844 F.3d 1299, 1308 (11th Cir. 2016) (quoting Cooter & Gell). Consequently, "even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees." Cooter & Gell, 496 U.S. at 395-96 (quoting White v. New Hampshire Dept. of Employment Security, 455 U. S. 445, 451, n. 13 (1982).

While the Court here may have identified that the fees motion and the issues previously argued shared coming legal underpinnings, that did not make the fees motion one for reconsideration of the dismissal orders. If the Court believed that it had previously addressed some of the matters in the fees motion when it decided the earlier Rule 41(a)(2) motion, then the proper procedural course would not have been to deny the fees motion outright as one for reconsideration, but rather rely on its earlier rationale insofar as it pertained to fees entitlement—and then proceed to further analyze the issues under the correct procedural basis of Rule 68, Rule 54, and 17 U.S.C. § 505. Regardless, there were, necessarily, *new* issues that were not and could not have been raised or decided in the dismissal motion. See Section III, *infra*.

A proper order on the defendants' fees motion should (1) determine whether the January orders are a judgment; (2) if so, determine whether AAP obtained the judgment; (3) if both are answered affirmatively, then determine whether the defendants' Rule 68 offer was more favorable than the judgment AAP obtained; then further determine (4) whether AAP's infringement claim accrued no later than June 2018; (5) whether the defendants rebuffed AAP's claims pursuant to CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419, 431 (2016), and thus were the prevailing

Page 3

parties; and (6) whether awarding the defendants' fees would further the interests of the Copyright Act. At a minimum, issues (1) to (3) and (5) were entirely new, never before presented to the Court (and which could not have been given their predicate were the orders that followed), and thus the April 17, 2023, Order mistakenly disposed of the fees motion by mischaracterizing it as one seeking reconsideration of the Court's prior Rule 41 decision. It should be vacated and a decision on the discrete fees issue entered in its place.

## II. THE BASES FOR FEE ENTITLEMENT DEPEND ON THE EXISTENCE OF THE DISMISSAL ORDERS AND COULD NOT HAVE BEEN LITIGATED BEFORE THE COURT RULED ON AAP'S REQUEST TO DISMISS

As the fees motion made clear, the basis for the defendants' entitlement rested on the two orders that the Court entered after briefing and hearing on AAP's motion for voluntary dismissal. The fees motion did not seek to disturb the dismissal orders.

Most fundamentally, there was no "judgment" for purposes of Rule 68 prior to January 4, 2023. That was a necessary predicate for seeking entitlement under that rule. See Fed. R. Civ. P. 68(d). At the time of the dismissal motion it was unclear what conditions, if any would be imposed on the dismissal, let alone whether AAP would be allowed to dismiss at all. The defendants could not claim, at that moment, that they were the prevailing party because the case had not yet ended; any argument pertaining to Rule 68 or prevailing party would be, by definition, premature.

And so at the time of the briefing on AAP's motion for voluntary dismissal, the defendants did not believe it was necessary to directly note the possibility of further motion practice respecting fees, though they did allude to that *future* issue: "Any outcome in this case other than a money judgment for AAP **may** (indeed **should**) result in its exposure for all of the defendants' attorney fees pursuant to Kirtsaeng and § 505." Opp'n [ECF 158] at 10 (emphasis supplied). Perhaps in hindsight the defendants could have added a clearer, direct, and unambiguous footnote in their

Page 4

opposition to AAP's dismissal that they "will move for an award of attorney's fees if the Court grants AAP a dismissal without fees" so as to make plain their intended next step if Court ruled a certain way. But that lack of directness was not a waiver of their right to seek fees entitlement on their own motion on grounds quite apart from the Rule 41(a)(2) conditions. While it is understandable that the Court may not have anticipated the defendants' fees motion post-dismissal, such entitlement issues were not and could not have been litigated in the Rule 41 motion.

The procedural posture here is closest to that in McGregor v. Board of Com'rs of Palm Beach Cnty., 956 F.2d 1017 (11th Cir. 1992). There, the plaintiff originally brough four claims. One was dismissed involuntarily (Count I, the civil rights claim). Id. at 1018. Later, he sought to voluntarily dismiss his three remaining claims under Rule 41(a) and agreed to pay the defendants' costs only (no fees). Id. at 1018-19. The defendant objected, and demanded that the dismissal be conditioned on payment of its fees, but the court did not so condition the dismissal. Id. at 1019, 1021 ("The dismissal was not conditioned on the payment of the expenses incurred by the defendant").[1] Apparently the plaintiff "did not anticipate being assessed ... fees and sanctions when he voluntarily dismissed his case, agreeing only to pay costs." Id. at 1023 (Clark, J. dissenting). Nevertheless, the defendant then filed its motion for entitlement to fees after the dismissal, which the court then granted on the previously dismissed Count I. Id. at 1019.[2] Though the plaintiff argued he should have been allowed to withdraw his dismissal as part of the subsequent fees litigation, the Eleventh Circuit held that "the appeal of the judgment for attorney's fees and costs does not authorize a reexamination of the final order dismissing the action." Id. at 1020. It reasoned

---

[1] It is of no moment that the court there "retained" jurisdiction because a court has inherent jurisdiction to consider collateral matters, as argued *supra*, Section II.A.

[2] Notably, that is nearly the same procedural posture here where AAP dismissed its CMI removal claim earlier in the case. Thus, at a minimum, McGregor requires the Court to grant the defendants' fee motion as to that claim.

the plaintiff failed to timely appeal the dismissal order, which "qualifies as a final judgment." Id.

Consistent with PTA-Fla, Inc. and Cooter & Gell, McGregor further shows that a Rule 41(a) dismissal is distinct from a subsequent motion for entitlement to fees post-dismissal, and that such a motion—even a plaintiff's opposition thereto—does not reexamine the prior Rule 41 judgment of dismissal. Thus, procedurally, the issues in the fees motion could not have been presented as part of the defendants' briefing in opposition to AAP's Rule 41 motion because there was no judgment at that time.

The predicate nature of a final decision under both Rule 68 and 17 U.S.C. § 505 further shows that the fees motion could not have relitigated the dismissal orders.

At the time of the parties' briefing on AAP's request to voluntarily dismiss, a live case or controversy remained on its infringement claims. Where an action remains pending, a motion seeking a decision on prevailing party status is procedurally premature. Agrelo v. The Meloni Law Firm, no. 14-cv-21192 (S.D. Fla. Feb. 26, 2016). There, Magistrate Judge Goodman rejected a defendants' fees motion as premature where other claims remained pending because "Federal Rule 54(d) and Local Rule 7.3 *both* require that motions for attorneys' fees be filed *after* judgment has been entered by the Court." Id. at *3 (emphasis in original). He further reasoned that "the Local Rule, in particular, establishes a specific procedure that must be followed before the filing of the actual motion, which is all set in motion by the entry of the final judgment." Id. Here, the defendants could not avail themselves of that procedure in the context of an opposition to a Rule 41 motion.

The defendants' argument on this point in their fees motion was not a "conclusory suggestion" but rather well-founded in both the Federal Rules of Civil Procedure, the Local Rules, and common sense. Further, the fees arguments are not issues which the "Defendants should have

raised" but rather were presented at the appropriate time as a consequence of the natural progression of a case post-judgment. While the defendants agree that attorney's fees *as a condition* was a contested issue—based on "prejudice"—in the context of AAP's request for a voluntary dismissal, that was pursuant to an entirely different type of relief, and in an entirely different context, both substantively and procedurally. The Court was not *required* to condition the dismissal on payment of fees if it determined the defendants would be entitled to fees pursuant to Rule 68 or § 505. But more fundamentally, any such forecasted outcome on a post-judgment issue amidst a live case would not have been binding because there could not have been a prevailing party at that time for purposes of § 505, nor any judgment to compare for purposes of Rule 68.

There was simply no judgment at the moment of AAP's Rule 41 motion on November 22, 2022 (when that matter was fully briefed) by which could serve as a basis to seek a fee award under Rule 68 or that could have triggered the procedures under Local Rule 7.3. It was procedurally impossible for the defendants to seek, let alone litigate, either their Rule 68 offer or prevailing party status while a live, pre-judgment controversy remained.

That procedural posture is in stark contrast to the issues presented in the defendants' post-judgment fees motion, and thus why the fees motion was filed after the Court entered a judgment for AAP. The Order must be vacated and a true decision on the fees issue entered.

### III. THE ORDER CONSTITUTES A DECISION OUTSIDE THE ADVERSARIAL ISSUES PRESENTED BY THE PARTEIES

Here, the defendants are unaware of any case in which a court has treated a post-judgment motion for attorney fees entitlement as one for reconsideration of a merits order or a Rule 41(a)(2) voluntary dismissal. Thus, the defendants believe the Court misapprehended the issues given their similarity to issues previously presented, and consequently made a decision outside the adversarial issues that were presented in the fees motion. The Court's initial decision is understandable

because of the commonality of issues between the motions, but constitutes error due to the very different nature of the decisions called for by each.

In the fees motion the defendants did not ask the Court to "rethink what the Court already thought through" with respect to AAP's request to *dismiss* its copyright infringement claims, Z.K. Marine, 808 F. Supp. at 1563, but rather sought, in the first instance and premised on the orders that followed the Rule 41 motion, a fees *entitlement* decision (1) finding that AAP "obtained" the dismissal orders and whether the defendants' Rule 68 offer was more favorable than those orders, and (2) whether the defendants had prevailed in AAP's suit by rebuffing its claims pursuant to CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016). The specific relief the defendants sought was "an order finding they are entitled to a reasonable attorney's fee ... pursuant to Rule 68, and ... for defending against" AAP's claims. [ECF 176] at 18. Because the fees motion did not travel under Rules 59 or 60, but rather Rules 54 and 68, and did not seek to disturb the dismissal orders themselves—it depended on their very existence—the fees Order constitutes a decision outside the adversarial issues presented by the parties and clear error.

**A. The parties' briefing on AAP's Rule 41(a) motion did not raise any issues of fees *entitlement* under either Rule 68 or Rule 54, and the subsequent fees motion did not seek to disturb the prior orders granting AAP's motion for voluntary dismissal**

The content of the briefing on AAP's Rule 41 motion as compared to what was presented by the parties in the fees motion reveals that the Order did not decide issues in the latter.

AAP's motion seeking dismissal under Rule 41(a) requested an order allowing it to dismiss its remaining infringement claims without being conditioned on paying the defendants' attorney's fees. See Plf.'s Mot. [ECF 155]. The motion did *not* seek adjudication of any party's *entitlement* to fees under 17 U.S.C. § 505 or pursuant to an offer of judgment under Rule 68. Nowhere in AAP's motion is there any mention of "Rule 68" "505" or "prevailing party." Id. AAP did not seek

Page 8

relief under Rule 68 or § 505. Id. The defendants' memorandum in response to AAP's voluntary dismissal likewise did not seek enforcement of their Rule 68 offer nor did they seek a determination that they were the prevailing parties. Defs.' Opp'n [ECF 158] at 17 (seeking denial of AAP's motion outright, alternative condition of fees, and further alternative dispositive relief on the merits); see also Defs.' Sur Reply [ECF 162].[3] Not surprisingly, AAP did not oppose such a request by the defendants because the defendants did not litigate those issues in their response papers. See Plf.'s Reply [ECF 159]. None of the Rule 41 motion papers traveled under or even mentioned Rule 68 or Rule 54. Instead, the procedural posture of the issues were examined solely pursuant to Rule 41(a), and the case law defining the boundaries of a court's discretion to allow a plaintiff to dismiss its claims late in a suit and the conditions that might be included to protect a defendant. Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n.5, 1259-60 (11th Cir. 2001) (identifying factors).

In contrast, the fees motion did not seek reconsideration of the dismissal. [ECF 176]. The defendants did not attempt to have the case reinstated. Id. Quite the opposite. The defendants argued that the dismissal orders were final judgments for purposes of Rule 68. Id. at 5. And the defendants sought entitlement as a matter of *right* under Rule 68, not as a matter of discretion in the context of Rule 41. Id. at 6.

Because nothing about the Rule 41 briefing on *prejudice* directly bore on an offer of judgment or *entitlement* to fees, the fees motion was not a reconsideration of the January judgments of dismissal. Consequently, the Order adjudicated an issue not presented by the parties, and it should be vacated. Z.K. Marine , 808 F. Supp. at 1563. The parties' briefing is understandable when the decisional authorities under Rule 41 are compared to decisions adjudicating Rule 68

---

[3] The arguments in the defendants' opposition and sur reply sought to rebut AAP's argument that its dismissal should not be conditioned on payment of attorney fees and its arguments concerning the basis of defense counsel's engagement in this matter.

Page 9

offers and entitlement under § 505.

### B. The legal framework of a Rule 41(a) motion is different from the framework of a motion seeking enforcement under Rule 68 or for prevailing party status under a statutory award

The parties did not brief any Rule 68 or entitlement issues in the voluntary dismissal memoranda because the legal framework for a voluntary dismissal under Rule 41(a)(2) is legally distinct from evaluating a party's entitlement to fees post-judgment.

On a Rule 41(a) motion, the Pace factors are among those issues considered in whether to grant a dismissal and the conditions to be imposed to protect a defendant, which includes "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Potenberg, 252 F.3d at 1258 (citing Pace v. Southern Express Co., 409 F.2d 331 (7th Cir. 1969)). The core issue under Rule 41(a)(2) is *prejudice* to the defendant. Whether the defendants *are* a prevailing party is not one of the Pace factors.

While awards under § 505 of the Copyright Act are discretionary, the factors evaluated (and only after identifying a prevailing party) are considerably different from those under Rule 41(a). The five Fogerty factors guiding discretion in a post-judgment award of fees entitlement include (1) the degree of success obtained; (2) frivolousness; (3) subjective motivation; (4) objective unreasonableness (both in the factual and legal components of the case), and; (5) the need in particular circumstances to advance considerations of compensation and deterrence. E.g., Katz v. Chevaldina, 127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015).

Rule 68 is not discretionary whatsoever. Jordan v. Time Inc., 111 F.3d 102, 105 (11th Cir. 1997) ("the mandatory language of the rule leaves no room for district court discretion"). Thus,

the legal framework on the issues is different as between Rule 41 and Rules 68 and 54.

Although issues presented to a court earlier often resurface in subsequent motions, their being re-raised does not make them a Rule 59(e) motion. For example, an early motion to dismiss under Rule 12 may make argue a plaintiff's claim lacks merit, while that identical argument is made again post-discovery through summary judgment under Rule 54. Yet the latter is not a reconsideration of the former despite it having the same dispositive argument, and denying such a motion on that basis would be error. Why? Because procedure and the substantive law may cast a very different color on a legal issue common to both—an issue that could be decided similarly or differently between the earlier and later motions depending on the specifics of the analytical framework, procedural posture, assumptions, and predicates.[4]

### IV. NEITHER THE DEFENDANTS NOR DEFENSE COUNSEL WAIVED ANY ENTITLEMENT TO ATTORNEY'S FEES

Finally, the Order should be vacated as embodying legal error and including facts not supported by the record. While the Court did not condition immediate payment of the defendants' fees on AAP's dismissal, ostensibly because the defendants "had not paid any attorney's fees,"[5] it did require such payment later, if the case were refiled. The Court's rationale appears to be that such future payment would alleviate prejudice to the defendants—but prejudice is in no wise an appropriate basis to decide fees under Rule 68 or § 505. The former is a mandatory award while the latter is rooted in the purposes of the Copyright Act after identifying a prevailing party.

---

[4] Other analogies come to mind: Seeking sanctions under Rule 37 mid-case for discrete discovery violations, and post-judgment sanctions under 28 U.S.C. § 1927. Or a dispositive motion followed by a Rule 11 motion.

[5] This conclusion is also not supported by the record which showed that the defendants paid $1,000 in attorney fees before exhausting their resources and forcing them to proceed *in forma pauperis*. See hearing transcript, Jan. 3, 2023, and Defs' Mot. [ECF 9].

Page 11

Additionally, the Order misconstrues the record insofar as defense counsel did not "agree to take the case on a pro bono basis," [ECF 180] at 1, suggesting that the defendants and counsel somehow waived same. The Court's August 31, 2021, order noted that counsel "**may** accept representation on a pro bono basis **if so desired**." [ECF 17] (emphasis supplied). It did not mandate waiver of defense attorney fees nor did that order control the way the defendants could engage their counsel.[6] The present Order does not indicate with whom defense counsel made such an agreement or when. The record shows the opposite: that the defendants and defense counsel expressly reserved all rights respecting attorney fees at the outset of this case. See Notice of Appearance [ECF 18] ("counsel does not waive any claim to prevailing party attorney's fees by appearing through the volunteer program, and the defendants expressly reserve the right to claim any such fees to which they may be entitled"). And critically, **the volunteer program itself expressly contemplates that attorneys and/or parties using the program may be awarded fees**: "In the event of an award of attorney's fees or costs to pro bono counsel ...". See S.D. Fla., Attorney Resources ASSISTANCE WITH LITIG. EXPENSES (PRO BONO) https://www.flsd.uscourts.gov/assistance-litigation-expenses-pro-bono (last visited May 15, 2023). The defendants are not aware of any court decision which denied a party's claim to attorney's fees from an adversary solely because the client engaged counsel on a contingency fee basis, or the circumstances by which counsel and client became acquainted.

The Court's conclusion also seems difficult to square logically with the *future* condition that AAP must pay the defendants' attorney's fees in this case if it refiles. As best defendants can tell, the Court seems to conclude that the defendants are not entitled to any fees whatsoever in *this* action because "Defendants had not paid any attorneys' fees." [ECF 180] at 4. If that is the Court's

---

[6] Such an order would arguably invade the attorney-client relationship if it did.

Page 12

decision, it would be illogical, unsupported in law, and clearly erroneous as being antithetical to the purposes of the Copyright Act. See Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979 (2016); Bellamy v. Comm'r of Soc. Sec., no. 19-cv-81572 (S.D. Fla. Sept. 20, 2021) (awarding fees to "volunteer" counsel on unopposed motion); Allegrini v. De Angelis, 68 F. Supp. 684, 684-85 (E.D. Penn. 1946) ("the right to the fee does not belong to the attorney but to the client").

Accordingly, the Order should be vacated, and the attorney fees entitlement issues decided under the correct legal standards, as litigated by the parties on the existing briefing.

## CONCLUSION

The Court's April 17, 2023, order decided an issue not presented by the parties—namely that the defendants' fees motion was a motion for reconsideration of the Court's earlier Rule 41(a)(2) orders. The fees motion briefing never readdressed the dismissal. Thus, reconsideration of the April 17 order denying the fees motion is appropriate, and the Court should decide the merits of the defendants' fee motion in the first instance. For avoidance of doubt, the defendants do seek reconsideration in *this motion*, and *only* vacatur of the Court's April 17, 2023 order.

**WHEREFORE**, John Abdelsayed and Trends Realty USA Corp respectfully request the Court vacate its April 17, 2023, order denying the defendants' motion for entitlement to attorney's fees [ECF 180], proceed to address the issues presented for decision under Rule 68 and whether the defendants are entitled to fees under 17 USC §505; enter an order finding the defendants are entitled to a reasonable attorney's fee from and including December 6, 2021, to date pursuant to Rule 68, and also a reasonable attorney's fee for defending against plaintiff Affordable Aerial Photography's CMI removal claim and infringement claims pursuant to § 505 of the Copyright Act; and for such further relief as the Court deems just and proper.

   /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants