```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
                        FORT PIERCE DIVISION
                    CASE NO. 21-81331-CIV-CANNON


AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

             Plaintiff,              FORT PIERCE, FLORIDA
        vs.
                                     JANUARY 3, 2023
JOHN ABDELSAYED,
TRENDS REALTY USA CORP., et al.
                                        PAGES 1 - 47

             Defendants.
_____/

                  TRANSCRIPT OF MOTION HEARING
             BEFORE THE HONORABLE AILEEN M. CANNON
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:      DANIEL DeSOUZA, ESQ.
                        DeSouza Law, PA, ESQ.
                        3111 N. University Drive
                        Suite 301
                        Coral Springs, FL  331065


FOR THE DEFENDANTS:     GRIFFIN C. KLEMA, ESQ.
                        Klema Law, P.L..
                        Post Office Box 172381
                        Tampa, FL  33672










REPORTED BY:            DIANE M. MILLER, RMR, CRR, CRC
                        Official Court Reporter
                        United States District Court
                        diane_miller@flsd.uscourts.gov
```

Tuesday, January 3, 2023.

1                    P-R-O-C-E-E-D-I-N-G-S

2           THE COURT:  Thank you.  You may be seated.

3           Please call the case.

4           THE COURTROOM DEPUTY:  Affordable Aerial Photography,

5   Incorporated vs. Abdelsayed, et al.

6           Parties, please make your appearance.

7           MR. DeSOUZA:  Good morning, Your Honor; Daniel

8   DeSouza for the plaintiff.  I have sitting next to me

9   Mr. Stevens, who is the plaintiff's representative, and I have

10  Co-counsel James D'Loughy and Lauren Hausman with me as well.

11          THE COURT:  Good morning.

12          MR. KLEMA:  Good morning, Your Honor; Griffin Klema

13  on behalf of Defendants Trends Realty and John Abdelsayed.

14          THE COURT:  Good morning, Mr. Klema.

15          All right.  I set this hearing to address Plaintiff's

16  motion to voluntarily dismiss what I believe is the

17  first-amended complaint.  It's styled as a motion seeking Court

18  authorization to file a voluntary dismissal conditioned on what

19  I understand to be nonpayment of Defendant's attorney's fees,

20  but I do want some clarification on exactly what Plaintiffs are

21  seeking in the current motion, and then I'll hear argument.

22          I do have some thoughts having researched the

23  applicable case law.  So with that, let me start first with

24  Plaintiff's counsel.

25          MR. DeSOUZA:  Yes, Your Honor.

1          To provide clarification to the Court, the condition

2   that's being proposed, Your Honor, is that Plaintiff will pay

3   the remainder of Defendant's taxable costs as if Defendant was

4   a prevailing party in this case.  To our knowledge, the only

5   taxable cost that's remaining would be the deposition

6   transcript cost and appearance fees associated with Plaintiff's

7   30(b)(6) corporate rep deposition.

8          Pursuant to an agreed order previously on some

9   discovery issues in this case, the plaintiff already reimbursed

10  the defendants for the deposition costs of Mrs. Stevens, of

11  Mr. Stevens, and Connie McGinnis, which were the other

12  depositions.  We're not aware of any other deposition costs

13  that the defendants have incurred.  If there are other taxable

14  costs, Plaintiff is willing to pay them.

15         But specifically, Your Honor, I think in the

16  opposition, Mr. Klema identified, "Well, we had to pay for

17  mediation."  Those are not taxable costs under Section 1920,

18  and so we're not volunteering to pay those.  We're offering to

19  pay whatever the remainder of taxable costs are which, to my

20  knowledge, would be just the one deposition that's remaining.

21         THE COURT:  Okay.  Mr. Klema, are you aware of any

22  other taxable costs that would fall under the definition set

23  forth in that statute?

24         MR. KLEMA:  I think we set forth that there was, at

25  least as concerns taxable costs, Mr. Abdelsayed incurred a

```
1    30-dollar service of process fee.  Just to make it clear,

2    though, obviously, the defendants would not agree to

3    reimbursement of taxable costs only.

4              THE COURT:  Understood.

5              Other than that service fee, though, are there any

6    other taxable costs of which you're aware?

7              MR. KLEMA:  Not aware of any further at this time.

8              THE COURT:  Okay.

9              All right.  Thank you.  You may be seated, Mr. Klema.

10             Now, the consideration whether to grant a motion like

11   Plaintiff's motion turns on various discretionary factors the

12   Eleventh Circuit has set forth.  These are a guide for the

13   trial court's discretion.  They include, of course, the

14   defendant's effort and expense of preparation for trial,

15   whether there was excessive delay and lack of diligence on the

16   part of Plaintiff in prosecuting the action, whether there's an

17   insufficient explanation for the need to take a dismissal, and

18   whether a motion for summary judgment has been filed by the

19   defendant.

20             So using those factors as a guide, Mr. DeSouza, why

21   do you believe you should be permitted, at this point, to

22   dismiss your action under 41(a)(2) without paying attorneys'

23   fees?

24             MR. DeSOUZA:  Yes, Your Honor.

25             Your Honor, again, under Rule 41(a)(2), it is well
```

 1   within the Court's discretion to grant, deny, to impose

 2   conditions that the Court feels are proper.  There's no -- as

 3   you said, there are factors, but there is no set of rules that

 4   the Court must follow here.  The Court's job essentially is to

 5   condition what is fair to the parties and what is fair to the

 6   process.

 7          The plaintiff believes that dismissal at this time is

 8   proper, Your Honor, pursuant to the factors that the courts in

 9   this circuit have actually addressed, and I think we address in

10   our reply that in the opposition to the motion, there are a

11   couple other factors that the defendant proposes the Court

12   consider as well.  But sticking to the four factors that the

13   courts in this circuit typically consider, Your Honor --

14   there's no doubt that this case has proceeded far along the

15   process.  There's over 150 items on the docket.  It's been

16   hotly litigated.  There have been a lot of motions; there have

17   been a lot of oppositions to those motions.  There have been

18   objections to magistrate reports.  There has been depositions.

19   There has been discovery.  This case has proceeded very far

20   along.

21          This case has a unique circumstance in that the

22   defendants, at this point, when we deal with costs

23   specifically, costs or attorney's fees really haven't paid a

24   lot in this case.  They have paid for deposition costs that

25   they have been reimbursed for.  There is one other deposition

```
 1    and a 30-dollar service of process that presumably the

 2    defendants are out-of-pocket on.  I don't know whether

 3    Mr. Klema fronted that on his end or whether the defendants

 4    paid for it, but it's frankly probably 1500 to $2,000 would be

 5    my guess of remaining taxable costs.

 6              This is not a case where Mr. Klema has certainly

 7    billed and incurred, per the representation of the opposition,

 8    750 hours; but the defendants have not come to the Court and

 9    said, "Your Honor, we have paid $250,000 of attorney's fees; it

10    would be unfair to allow us to dismiss at this point."  The

11    defendants have not paid a dollar.  There has been no statement

12    by the defendants in this case that they have actually paid any

13    attorney's fees to Mr. Klema.  I believe there's a

14    representation that they incurred a thousand dollars to some

15    unknown attorney prior to Mr. Klema's representation, but we've

16    seen nothing substantiating that at this point.

17              THE COURT:  Do you oppose payment of that $1,000?

18              MR. DeSOUZA:  Well, we've never seen it, Your Honor.

19    I've never seen a bill for it.  I've never seen who this

20    attorney is that --

21              THE COURT:  Assuming that exists, and there is

22    documentation to support that prior fee, what is your client's

23    position on payment of that as a condition?

24              MR. DeSOUZA:  I think if it's substantiated, and it

25    appears to be reasonable, Your Honor, then I don't think my
```

```
 1    client would have a problem paying that.  The problem is, I
 2    don't know what it relates to.  I don't even know what it had
 3    to do with this case.  I think there was a -- my understanding
 4    is that there was a pro se answer and counterclaim that was
 5    filed that that attorney supposedly prepared without the
 6    Florida Bar's required notation.  I think there's a notation,
 7    the Florida Bar says, if an attorney is drafting something for
 8    a pro se client, it must say "prepared with assistance of
 9    counsel;" it doesn't.  So I just don't know what that attorney
10    has done at this point.
11             THE COURT:  Okay.  Keep going.
12             MR. DeSOUZA:  But in terms of the costs, Your Honor,
13    no doubt Mr. Klema has done a lot of work on this case, and I
14    congratulate him for the amount of work he has done.  He has
15    fiercely represented his clients in this case, but he has not
16    charged them, and they have not incurred a dollar of legal
17    fees.
18             Now, 41(a)(2), the principle crux behind the rule is
19    protection of the defendant and reimbursing the defendant of
20    the costs and the fees that it has incurred.  Here, the
21    defendants have not incurred any costs and fees.  The only
22    thing that has incurred here is that Mr. Klema apparently --
23    I've never seen it, but apparently there is a contingency fee
24    agreement between himself and his clients with respect to any
25    recovery that they may recover in this case.  However, as we
```

1    point out in the reply and in the motion, that's not something

2    that the defendants can get a piece of.  Under the Florida Bar

3    rules, it's very specific, a lawyer cannot share attorney's

4    fees with a nonlawyer.  I don't think Mr. Klema has ever argued

5    that if he is awarded 100,000, 50,000, $200,000 of fees, that

6    his clients could ever see any benefit of that.

7            So what we're really talking about an opposition on

8    cost basis is, should the defendants' lawyer be paid for the

9    work that the defendants' lawyer did, not whether the

10   defendants should be reimbursed for their out-of-pocket.  So on

11   that basis, we don't believe that that factor -- does not

12   support dismissal at this time, Your Honor.

13           The delay factor, I think the defendants have this

14   backwards.  The factor is delay in prosecuting or nondiligence

15   in prosecuting the action, not as the defendants say in their

16   opposition delay or nondiligence in discovery responses.

17   That's what the defendants say in their opposition.  They say

18   the plaintiff was not diligent in its discovery responses, not

19   in prosecuting this action, and we address that point in the

20   reply, Your Honor.

21           There have been discovery disputes in this case,

22   running both sides.  Motions have been filed, magistrate

23   hearings occurred.  There were objections that were filed.  We

24   took discovery; the defendants took discovery.  I don't think

25   anyone can look at this docket and say that the parties were

1    not diligent.  The only question that remains in my mind, Your

2    Honor, frankly, and I'll never get an answer to it that

3    satisfies me is when -- at what point during this case did the

4    realization occur that the photograph that is at issue in the

5    complaint is not the photograph that was actually published by

6    the defendants and when did that realization occur.

7            We've got Mr. Klema's affidavit or declaration, I

8    believe he filed at some point, that shortly before the

9    deposition of the plaintiff's 30(b)(6) representative, this

10   realization came.  But for a period of I think approximately a

11   year, Your Honor, this case was pending, the plaintiff believed

12   we had two photos that were the same photo.  The defendants

13   apparently believed we had two photos of the same photo.  We

14   had an answer admitting to such.  We had requests for

15   admissions admitting to such.  It was a factor that was not at

16   issue in this case until it was sprung on my client's

17   representative during a deposition.  Clearly, at that point,

18   someone had formed the belief these are not the same photos,

19   even though discovery responses had not been moved to be

20   amended, even though the answer had not been moved to be

21   amended.  Clearly by then, there was a realization these two

22   photos are not the same.  But whether the realization came a

23   week before or three months before, I don't know, and I don't

24   suspect I'll ever find that out.

25           So I don't believe there has been any nondiligence in

Tuesday, January 3, 2023.

```
 1    the prosecution of this case, Your Honor.  If anything, I think
 2    the Court could fairly criticize the parties for being overly
 3    diligent in the prosecution of this case on both sides.
 4          I think there has been fairly aggressive motion
 5    practice on both sides of this case, and a lot of the Court's
 6    time and the parties' time have been spent litigating matters
 7    that at the end of the day have led us to where we are now.
 8          In terms of the summary judgment motions being filed,
 9    Your Honor, certainly Plaintiff has --
10          THE COURT:  And in terms of the other factors, the
11    insufficient explanation for the need to take a dismissal and
12    the existence of a motion for summary judgment filed by the
13    defendant which I believe was filed after Plaintiff's motion to
14    voluntarily dismiss was filed.
15          MR. DeSOUZA:  Right.  I was going to address that one
16    next, Your Honor, the summary judgment.
17          Obviously, both parties had filed summary judgment
18    motions prior to the 41(a)(2) motion.  Both sets of those
19    motions had been denied by the Court given ongoing discovery.
20    We then filed the 41(a)(2) motion.  I think the factor is the
21    fact that a summary judgment motion is currently pending, not
22    we have filed a motion to voluntarily dismiss and the defendant
23    can swing that factor in its favor by just filing a summary
24    judgment motion thereafter.
25          Your Honor, you gave us an extended discovery period,
```

1    I think into January, with summary judgment motions now due, I

2    believe, in February under the current scheduling order that

3    you've revised.  I had discussions with Mr. Klema about the

4    refiling of the summary judgment motion.  The substance of

5    those conversations is not important.  The point being, we have

6    served discovery with respect to these new affirmative

7    defenses -- or revised affirmative defenses that defendants

8    have raised.  That discovery is pending by agreement with

9    Mr. Klema.  We agreed to hold off on his responses thereto

10   until after this hearing.  The same way that we agreed on our

11   opposition to his summary judgment motion can occur after this

12   hearing.  I think to streamline the process somewhat.

13         But certainly at the time that this motion was filed,

14   there was no pending summary judgment motion.  And I don't

15   believe there's any case law that says a defendant can swing

16   that into its favor by simply filing a summary judgment motion

17   at some point thereafter, especially while the discovery period

18   is still going while we still haven't gotten those discovery

19   responses.  The summary judgment deadline is not even here at

20   this point, so I think that one does not sway in the

21   defendant's favor.

22         Now, in terms of the insufficient explanation as to

23   what the plaintiff has offered, Your Honor, the explanation was

24   offered in the motion.  I know Mr. Klema says, Well, I'd like

25   Mr. Stevens to be here and, you know, let's see what he has to

```
 1    say and swear him in, if the Court wants to go that route.  We

 2    thought it was important enough to bring Mr. Stevens here, and

 3    you can hear it in his own words.

 4            But the realty is, Your Honor, this case has taken a

 5    toll on the plaintiff since day one.  This case was filed, Your

 6    Honor, frankly because Mr. Abdelsayed refused to take the photo

 7    down off of his website.  I mean, this is where this all

 8    started.  This case started with a realtor who, for lack of a

 9    better word, took a photo that he wasn't entitled to, said,

10    It's my right to use the photo, I'm not going to take it down,"

11    and he didn't take it down off their website until well after a

12    month that this lawsuit had been pending when Mr. Klema made an

13    appearance.  And I think we can all put two and two together

14    that the reason the photo came down was not because

15    Mr. Abdelsayed thought it was right to take the photo down, but

16    because Mr. Klema presumably instructed him to do so, that you

17    shouldn't leave this up on your website.

18            From there, Your Honor, the defendants filed

19    counterclaims and third-party complaints against Mr. Stevens'

20    paying clients, Connie McGinnis and Old Palm Real Estate.  They

21    never served those.  I think they mailed them.  I think they

22    called Mr. McGinnis and said, "You should join us."  They

23    accused him of being in a conspiracy with Mr. Stevens to make

24    Mr. Abdelsayed steal photos off of the MLS listings.  It's hurt

25    the relationship that Mr. Stevens has with his paying clients
```

Tuesday, January 3, 2023.

1    when claims like these are there.

2            Mr. McGinnis had his deposition taken in this case.

3    If you were to ask Mr. Stevens right now has his relationship

4    been affected with Mr. McGinnis, he's going to say yes.  He

5    doesn't get as much business from him.  He doesn't hear from

6    him as often at this point.  Mr. Stevens' wife has been deposed

7    in this case.  We allowed it to happen, given some testimony

8    that occurred I think from Mr. Stevens that his wife ended up

9    being deposed.

10           But this has put a tremendous strain on both personal

11   and professional relationships.  And if this case proceeds to

12   trial, Your Honor, those strains are only going to grow because

13   Mr. McGinnis presumably will be subpoenaed to come testify at

14   trial.  There's a distinct possibility that Mrs. Stevens will

15   be subpoenaed to come testify at trial.

16           And on top of that, Your Honor, again, this case is

17   somewhat different than when it started, when the plaintiff

18   believed that -- and the only evidence that was in front of the

19   plaintiff based on wayback machines and other types of internet

20   crawls was, we had a website that appeared to have nothing to

21   do with Mr. Abdelsayed.  There was no indication that

22   Mr. Abdelsayed was the one that put this photo up

23   preregistration.  There was no indication -- this was not a

24   statutory damages case or a case in which the plaintiff could

25   potentially recover attorney's fees if this case was litigated

```
 1    in the way that it was litigated.

 2            And even after the realization came about that

 3    Mr. Abdelsayed was the one that was behind this website from

 4    day one and that when he first published this photo, I think

 5    fortuitously for him, two months prior to Mr. Stevens'

 6    registration, that there was still a basis to seek statutory

 7    damages in this case, at least based on that one case from

 8    Texas, the Pickersgill case which speaks to if you continue to

 9    publish a photo after the lawsuit is filed or after you receive

10    a demand letter and claim an implied license, which is exactly

11    what Mr. Abdelsayed did, that court left open the possibility

12    of still being able to get statutory damages.

13            Now, granted, the plaintiff here, perhaps in a naive

14    hope of streamlining this case and trying to cut back on some

15    of the litigation back and forth, we agreed -- we did an agreed

16    order -- it's on the docket -- to forego the seeking of

17    statutory damages.  That Pickersgill case ended up settling

18    prior to it ever getting to trial, ever getting to the summary

19    judgment level, so we don't know what that court would have

20    done ultimately or what other courts may have done.  But in an

21    effort to streamline the case and to hopefully cut back on some

22    of this motion practice, we did agree to forego the seeking of

23    statutory damages.  But the client at that point still wanted

24    to pursue the case, still wanted to see -- you know, even if

25    it's an actual damages case, and I can't get my attorney's
```

Tuesday, January 3, 2023.

```
 1   fees, it's important enough to me to pursue this case given the
 2   conduct of the defendants here in taking the photo, being
 3   unapologetic for taking the photo, refusing to take the photo
 4   down and then making these conspiracy claims that ultimately I
 5   think were voluntarily dismissed.  I think there was an amended
 6   counterclaim that didn't include them, and our client still
 7   wanted to pursue the case at that point.
 8             THE COURT:  So at this point, if Plaintiff were to
 9   prevail at trial, hypothetically, attorney's fees for Plaintiff
10   would be off the table; is that correct?
11             MR. DeSOUZA:  Correct.
12             Taxable costs would be on the table and actual
13   damages for disgorgement of profits would be on the table.  I
14   don't believe there's any profits that have been established in
15   discovery of the defendants, so we're really talking about lost
16   licensing fees that the plaintiff lost, as a result of this,
17   and any taxable costs at this point.
18             THE COURT:  All right.  And now in terms of the
19   current scheduling order, can you remind me what that provides?
20   I don't have that in front of me.
21             MR. DeSOUZA:  I don't have the exact dates in front
22   of me, Your Honor, but my understanding was that you gave us
23   two or three months of discovery with respect to the
24   defendant's' affirmative defenses.  I believe that expires
25   sometime this month.
```

Tuesday, January 3, 2023.

```
 1              THE COURT:  I think it's end of January.

 2              MR. DeSOUZA:  That's -- I can pull it up here on

 3    Pacer, Your Honor, but you probably have it quicker than I do.

 4    And the summary judgment deadline got pushed out into I believe

 5    end of February at that point.  But obviously, we already

 6    had --

 7              THE COURT:  So trial right now is set for which trial

 8    period?

 9              MR. DeSOUZA:  I'm not each sure that we got a new

10    trial date, Your Honor.

11              I'm sorry.  I think it's May 8th, 2023?  That's

12    docket entry 153.

13              And dispositive motions, I said end of February, but

14    it's actually February 10th under the new scheduling order.

15              THE COURT:  So the trial date is May, is that

16    correct?

17              MR. DeSOUZA:  Yes, Your Honor.

18              THE COURT:  Okay.  Am I also correct that you

19    don't -- you would agree to a condition that you would pay

20    defendants' attorneys' fees if Plaintiff refiled suit?  Is that

21    part of your motion?

22              MR. DeSOUZA:  That is correct, Your Honor.  And

23    there's at least two cases from this circuit, one was an

24    Eleventh Circuit case that was just affirming a district court,

25    and the other one I think was a Middle District case where
```

Tuesday, January 3, 2023.

```
 1   those were the conditions that were placed on that, if this is
 2   refiled.  The plaintiff will pay costs.  And I think even at
 3   that point, I don't believe costs was defined in those cases as
 4   including attorney's fees.  Here, we're volunteering to pay the
 5   taxable costs already, irrespective of refiling.  And on top of
 6   that, that if the plaintiff does choose to refile or go
 7   register this secondary photo and decide to pursue this case,
 8   that it be conditioned on the payment of attorney's fees.
 9              THE COURT:  Okay.
10              You may be seated.  I'm just reviewing here to see if
11   I have any other questions.
12              All right.  Mr. Klema -- is it Klema or Klema?  I
13   just want to make sure I'm pronouncing your last name
14   correctly.
15              MR. KLEMA:  Yes, Judge, it's Klema.
16              THE COURT:  Klema, okay.
17              Just as a small point, do you have any information
18   regarding that 1,000-dollar attorney payment that's been
19   referenced?
20              MR. KLEMA:  I have not seen an invoice from the
21   attorney.  It's a representation by my client, Mr. Abdelsayed,
22   that he did have that expense.  I am aware of the attorney's
23   name, but that's the extent of my knowledge.
24              THE COURT:  Okay.
25              All right.  So again, going back to those
```

1    discretionary factors that I mentioned, why don't you summarize

2    your position.  It does seem to me that the equities, at least

3    of those discretionary factors, Counsel in favor of granting

4    Plaintiff's motion with at least some conditions, given the

5    posture of the case and the various circumstances that have

6    been addressed in the numerous filings; but I do want to give

7    you a full opportunity to present your argument.

8         MR. KLEMA:  Thank you, Judge.  I'll try and be brief,

9    and summarize as you've requested.

10        The primary issue here is that the Court's presently

11   sitting in equity, so there's a lot of discretion that the

12   Court has.  Those factors that have been identified in the case

13   law are not required factors.  They're merely a guidepost by

14   which the Court can consider which way the equities may fall

15   with the primary emphasis being on to protect the defendant.  I

16   don't think there's any disagreement about what the objective

17   of the Court's decision at present is, which is to protect the

18   defendants.

19        Going to the factors -- actually, before I go to the

20   factors, it's important to note that the Eleventh Circuit has

21   said that ordinarily not -- a plaintiff is not permitted to

22   dismiss an action without prejudice under 41(a)(2)(F), that a

23   defendant has been put to considerable expense.

24        THE COURT:  In preparing for trial.

25        MR. KLEMA:  That is what the case law says.  I think

1    the spirit of what the factor is, is about what has the

2    defendant been put to up until the point that the Plaintiff has

3    requested a voluntary dismissal.

4           THE COURT:  Well, certainly.  I mean, I think it's

5    couched in terms of trial expense, but really, though, it's

6    targeted at what the defendant has borne in the form of

7    expense.  And that's, I think, where the difficulty lies here

8    which appears that the expense comes in the form of, you know,

9    attorneys' fees which certainly I think you've expended great

10   effort in this case and represented your client quite well.

11   But again, how does that counsel in favor of denying the motion

12   when the defendant himself hasn't been put to considerable

13   expense, much less considerable expense in preparing for trial?

14          MR. KLEMA:  It's a good question, Judge, and I think

15   the issue is, well, what has the defendant done in its effort

16   in its expenditure?  It's not a strict reimbursement quid pro

17   quo that, well, what have you actually had out-of-pocket in the

18   case?  And the reason that I say that is because the case law

19   says it's not only the attorney's fees, the costs, but the

20   expenses that are evaluated and can be considered and

21   conditioned on the dismissal.  The dismissal also can be with

22   prejudice given the expense up to that point.

23          Here, we've got the Copyright Act.  That's an

24   important issue with regard to, well, what efforts and what is

25   the underlying issue that incentivizes the litigation to defend

1    against these types of claims and clarify the law.

2           If we approach it strictly from a quid pro quo

3    standpoint, that neutralizes the congressional intent under

4    505, which is an important part of what the Supreme Court has

5    said influences discretionary events in a copyright

6    infringement case.  And this is one of those events.  The

7    effort and expense factor here, again citing to *Allegrini*,

8    68 Federal Supplement 684, talks about, well, what did the

9    defendants do or what did the party do in substantiating their

10   claim or the defense.  It's not strictly, again, about

11   out-of-pocket expenses here.

12          The second factor, just to summarize the remaining

13   issues, Judge, the diligence, I think, again, what the Court

14   is -- what the Eleventh Circuit is trying to emphasize be

15   considered in making an equitable decision is, well, what has

16   the plaintiff caused the defendant to do up until the plaintiff

17   has decided to say, you know what, I'd like to take a voluntary

18   dismissal by this point?

19          Delay, temporally speaking, is certainly an issue

20   there but is not limited to, well, has there been, strictly

21   speaking, delay.  What diligence has there been in the case

22   that could have led to significant effort by the defendants up

23   until the Rule 41 motion?

24          Here, it's the defendant's position, well, the

25   plaintiff wasn't exactly thorough in its initial prefiling

Tuesday, January 3, 2023.

1    diligence with regard to the CMI removal claim.  It wasn't

2    thorough and forthcoming in its discovery responses in

3    identifying, well, gee, we have these native photographs, we

4    don't know where they are right now, but we know they exist.

5    There are multiple native photographs that went into creating

6    this one picture.  If that was done early in this case, in

7    January of last year, I think we would have had a very

8    different complexion leading up to the end of the discovery

9    period and what ultimately unfolded.

10          So the diligence factor here does weigh in favor of

11   at least conditioning reimbursement of expenses if not an

12   outright denial of the request for voluntary dismissal because

13   of that.  It's the effort that the defendants went through

14   because of what the plaintiff had done in the case.

15          Factor three, dispositive motions, *Potenberg* doesn't

16   necessarily require that the summary judgment motion be pending

17   at the time that a Rule 41 motion has been filed.  Again, this

18   goes to, well, what have the defendants had to do up until the

19   point of a request for a dismissal?  And I think the record is

20   eminently clear that we've been through several stages of

21   summary judgment briefing; and as far as I can tell, the Court

22   preferred that the prior motion for summary judgment on the

23   infringement claims together with the 12(b)(1) motion for

24   dismissal for procedural reasons be recombined.  So that motion

25   was pending.

1          The plaintiff did not respond to that motion, and

2     there are important issues there which influenced the final --

3     well, not final, the fourth factor here:  Why is the plaintiff

4     taking a dismissal at this time?

5          I think the record makes very clear that the reasons

6     stated are -- at least existed by April of last year.  Well,

7     you know what, we're going to concede to the fact that this is

8     an actual damages only case.  We're going to waive our

9     statutory remedies.  You know, on a photograph like this and

10    what the alleged infringement was really makes this a very low

11    value case.  And it would have been at that point that the

12    plaintiff should have considered, you know what, we probably

13    should look very closely at whether we want to continue

14    litigating this case.  It made its choice by that point.

15         The letter from the plaintiff's counsel in response

16    to the defendant's Rule 11 motion on the statutory remedies, as

17    the Court may recall, we had briefing and motion practice on

18    that issue.  It was framed under Rule 12 rather than Rule 56,

19    and so I think it was denied procedurally more than

20    substantively; but the point remains that ultimately, the

21    defendants did prevail on that issue, albeit as a result of --

22    the first time in my career -- serving someone with a Rule 11

23    motion.

24         So we really have to look carefully, well, what

25    exactly is the plaintiff claiming?  Now is the time for a

```
 1   Rule 41 dismissal.  We're long into this case, we've got trial
 2   set for May 8th on a reset trial schedule.
 3              THE COURT:  That's still a number of months away, so
 4   I think it's hard to say that we're really on the eve of trial.
 5              MR. KLEMA:  And that's fair, Judge.
 6              Again, the fourth factor here is, well, what are the
 7   plaintiff's stated reasons.  I don't think, based on the
 8   record, that they add up to, well, it's not worth the effort
 9   and expense.  That point occurred at least six months ago, long
10   before we got into dispositive motion practice.  The effort
11   that the defendants were put through in this case occurred
12   subsequent to the reasons that are currently being stated for
13   the dismissal now.
14              So again, the Court sitting in equity, the defendants
15   had suggested that some additional considerations should be
16   evaluated in granting or denying or conditioning the dismissal
17   in this case.  And I've already mentioned, though briefly, the
18   Copyright Act.  What are the purposes of the Copyright Act?
19   What has the Supreme Court said and interpreted the Copyright
20   Act is supposed to incentivize?  And it actually incentivizes
21   the very kinds of suits that Affordable Aerial Photography and
22   many other plaintiffs with similar business models pursue these
23   claims with frequency because of, well, 505, the statutory
24   damages and unilateral fee shifting under that.
25              It does incentivize the plaintiff to do so; but by
```

```
 1   the same token, it incentivizes the defendants to prepare

 2   meritorious defenses, and I think what has been established of

 3   record is that they have very good defenses, and one of the

 4   chief new defenses that at this point has not been responded to

 5   by the plaintiff was in the previously denied summary judgment

 6   motion without prejudice which is, well, the deposition of

 7   Mr. Stevens.  He said unequivocally, "I would never have

 8   licensed the defendants to use this photograph under -- for no

 9   amount of money, under no circumstances."  I think that totally

10   destroys their case.  They can't prevail on their actual

11   damages only case.

12           And the statement of undisputed facts by the

13   plaintiff, they've agreed to that essentially, that that is the

14   position testimonially that Mr. Stevens took in the case, and

15   it seems to me that the plaintiffs have filed that

16   post-deposition of Mr. Stevens which the defendants would posit

17   really shows very clearly that the plaintiff doesn't have a

18   case.

19           So for that reason, the fourth factor weighs in favor

20   of at least conditioning dismissal on payment of the

21   defendant's attorney's fees and potentially denying the motion

22   outright.  Obviously, I recognize that, you know, deciding a

23   summary judgment motion is a heavy lift for the Court, but

24   given what the defendants have expended to present those issues

25   to the Court, they do believe that it has warranted further
```

Tuesday, January 3, 2023.

1   judicial effort in this case.

2           THE COURT:  All right.  Can you take a moment or two

3   to discuss your argument?  I think you make this in the updated

4   joint scheduling report that -- I think you say something about

5   your concern that the Court would lack subject matter

6   jurisdiction to entertain this motion to voluntarily dismiss

7   because of your ownership argument.  I'd like for you to

8   develop that a little bit.

9           MR. KLEMA:  Yes, Judge.  Thank you for raising that

10  issue.  I was going to address that at the conclusion of the

11  hearing.  Obviously, we've raised that a number of times in the

12  case.

13          The essence of that argument is as follows.  The

14  plaintiff doesn't own the copyright, and it's really important

15  to distinguish between the thing, the photograph that embodies

16  the creative effort, the originality, and the copyrights, the

17  right itself, the legal basis for enforcing those rights.

18  Those are two very different and distinct things.  So even if

19  someone owns the tangible thing in which the original

20  expression is embodied doesn't necessarily mean that they are

21  also the owner of the rights to enforce whatever that copyright

22  is.

23          In this situation, in this case, we have three native

24  photographs that Mr. Stevens took.  I think that it's very

25  obvious they're different photographs.  The work that is at

```
 1    issue here is some kind of a conglomeration unknown of those
 2    three native photographs.  It's unequivocally a different image
 3    in materially important ways.  This is a utilitarian photograph
 4    where very slight differences can have a significant impact on
 5    the scope of the copyright.  So when we look to authorship,
 6    which turns -- which, in turn, decides who owns the rights, and
 7    that's kind of the crux of the argument here, what was done
 8    creatively and by whom and when.
 9             I think Mr. Stevens took the photographs.  He has
10    authorship in the native files.  But there is an unknown person
11    outside the United States.  It appears to be in India.  We
12    don't actually know that, we have never been told.  And some
13    person unknown took those images digitally, combined certain
14    portions of them and created one final product, and actually
15    did this with the other photographs that were provided by
16    Affordable Aerial Photography.  So at that moment, the new
17    photograph became a different work separate and apart from the
18    underlying native photographs.
19             THE COURT:  Is this the Creative Retouch Studios?
20             MR. KLEMA:  Yes, Judge.  I'm sorry I didn't name them
21    specifically.  Creative Retouch Studios is what we understand
22    to be the overseas Asian studio that created the registered
23    work here.
24             THE COURT:  And am I correct that there's an
25    affidavit in the record from an employee of that company saying
```

1   they did only color edits to the photograph?  In other words,

2   there was no merging?

3          MR. KLEMA:  Yes, Judge, I think there is an

4   affidavit, and I'm not prepared necessarily to argue this

5   specific issue, so I'd kindly request a little leeway here --

6          THE COURT:  Certainly.

7          MR. KLEMA:  -- in recalling exactly what the

8   affidavit says.  But my recollection is it's not based on

9   personal knowledge.  That individual does not testify in that

10  affidavit that they were the person that created it.  The

11  affidavit itself appears to be suspect in terms of its

12  credibility.  I don't believe it creates a factual question on

13  authorship.

14         So we don't know --

15         THE COURT:  So this jurisdictional challenge, it

16  strikes me that it's really more of a merits attack on an

17  element of the claim on the validity of the copyright, and so

18  why wouldn't I just treat that as a merits challenge and then

19  be very satisfied that I have jurisdiction to adjudicate the

20  motion to dismiss?

21         MR. KLEMA:  It's a good question, Judge.  And there

22  are times where there is overlap between a plaintiff's standing

23  to bring suit and the merits of the case.  This happens to be

24  one such situation, and the Eleventh Circuit has indicated,

25  well, what is the proper procedural vehicle to do so, as well

```
 1   as, well, what standards apply in deciding a 12(b)(1)
 2   challenge; and it actually is a Rule 56 standard, even though
 3   it travels under technically Rule 12(b)(1).
 4           THE COURT:  Like a factual attack on the Court's
 5   jurisdiction.  But again, here we have a plaintiff who has
 6   invoked the judicial power by, of course, bringing suit under a
 7   federal statute, and given that overlap, I guess my question
 8   is:  Why isn't the proper course here to find that jurisdiction
 9   exists and deal with that objection that you're raising as a
10   direct attack on the merits of Plaintiff's case rather than a
11   standing question under Article III?
12           MR. KLEMA:  Because I think it necessarily
13   adjudicates both.  If the plaintiff lacks a copyright in the
14   registered work, they don't have standing, they don't have the
15   right.  They may have a registration, but that is not the
16   copyright.  So the issue really -- they go together.  I don't
17   think one can be decided without addressing the other, but --
18   so I think that answers Your Honor's question.
19           THE COURT:  Yes, it does.
20           MR. KLEMA:  I think it really does necessarily
21   adjudicate both the merits of the case as well as subject
22   matter jurisdiction.
23           THE COURT:  All right.
24           Now, can you explain exactly -- you discuss sort of
25   the policy goals and a lot of the work that's been done in this
```

 1    case.  But how exactly will the defendant, rather than the

 2    defendant's counsel be prejudiced by granting Plaintiff's

 3    motion contingent on, you know, payment of any taxable costs

 4    and paying defendant's attorney's fees if Plaintiff refiles

 5    suit?

 6          MR. KLEMA:  Good question, Judge.

 7          The substantive right to attorney's fees is not the

 8    attorney's.  The case law is clear, it's a substantive right of

 9    the party; and because that's a right of the party, that helps

10    incentivize representation in the court.  If the right is not

11    recognized substantively and is effectively neutralized merely

12    because of the underlying business relationship between the

13    lawyer and the client, then we've effectively removed the issue

14    from the case that the Eleventh Circuit has said needs to be

15    evaluated in deciding the propriety of a Rule 41 motion.

16          So it is harming a party and the defendant in this

17    case specifically because if a decision to the contrary to not

18    recognize a contingent fee relationship would disincentivize

19    representation by competent counsel in a case, so the issue is

20    prejudice to the defendant, if it's recognized that they don't

21    have a substantive right, that the business relationship

22    between lawyer and client suddenly becomes a relevant factor in

23    a plaintiff's decision to voluntarily dismiss the case does

24    harm, the essence of the attorney-client relationship.  And

25    then specifically in this case, I think if any attorney was

1    coming in and taking a look at it and saying, you know what, I

2    can't offer contingency fee services for this case -- and

3    actually my understanding, based on my client's representation,

4    is he did try to find that.  He didn't have the money to hire

5    an attorney.  He attempted to find counsel in this case before

6    requesting referral to the volunteer attorney program.  He had

7    that 1,000-dollar out-of-pocket expense and no further

8    resources to really defend himself in this case.

9         And I think, as the Court probably recognizes, there

10   are a number of defendants who are placed in the same position.

11   Lots of individuals in small businesses frequently face

12   30,000-dollar settlement demands on utilitarian photographs.

13        So this does harm Mr. Abdelsayed in his business

14   specifically in this case, but a decision adverse to that --

15   them here I think would have more broad-reaching consequences

16   generally that invade the attorney-client relationship.

17        THE COURT:  All right.  Thank you, Mr. Klema.

18        All right.  Let me give Plaintiff's counsel a few

19   minutes to wrap up, if there's anything further.

20        MR. DeSOUZA:  Yes, Your Honor.

21        On the subject matter jurisdiction argument, Your

22   Honor, I think Mr. Klema is somewhat confusing standing with

23   subject matter jurisdiction.  There's no shortage of cases out

24   there where a plaintiff files a lawsuit not even having a

25   copyright registration and a -- there's a dismissal -- or

```
 1    there's an argument as to whether there's subject matter
 2    jurisdiction, the plaintiff may lack standing at that point to
 3    have brought the claim, but that doesn't somehow divest the
 4    Court of subject matter jurisdiction to deal with all ancillary
 5    matters.
 6              I've seen dozens of cases on this, Your Honor.
 7    Courts can still award attorneys' fees to the defendant.
 8    Courts can still tax costs.  Courts can still enter orders in
 9    those cases.  So standing and subject matter jurisdiction are
10    not necessarily synonymous.  So I do think that even if
11    Mr. Klema is correct with this argument that the Indian
12    Creative Retouch Studio somehow has an ownership interest in
13    this photo -- and certainly we've opposed that, it's on the
14    docket, we've got the affidavit out there -- the case law
15    certainly seems to say, clear as day, Your Honor, that only the
16    original author -- in this case, the photographer, the case law
17    says in the case of photographs, the author is the photographer
18    and has the right to create derivative works.  "Derivative"
19    being defined as modifications, amendments, edits, exactly the
20    type of thing that happened here, Your Honor.
21              And I have yet to see a single case -- Mr. Klema is a
22    very intelligent attorney, I'm sure he has done his research on
23    Lexis and Westlaw.  He hasn't cited a case in a stands for the
24    proposition that a photographer who then takes a photograph and
25    sends it to some studio to be edited, whether it's in Photoshop
```

Tuesday, January 3, 2023.

1    or Lightroom or make the sky brighter, somehow has lost the

2    ownership right or the copyright in that photograph.  If that

3    case exists, it's not in any of the 158, 175 items on our

4    docket because I haven't found it and apparently Mr. Klema

5    hasn't found it either.

6         Your Honor, on this substantive right to attorney's

7    fees that Mr. Klema just finished with, I may have misheard

8    him, but I think he said my clients specifically are not

9    prejudiced by this dismissal, whereas clients in general, as a

10   policy matter, there is some prejudice that is out there.

11        If I misheard it, I apologize, but there is no doubt

12   that his clients are not prejudiced by this dismissal.  And we

13   raised this in our briefing, Your Honor, this is not a case

14   where the defendant is some competitor business that is trying

15   to bring a product to market and somehow needs a court ruling

16   to define what its rights are here, in this case.  This is a

17   single photograph that the defendant used on a website to

18   advertise a neighborhood that they've taken off their website

19   and have not indicated without this photo "our business is

20   destroyed and we cannot continue."

21        They don't need a ruling on this, Your Honor.  This

22   case has presented perhaps the most unique set of circumstances

23   in any copyright case that I've seen where you have a

24   registered photo, you have that photo combined to become

25   another photo, that photo didn't happen to be registered.  The

Tuesday, January 3, 2023.

1   parties believed they were the same photos for a year.  They're
2   not fighting over who gets to use the photo, whether the photo
3   was somehow belonging to the defendants or that they need it in
4   their marketing campaign.  This is not a decision if this case
5   goes all the way to summary judgment or trial, whether it's in
6   the plaintiff's favor or the defendant's favor, other than
7   money, that is going to make a difference or prejudice either
8   side on this case because the defendants have not presented any
9   argument that they are somehow prejudiced here.
10          And Your Honor asked Mr. Klema squarely, "You know,
11  what's the financial harm that your clients have suffered."
12  And there is none, other than perhaps this thousand dollars
13  that we still don't know who the lawyer is.  We don't know what
14  the time was for and deposition costs that we're offering to
15  reimburse them for.  There is no money out-of-pocket, and I
16  don't believe that we're having a policy argument here that
17  somehow we're stopping people from having a contingency
18  relationship or a pro bono relationship because it's just one
19  factor of many, Your Honor.  It's not that in any case where a
20  defendant is represented pro bono or on a contingency, the
21  Court is just going to willy-nilly grant a plaintiff's 41(a)(2)
22  dismissal.  No argument is being made to that extent.
23          Here, we have a specific set of facts before the
24  Court.  We've gone through the four factors that the courts
25  tend to analyze.  Mr. Klema would like the Court to analyze an

```
 1    additional two factors on top of that which, as far as I can
 2    tell, no other court has done.  But even with an analysis of
 3    all of those factors, we still wind up at the same place which
 4    is dismissal is appropriate upon appropriate conditions that
 5    the Court finds.
 6           And the only condition that Mr. Klema can think of,
 7    besides the ones that we have proposed, is pay me my attorney's
 8    fees.  And he has not argued that notwithstanding that they are
 9    a substantive right that he can share one dollar of that with
10    his client.  So his client is not walking out of here -- if the
11    Court awards a million dollars of attorney's fees, his client
12    does not get any of that.  His client will not have paid a
13    dollar of attorney's fees; and if the Court awards a dollar of
14    attorney's fees, his client will not receive 60 percent or
15    50 percent, or whatever the contingency is because the rules of
16    professional conduct are crystal clear that an award of
17    attorney's fees belongs to the attorney and not to the client.
18           So whether it's a substantive right or not, there has
19    not been an argument here that my clients somehow are better
20    off if you grant this motion and award me my attorney's fees,
21    or if you deny this motion and let us continue all the way
22    through trial so that we can win this case or lose this case,
23    and there's a judgment either for the defendant or for some
24    monetary amount of actual damages for the plaintiff.
25           THE COURT:  All right.  Thank you.
```

Tuesday, January 3, 2023.

```
 1            MR. DeSOUZA:  Thank you, Your Honor.

 2            THE COURT:  Okay.  So with respect to Plaintiff's

 3   motion to voluntarily dismiss its complaint -- this is docket

 4   entry 155 -- I'm going to grant that motion subject to two

 5   conditions that I'll spell out in a moment.

 6            This is a motion brought under 41(a)(2).  It seeks to

 7   file a notice of voluntary dismissal without prejudice and

 8   without any requirement that Plaintiff reimburse Defendants for

 9   their attorneys' fees.  Having considered the discretionary

10   factors outlined in the Eleventh Circuit's case law, as noted,

11   those include the defendant's effort and expense of preparation

12   for trial, any excessive delay and lack of diligence on the

13   part of the plaintiff in prosecuting the action, the

14   plaintiff's explanation for the need to take a dismissal, and

15   whether a motion for summary judgment has been filed by the

16   defendant, having considered those factors.  I do believe they

17   counsel in favor of granting the motion.

18            With respect to the first factor, I think it's clear

19   that Defense Counsel has expended great effort, and I commend

20   you for your vigorous advocacy; but the fact remains that

21   Defendant himself has not been put to that considerable expense

22   that can really be deemed prejudicial at this point.  And

23   although Plaintiff has made various laudable policy arguments

24   about the incentives for lawyer representation, I don't think

25   that dictates a different result on that factor at least.
```

1          With respect to excessive delay and lack of

2     diligence, I really don't think there's a record here that

3     supports that.  I mean, Defendant takes issue with perhaps some

4     thoroughness on the part of Plaintiff, and I think certainly

5     the record shows a huge amount of litigation in this case, but

6     I don't think it's reasonable to conclude on this record that

7     there has been excessive delay or lack of diligence on the part

8     of Plaintiff in prosecuting the action.

9          With respect to the explanation for the need to

10    dismiss, I think Plaintiff's explanation is valid.  This

11    litigation has undergone various permutations, and given the

12    representations of Counsel, I am satisfied that those reasons

13    are sufficient at this point.

14          And finally with respect to the summary judgment, I

15    do acknowledge there is a pending summary judgment motion, but

16    again, I don't think that tips the scales.

17          Finally, I do want to say a few words about

18    Defendant's jurisdictional challenge.  To the extent there's an

19    argument that I can't entertain this Rule 41(a)(2) motion

20    without addressing the Article III issue of standing, I will

21    just say that it strikes me that Defendant's argument is really

22    an attack on the merits of Plaintiff's case.  And I think the

23    proper course of action here, when we're dealing with a statute

24    that provides the basis for the Court's exercise of subject

25    matter jurisdiction and Plaintiff's substantive claim for

```
 1    relief is to find that jurisdiction exists and deal with the
 2    objection as a direct attack on the merits of Plaintiff's case.
 3    And when I do that, having surveyed the record, I think the
 4    best-case scenario for Defendant is that a factual dispute
 5    might exist as to who actually owns the property interests in
 6    the copyright.  But again, that wouldn't divest this Court of
 7    jurisdiction to entertain a Rule 41(a) motion in the Court's
 8    view.
 9             So for those reasons, I'm going to grant Plaintiff's
10    motion, but the conditions will be as follows:
11             Plaintiff paying Defendant's attorney's fees if
12    Plaintiff refiles suit and requiring Plaintiff to pay for
13    Defendant's costs other than attorney's fees.  Taxable costs is
14    what I'm referencing under Section 1920.  So to the extent
15    there are any outstanding costs that fall into that category,
16    that will be included in the order.
17             Procedurally, Mr. DeSouza, I think you said in your
18    motion you would file the motion within three days of the
19    Court's order; is that correct?
20             MR. DeSOUZA:  I think so, Your Honor, yes.
21             THE COURT:  Okay.  All right.
22             Well, then, three days from today, please file that
23    motion.  I will enter an order following this hearing that just
24    delineates those conditions and summarizes briefly the Court's
25    order today from the bench.
```

Tuesday, January 3, 2023.

1          Anything further, Mr. Klema?

2          MR. KLEMA:  No, Judge, not at this time.

3          THE COURT:  I do want to thank Mr. Klema for taking

4   on this case.  I don't in any way want to minimize the great

5   effort that you've undertaken or in any way suggest that

6   vigorous representation is worthwhile in these cases.  I simply

7   believe that in the Court's discretion, Plaintiff's motion

8   should be granted.  And I think Defendant's arguments, they're

9   creative and I think well-taken, but they stretch the factors

10  simply too far in my view.

11          So that is all I have.  The Court is in recess.

12  Thank you.

13          THE COURTROOM DEPUTY:  All rise.

14          *(PROCEEDINGS ADJOURNED AT 11:56 A.M.)*

15

16

17

18

19

20

21

22

23

24

25

1          **C–E–R–T–I–F–I–C–A–T–E**

2              I hereby certify that the foregoing is

3          an accurate transcription and proceedings in the

4          above–entitled matter.

5

**6/5/2023**                    ***/s/DIANE MILLER***
6  DATE                   DIANE MILLER, RMR, CRR, CRC
                          Official Court Reporter
7                         United States District Court
                          101 South U.S. Highway 1
8                         Fort Pierce, FL  34950
                          772–467–2337
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Tuesday, January 3, 2023.

Page 40

Affordable Aerial vs. ABDELSAYED, et al.
Case 9:21-cv-81331-AMC   Document 186   Entered on FLSD Docket 06/06/2023   Page 40 of 47

**MR. DeSOUZA: [16]** 2/7 2/25 4/24 6/18 6/24 7/12 10/15 15/11 15/21 16/2 16/9 16/17 16/22 30/20 35/1 37/20

**MR. KLEMA: [18]** 2/12 3/24 4/7 17/15 17/20 18/8 18/25 19/14 23/5 25/9 26/20 27/3 27/7 27/21 28/12 28/20 29/6 38/2

**THE COURT: [35]** 2/2 2/11 2/14 3/21 4/4 4/8 6/17 6/21 7/11 10/10 15/8 15/18 16/1 16/7 16/15 16/18 17/9 17/16 17/24 18/24 19/4 23/3 25/2 26/19 26/24 27/6 27/15 28/4 28/19 28/23 30/17 34/25 35/2 37/21 38/3

**THE COURTROOM DEPUTY: [2]** 2/4 38/13

**$**

**$1,000 [1]** 6/17
**$2,000 [1]** 6/4
**$200,000 [1]** 8/5
**$250,000 [1]** 6/9

**/**

**/s/DIANE [1]** 39/5

**1**

**1,000-dollar [2]** 17/18 30/7
**100,000 [1]** 8/5
**101 [1]** 39/7
**10th [1]** 16/14
**11 [2]** 22/16 22/22
**11:56 [1]** 38/14
**12 [4]** 21/23 22/18 28/1 28/3
**150 [1]** 5/15

**1500 [1]** 6/4
**153 [1]** 16/12
**155 [1]** 35/4
**158 [1]** 32/3
**172381 [1]** 1/16
**175 [1]** 32/3
**1920 [2]** 3/17 37/14

**2**

**2023 [3]** 1/5 16/11 39/5
**21-81331-CIV-CANNON [1]** 1/2
**2337 [1]** 39/8

**3**

**30 [2]** 3/7 9/9
**30,000-dollar [1]** 30/12
**30-dollar [2]** 4/1 6/1
**301 [1]** 1/13
**3111 [1]** 1/13
**331065 [1]** 1/14
**33672 [1]** 1/17
**34950 [1]** 39/8

**4**

**41 [14]** 4/22 4/25 7/18 10/18 10/20 18/22 20/23 21/17 23/1 29/15 33/21 35/6 36/19 37/7
**47 [1]** 1/7

**5**

**50 percent [1]** 34/15
**50,000 [1]** 8/5
**505 [2]** 20/4 23/23
**56 [2]** 22/18 28/2

**6**

**6/5/2023 [1]** 39/5
**60 percent [1]** 34/14
**68 Federal [1]** 20/8
**684 [1]** 20/8

**7**

**750 hours [1]** 6/8
**772-467-2337 [1]**

39/8

**8**

**8th [2]** 16/11 23/2

**A**

**A.M [1]** 38/14
**ABDELSAYED [12]** 1/6 2/13 3/25 12/6 12/15 12/24 13/21 13/22 14/3 14/11 17/21 30/13
**Abdelsayed, [1]** 2/5
**Abdelsayed, et [1]** 2/5
**above [1]** 39/4
**above-entitled [1]** 39/4
**accused [1]** 12/23
**acknowledge [1]** 36/15
**Act [4]** 19/23 23/18 23/18 23/20
**action [8]** 4/16 4/22 8/15 8/19 18/22 35/13 36/8 36/23
**add [1]** 23/8
**address [5]** 2/15 5/9 8/19 10/15 25/10
**ADJOURNED [1]** 38/14
**adjudicate [2]** 27/19 28/21
**adjudicates [1]** 28/13
**admissions [1]** 9/15
**admitting [2]** 9/14 9/15
**adverse [1]** 30/14
**advertise [1]** 32/18
**advocacy [1]** 35/20
**AERIAL [4]** 1/3 2/4 23/21 26/16
**affidavit [7]** 9/7 26/25 27/4 27/8 27/10 27/11 31/14

**affirmative [3]** 11/6 11/7 15/24
**affirming [1]** 16/24
**AFFORDABLE [4]** 1/3 2/4 23/21 26/16
**aggressive [1]** 10/4
**agreement [2]** 7/24 11/8
**AILEEN [1]** 1/9
**al [2]** 1/6 2/5
**albeit [1]** 22/21
**alleged [1]** 22/10
**Allegrini [1]** 20/7
**allow [1]** 6/10
**allowed [1]** 13/7
**although [1]** 35/23
**amended [4]** 2/17 9/20 9/21 15/5
**amendments [1]** 31/19
**amount [4]** 7/14 24/9 34/24 36/5
**analysis [1]** 34/2
**analyze [2]** 33/25 33/25
**ancillary [1]** 31/4
**answer [4]** 7/4 9/2 9/14 9/20
**answers [1]** 28/18
**apologize [1]** 32/11
**appearance [3]** 2/6 3/6 12/13
**APPEARANCES [1]** 1/11
**applicable [1]** 2/23
**apply [1]** 28/1
**approach [1]** 20/2
**argue [1]** 27/4
**argued [2]** 8/4 34/8
**argument [15]** 2/21 18/7 25/3 25/7 25/13 26/7 30/21 31/1 31/11 33/9 33/16 33/22 34/19 36/19 36/21

**arguments [2]** 35/23 38/8
**Article [2]** 28/11 36/20
**Article III [2]** 28/11 36/20
**Asian [1]** 26/22
**assistance [1]** 7/8
**associated [1]** 3/6
**Assuming [1]** 6/21
**attack [5]** 27/16 28/4 28/10 36/22 37/2
**attempted [1]** 30/5
**attorney [14]** 6/15 6/20 7/5 7/7 7/9 17/18 17/21 29/24 29/25 30/5 30/6 30/16 31/22 34/17
**attorney's [25]** 2/19 5/23 6/9 6/13 8/3 13/25 14/25 15/9 17/4 17/8 17/22 19/19 24/21 29/4 29/7 29/8 32/6 34/7 34/11 34/13 34/14 34/17 34/20 37/11 37/13
**attorney-client [2]** 29/24 30/16
**attorneys' [5]** 4/22 16/20 19/9 31/7 35/9
**author [1]** 31/16 31/17
**authorization [1]** 2/18
**authorship [3]** 26/5 26/10 27/13
**award [3]** 31/7 34/16 34/20
**awarded [1]** 8/5
**awards [2]** 34/11 34/13

**B**

**backwards [1]** 8/14
**Bar [2]** 7/7 8/2

**B**

**Bar's [1]** 7/6
**basis [5]** 8/8 8/11 14/6 25/17 36/24
**becomes [1]** 29/22
**behind [2]** 7/18 14/3
**belief [1]** 9/18
**belonging [1]** 33/3
**belongs [1]** 34/17
**bench [1]** 37/25
**benefit [1]** 8/6
**besides [1]** 34/7
**best-case [1]** 37/4
**bill [1]** 6/19
**billed [1]** 6/7
**bono [2]** 33/18 33/20
**borne [1]** 19/6
**Box [1]** 1/16
**brief [1]** 18/8
**briefing [3]** 21/21 22/17 32/13
**brighter [1]** 32/1
**broad [1]** 30/15
**broad-reaching [1]** 30/15
**business [7]** 13/5 23/22 29/12 29/21 30/13 32/14 32/19
**businesses [1]** 30/11

**C**

**C-E-R-T-I-F-I-C-A-T-E [1]** 38/15
**campaign [1]** 33/4
**CANNON [2]** 1/2 1/9
**career [1]** 22/22
**carefully [1]** 22/24
**category [1]** 37/15
**certify [1]** 39/2
**challenge [4]** 27/15 27/18 28/2 36/18
**charged [1]** 7/16

**chief [1]** 24/4
**choice [1]** 22/14
**choose [1]** 17/6
**circuit [9]** 4/12 5/9 5/13 16/23 16/24 18/20 20/14 27/24 29/14
**Circuit's [1]** 35/10
**circumstance [1]** 5/21
**circumstances [3]** 18/5 24/9 32/22
**cited [1]** 31/23
**citing [1]** 20/7
**CIV [1]** 1/2
**claim [6]** 14/10 20/10 21/1 27/17 31/3 36/25
**claiming [1]** 22/25
**claims [5]** 13/1 15/4 20/1 21/23 23/23
**clarification [2]** 2/20 3/1
**clarify [1]** 20/1
**clear [7]** 4/1 21/20 22/5 29/8 31/15 34/16 35/18
**client [16]** 7/1 7/8 14/23 15/6 17/21 19/10 29/13 29/22 29/24 30/16 34/10 34/10 34/11 34/12 34/14 34/17
**client's [3]** 6/22 9/16 30/3
**clients [10]** 7/15 7/24 8/6 12/20 12/25 32/8 32/9 32/12 33/11 34/19
**closely [1]** 22/13
**CMI [1]** 21/1
**Co [1]** 2/10
**Co-counsel [1]** 2/10
**color [1]** 27/1
**combined [2]** 26/13 32/24
**commend [1]** 35/19
**company [1]** 26/25

**competent [1]** 29/19
**competitor [1]** 32/14
**complaint [3]** 2/17 9/5 35/3
**complaints [1]** 12/19
**complexion [1]** 21/8
**concede [1]** 22/7
**concern [1]** 25/5
**concerns [1]** 3/25
**conclude [1]** 36/6
**conclusion [1]** 25/10
**condition [5]** 3/1 5/5 6/23 16/19 34/6
**conditioned [3]** 2/18 17/8 19/21
**conditioning [3]** 21/11 23/16 24/20
**conditions [7]** 5/2 17/1 18/4 34/4 35/5 37/10 37/24
**conduct [2]** 15/2 34/16
**confusing [1]** 30/22
**conglomeration [1]** 26/1
**congratulate [1]** 7/14
**congressional [1]** 20/3
**Connie [2]** 3/11 12/20
**consequences [1]** 30/15
**considerable [4]** 18/23 19/12 19/13 35/21
**consideration [1]** 4/10
**considerations [1]** 23/15
**conspiracy [2]** 12/23 15/4
**contingency [5]** 7/23 30/2 33/17 33/20 34/15
**contingent [2]**

29/3 29/18
**contrary [1]** 29/17
**copyright [15]** 19/23 20/5 23/18 23/18 23/19 25/14 25/21 26/5 27/17 28/13 28/16 30/25 32/2 32/23 37/6
**copyrights [1]** 12/19
**Coral [1]** 1/14
**CORP [1]** 1/6
**corporate [1]** 3/7
**couched [1]** 19/5
**counterclaim [2]** 7/4 15/6
**counterclaims [1]** 12/19
**court [41]**
**court's [12]** 4/13 5/1 5/4 10/5 18/10 18/17 28/4 36/24 37/7 37/19 37/24 38/7
**courts [7]** 5/8 5/13 14/20 31/7 31/8 31/8 33/24
**crawls [1]** 13/20
**CRC [2]** 1/23 39/6
**create [1]** 31/18
**created [3]** 26/14 26/22 27/10
**creates [1]** 27/12
**creating [1]** 21/5
**creative [5]** 25/16 26/19 26/21 31/12 38/9
**creatively [1]** 26/8
**credibility [1]** 27/12
**criticize [1]** 10/2
**CRR [2]** 1/23 39/6
**crux [2]** 7/18 26/7
**crystal [1]** 34/16
**cut [2]** 14/14 14/21

**D**

**D'Loughy [1]** 2/10
**damages [11]** 13/24 14/7 14/12

14/17 14/23 14/25 15/13 22/8 23/24 24/11 34/24
**DANIEL [2]** 1/12 2/7
**deadline [2]** 11/19 16/4
**decide [1]** 17/7
**decided [2]** 20/17 28/17
**decides [1]** 26/6
**decision [6]** 18/17 20/15 29/17 29/23 30/14 33/4
**declaration [1]** 9/7
**deemed [1]** 35/22
**defend [2]** 19/25 30/8
**defendant [27]** 3/3 4/19 5/11 7/19 7/19 10/13 10/22 11/15 18/15 18/23 19/2 19/6 19/12 19/15 20/16 29/1 29/16 29/20 31/7 32/14 32/17 33/20 34/23 35/16 35/21 36/3 37/4
**defendant's [16]** 2/19 3/3 4/14 11/21 20/24 22/16 24/21 29/2 29/4 33/6 35/11 36/18 36/21 37/11 37/13 38/8
**defendant's' [1]** 15/24
**defendants [41]**
**defendants' [3]** 8/8 8/9 16/20
**defense [2]** 20/10 35/19
**defenses [6]** 11/7 11/7 15/24 24/2 24/3 24/4
**defined [2]** 17/3 31/19
**definition [1]** 3/22
**delay [9]** 4/15 8/13 8/14 8/16 20/19 20/21 35/12 36/1 36/7

Page 42
Affordable Aerial vs. ABDELSAYED, et al.
Case 9:21-cv-81331-AMC   Document 186   Entered on FLSD Docket 06/06/2023   Page 42 of 47

**D**

delineates [1] 37/24
demand [1] 14/10
demands [1] 30/12
denial [1] 21/12
denied [3] 10/19 22/19 24/5
deny [2] 5/1 34/21
denying [3] 19/11 23/16 24/21
deposed [2] 13/6 13/9
deposition [13] 3/5 3/7 3/10 3/12 3/20 5/24 5/25 9/9 9/17 13/2 24/6 24/16 33/14
depositions [2] 3/12 5/18
derivative [2] 31/18 31/18
DeSOUZA [5] 1/12 1/12 2/8 4/20 37/17
destroyed [1] 32/20
destroys [1] 24/10
develop [1] 25/8
diane [4] 1/23 1/25 39/5 39/6
dictates [1] 35/25
difference [1] 33/7
differences [1] 26/4
difficulty [1] 19/7
digitally [1] 26/13
diligence [8] 4/15 20/13 20/21 21/1 21/10 35/12 36/2 36/7
diligent [3] 8/18 9/1 10/3
direct [2] 28/10 37/2
disagreement [1] 18/16
discovery [18] 3/9 5/19 8/16 8/18

8/21 8/24 8/24 9/19 10/19 10/25 11/6 11/8 11/17 11/18 15/15 15/23 21/2 21/8
discretion [4] 4/13 5/1 18/11 38/7
discretionary [5] 4/11 18/1 18/3 20/5 35/9
discussions [1] 11/3
disgorgement [1] 15/13
disincentivize [1] 29/18
dismiss [11] 2/16 4/22 6/10 10/14 10/22 18/22 25/6 27/20 29/23 35/3 36/10
dismissal [24] 2/18 4/17 5/7 8/12 10/11 19/3 19/21 19/21 20/18 21/12 21/19 21/24 22/4 23/1 23/13 23/16 24/20 30/25 32/9 32/12 33/22 34/4 35/7 35/14
dismissed [1] 15/5
dispositive [3] 16/13 21/15 23/10
dispute [1] 37/4
disputes [1] 8/21
distinct [2] 13/14 25/18
distinguish [1] 25/15
district [7] 1/1 1/1 1/10 1/24 16/24 16/25 39/7
divest [2] 31/3 37/6
DIVISION [1] 1/2
docket [7] 5/15 8/25 14/16 16/12 31/14 32/4 35/3
documentation [1] 6/22
dollar [10] 4/1 6/1

6/11 7/16 17/18 30/7 30/12 34/9 34/13 34/13
dollars [3] 6/14 33/12 34/11
doubt [3] 5/14 7/13 32/11
dozens [1] 31/6
drafting [1] 7/7

**E**

early [1] 21/6
edited [1] 31/25
edits [2] 27/1 31/19
effectively [2] 29/11 29/13
effort [14] 4/14 14/21 19/10 19/15 20/7 20/22 21/13 23/8 23/10 25/1 25/16 35/11 35/19 38/5
efforts [1] 19/24
element [1] 27/17
Eleventh [7] 4/12 16/24 18/20 20/14 27/24 29/14 35/10
embodied [1] 25/20
embodies [1] 25/15
eminently [1] 21/20
emphasis [1] 18/15
emphasize [1] 20/14
employee [1] 26/25
enforce [1] 25/21
enforcing [1] 25/17
enter [2] 31/8 37/23
entertain [3] 25/6 36/19 37/7
entitled [2] 12/9 39/4
entry [2] 16/12 35/4
entry 153 [1] 16/12

entry 155 [1] 35/4
equitable [1] 20/15
equities [2] 18/2 18/14
equity [2] 18/11 23/14
especially [1] 11/17
ESQ [3] 1/12 1/12 1/15
essence [2] 25/13 29/24
essentially [2] 5/4 24/13
established [2] 15/14 24/2
Estate [1] 12/20
et [2] 1/6 2/5
evaluated [3] 19/20 23/16 29/15
eve [1] 23/4
events [2] 20/5 20/6
evidence [1] 13/18
excessive [4] 4/15 35/12 36/1 36/7
exercise [1] 36/24
exist [2] 21/4 37/5
existence [1] 10/12
exists [4] 6/21 28/9 32/3 37/1
expanded [3] 19/9 24/24 35/19
expenditure [1] 19/16
expense [14] 4/14 17/22 18/23 19/5 19/7 19/8 19/13 19/13 19/22 20/7 23/9 30/7 35/11 35/21
expenses [3] 19/20 20/11 21/11
expires [1] 15/24
explanation [7] 4/17 10/11 11/22 11/23 35/14 36/9 36/10
expression [1]

25/20
extended [1] 10/25
extent [4] 17/23 33/22 36/18 37/14

**F**

face [1] 30/11
fact [3] 10/21 22/7 35/20
factor [18] 8/11 8/13 8/14 9/15 10/20 10/23 19/1 20/7 20/12 21/10 21/15 22/3 23/6 24/19 29/22 33/19 35/18 35/25
factors [19] 4/11 4/20 5/3 5/8 5/11 5/12 10/10 18/1 18/3 18/12 18/13 18/19 18/20 33/24 34/1 34/3 35/10 35/16 38/9
facts [2] 24/12 33/23
factual [3] 27/12 28/4 37/4
fall [3] 3/22 18/14 37/15
favor [10] 10/23 11/16 11/21 18/3 19/11 21/10 24/19 33/6 33/6 35/17
February 10th [1] 16/14
federal [2] 20/8 28/7
fee [7] 4/1 4/5 6/22 7/23 23/24 29/18 30/2
fees [34] 2/19 3/6 4/23 5/23 6/9 6/13 7/17 7/20 7/21 8/4 8/5 13/25 15/1 15/9 15/16 16/20 17/4 17/8 19/9 19/19 24/21 29/4 29/7 31/7 32/7 34/8 34/11 34/13 34/14 34/17 34/20 35/9 37/11 37/13
fiercely [1] 7/15

Page 43
Affordable Aerial vs. ABDELSAYED, et al.
Case 9:21-cv-81331-AMC   Document 186   Entered on FLSD Docket 06/06/2023   Page 43 of 47

**F**

fighting [1]  33/2
file [4]  2/18 35/7
37/18 37/22
files [2]  26/10
30/24
filings [1]  18/6
final [3]  22/2 22/3
26/14
finally [2]  36/14
36/17
financial [1]
33/11
finished [1]  32/7
first-amended [1]
2/17
FL [3]  1/14 1/17
39/8
FLORIDA [5]  1/1
1/4 7/6 7/7 8/2
flsd.uscourts.gov
[1]  1/25
forego [2]  14/16
14/22
foregoing [1]
39/2
form [2]  19/6 19/8
FORT [3]  1/2 1/4
39/8
forthcoming [1]
21/2
fortuitously [1]
14/5
fourth [3]  22/3
23/6 24/19
frankly [3]  6/4 9/2
12/6
frequency [1]
23/23
frequently [1]
30/11
front [3]  13/18
15/20 15/21

**G**

general [1]  32/9
gets [1]  33/2
goals [1]  28/25
gotten [1]  11/18
grant [6]  4/10 5/1
33/21 34/20 35/4
37/9
granted [2]  14/13

38/8
granting [4]  18/3
23/16 29/2 35/17
great [3]  19/9
35/19 38/4
GRIFFIN [2]  1/15
2/12
grow [1]  13/12
guide [2]  4/12
4/20
guidepost [1]
18/13

**H**

harm [3]  29/24
30/13 33/11
harming [1]  29/16
Hausman [2]  2/10
hearing [6]  1/9
2/15 11/10 11/12
25/11 37/23
hearings [1]  8/23
heavy [1]  24/23
hereby [1]  39/2
Highway [1]  39/7
hire [1]  30/4
hold [1]  11/9
Honor [44]
Honor's [1]  28/18
HONORABLE [1]
1/9
hope [1]  14/14
hopefully [1]
14/21
hotly [1]  5/16
hours [1]  6/8
huge [1]  36/5
hurt [1]  12/24
hypothetically [1]
15/9

**I**

III [2]  28/11 36/20
image [1]  26/2
images [1]  26/13
impact [1]  26/4
implied [1]  14/10
impose [1]  5/1
INC [1]  1/3
incentives [1]
35/24
incentivize [3]
23/20 23/25 29/10

incentivizes [3]
19/25 23/20 24/1
Incorporated [1]
2/5
Incorporated vs
[1]  2/5
incurred [8]  3/13
3/25 6/7 6/14 7/16
7/20 7/21 7/22
India [1]  26/11
Indian [1]  31/11
indication [2]
13/21 13/23
individual [1]
27/9
individuals [1]
30/11
influenced [1]
22/2
influences [1]
20/5
information [1]
17/17
infringement [3]
20/6 21/23 22/10
initial [1]  20/25
instructed [1]
12/16
insufficient [2]
4/17 10/11 11/22
intelligent [1]
31/22
intent [1]  20/3
interest [1]  31/12
interests [1]  37/5
internet [1]  13/19
invade [1]  30/16
invoice [1]  17/20
invoked [1]  28/6
irrespective [1]
17/5
issue [17]  9/4
9/16 18/10 19/15
19/24 19/25 20/19
22/18 22/21 25/10
26/1 27/5 28/16
29/13 29/19 36/3
36/20
issues [4]  3/9
20/13 22/2 24/24
items [2]  5/15
32/3

**J**

James [1]  2/10
job [1]  5/4
JOHN [2]  1/6 2/13
join [1]  12/22
joint [1]  25/4
JUDGE [12]  1/10
17/15 18/8 19/14
20/13 23/5 25/9
26/20 27/3 27/21
29/6 38/2
judgment [25]
4/18 10/8 10/12
10/16 10/17 10/21
10/24 11/1 11/4
11/11 11/14 11/16
11/19 14/19 16/4
21/16 21/21 21/22
24/5 24/23 33/5
34/23 35/15 36/14
36/15
judicial [2]  25/1
28/6
jurisdiction [13]
25/6 27/19 28/5
28/8 28/22 30/21
30/23 31/2 31/4
31/9 36/25 37/1
37/7
jurisdictional [2]
27/15 36/18

**K**

kinds [1]  23/21
KLEMA [34]  1/15
1/16 2/12 2/14
3/16 3/21 4/9 6/3
6/6 6/13 7/13 7/22
8/4 11/3 11/9
11/24 12/12 12/16
17/12 17/12 17/12
17/15 17/16 30/17
30/22 31/11 31/21
32/4 32/7 33/10
33/25 34/6 38/1
38/3
Klema's [2]  6/15
9/7

**L**

lack [7]  4/15 12/8
25/5 31/2 35/12
36/1 36/7

lacks [1]  28/13
laudable [1]
35/23
Lauren [1]  2/10
law [12]  1/12 1/16
2/23 11/15 18/13
18/25 19/18 20/1
29/8 31/14 31/16
35/10
lawsuit [3]  12/12
14/9 30/24
leading [1]  21/8
led [2]  10/7 20/22
leeway [1]  27/5
legal [2]  7/16
25/17
letter [2]  14/10
22/15
Lexis [1]  31/23
license [1]  14/10
licensed [1]  24/8
licensing [1]
15/16
lift [1]  24/23
Lightroom [1]
32/1
limited [1]  20/20
listings [1]  12/24
litigated [3]  5/16
13/25 14/1
litigating [1]  10/6
22/14
litigation [4]
14/15 19/25 36/5
36/11

**M**

machines [1]
13/19
magistrate [2]
5/18 8/22
mailed [1]  12/21
market [1]  32/15
marketing [1]
33/4
materially [1]
26/3
matter [10]  25/5
28/22 30/21 30/23
31/1 31/4 31/9
32/10 36/25 39/4
matters [2]  10/6
31/5

## M

**May 8th [2]** 16/11 23/2
**McGinnis [6]** 3/11 12/20 12/22 13/2 13/4 13/13
**mediation [1]** 3/17
**merely [2]** 18/13 29/11
**merging [1]** 27/2
**meritorious [1]** 24/2
**merits [7]** 27/16 27/18 27/23 28/10 28/21 36/22 37/2
**Middle [1]** 16/25
**miller [4]** 1/23 1/25 39/5 39/6
**million [1]** 34/11
**minimize [1]** 38/4
**misheard [2]** 32/7 32/11
**MLS [1]** 12/24
**models [1]** 23/22
**modifications [1]** 31/19
**moment [3]** 25/2 26/16 35/5
**monetary [1]** 34/24
**month [2]** 12/12 15/25
**months [5]** 9/23 14/5 15/23 23/3 23/9
**motion [60]**
**motions [9]** 5/16 5/17 8/22 10/8 10/18 10/19 11/1 16/13 21/15
**Mr. [61]**
**Mr. Abdelsayed [10]** 3/25 12/6 12/15 12/24 13/21 13/22 14/3 14/11 17/21 30/13
**Mr. DeSouza [2]** 4/20 37/17
**Mr. Klema [27]** 2/14 3/16 3/21 4/9 6/3 6/6 6/13 7/13

7/22 8/4 11/3 11/9 11/24 12/12 12/16 17/12 30/17 30/22 31/11 31/21 32/4 32/7 33/10 33/25 34/6 38/1 38/3
**Mr. Klema's [2]** 6/15 9/7
**Mr. McGinnis [4]** 12/22 13/2 13/4 13/13
**Mr. Stevens [13]** 2/9 3/11 11/25 12/2 12/23 12/25 13/3 13/8 24/7 24/14 24/16 25/24 26/9
**Mr. Stevens' [3]** 12/19 13/6 14/5
**Mrs. [2]** 3/10 13/14
**Mrs. Stevens [2]** 3/10 13/14
**multiple [1]** 21/5

## N

**naive [1]** 14/13
**native [6]** 21/3 21/5 25/23 26/2 26/10 26/18
**neighborhood [1]** 32/18
**neutralized [1]** 29/11
**neutralizes [1]** 20/3
**nilly [1]** 33/21
**nondiligence [3]** 8/14 8/16 9/25
**none [1]** 33/12
**nonlawyer [1]** 8/4
**nonpayment [1]** 2/19
**notation [2]** 7/6 7/6
**notice [1]** 35/7
**notwithstanding [1]** 34/8
**number [3]** 23/3 25/11 30/10
**numerous [1]** 18/6

## O

**objection [2]** 28/9 37/2
**objections [2]** 5/18 8/23
**objective [1]** 18/16
**obvious [1]** 25/25
**offer [1]** 30/2
**offering [2]** 3/18 33/14
**Office [1]** 1/16
**Official [2]** 1/24 39/6
**ongoing [1]** 10/19
**open [1]** 14/11
**opportunity [1]** 18/7
**oppose [1]** 6/17
**opposed [1]** 31/13
**opposition [7]** 3/16 5/10 6/7 8/7 8/16 8/17 11/11
**oppositions [1]** 5/17
**order [9]** 3/8 11/2 14/16 15/19 16/14 37/16 37/19 37/23 37/25
**orders [1]** 31/8
**ordinarily [1]** 18/21
**original [2]** 25/19 31/16
**originality [1]** 25/16
**outlined [1]** 35/10
**outright [2]** 21/12 24/22
**outstanding [1]** 37/15
**overlap [2]** 27/22 28/7
**overly [1]** 10/2
**overseas [1]** 26/22
**owner [1]** 25/21
**ownership [3]** 25/7 31/12 32/2
**owns [3]** 25/19 26/6 37/5

## P

**P-R-O-C-E-E-D-I-N-G-S [1]** 2/1
**P.L [1]** 1/16
**PA [1]** 1/12
**Pacer [1]** 16/3
**PAGES [1]** 1/7
**Palm [1]** 12/20
**part [6]** 4/16 16/21 20/4 35/13 36/4 36/7
**parties [6]** 2/6 5/5 8/25 10/2 10/17 33/1
**parties' [1]** 10/6
**party [6]** 3/4 12/19 20/9 29/9 29/9 29/16
**pay [10]** 3/2 3/14 3/16 3/18 3/19 16/19 17/2 17/4 34/7 37/12
**payment [6]** 6/17 6/23 17/8 17/18 24/20 29/3
**pending [8]** 9/11 10/21 11/8 11/14 12/12 21/16 21/25 36/15
**people [1]** 33/17
**perhaps [4]** 14/13 32/22 33/12 36/3
**period [5]** 9/10 10/25 11/17 16/8 21/9
**permitted [2]** 4/21 18/21
**permutations [1]** 36/11
**person [3]** 26/10 26/13 27/10
**personal [2]** 13/10 27/9
**photo [22]** 9/12 9/13 12/6 12/9 12/10 12/14 12/15 13/22 14/4 14/9 15/2 15/3 15/3 17/7 31/13 32/19 32/24 32/24 32/25 32/25 33/2 33/2
**photograph [11]**

9/4 9/5 22/9 24/8 25/15 26/3 26/17 27/1 31/24 32/2 32/17
**photographer [3]** 31/16 31/17 31/24
**photographs [10]** 21/3 21/5 25/24 25/25 26/2 26/9 26/15 26/18 30/12 31/17
**PHOTOGRAPHY [4]** 1/3 2/4 23/21 26/16
**photos [6]** 9/12 9/13 9/18 9/22 12/24 33/1
**Photoshop [1]** 31/25
**Pickersgill [2]** 14/8 14/17
**picture [1]** 21/6
**piece [1]** 8/2
**PIERCE [3]** 1/2 1/4 39/8
**place [1]** 34/3
**plaintiff [52]**
**plaintiff's [25]** 2/9 2/15 2/24 3/6 4/11 9/9 10/13 18/4 22/15 23/7 27/22 28/10 29/2 29/23 30/18 33/6 33/21 35/2 35/14 36/10 36/22 36/25 37/2 37/9 38/7
**plaintiffs [3]** 2/20 23/22 24/15
**pocket [6]** 6/2 8/10 19/17 20/11 30/7 33/15
**point [33]** 4/21 5/22 6/10 6/16 7/10 8/1 8/19 9/3 9/8 9/17 11/5 11/17 11/20 13/6 14/23 15/7 15/8 15/17 16/5 17/3 17/17 19/2 19/22 20/18 21/19 22/11 22/14 22/20 23/9 24/4 31/2 35/22 36/13

Page 45

Affordable Aerial vs. ABDELSAYED, et al.
Case 9:21-cv-81331-AMC Document 186 Entered on FLSD Docket 06/06/2023 Page 45 of 47

**P**

policy [4] 28/25 32/10 33/16 35/23
posit [1] 24/16
position [5] 6/23 18/2 20/24 24/14 30/10
possibility [2] 13/14 14/11
post [2] 1/16 24/16
post-deposition [1] 24/16
posture [1] 18/5
Potenberg [1] 21/15
potentially [2] 13/25 24/21
power [1] 28/6
practice [4] 10/5 14/22 22/17 23/10
preferred [1] 21/22
prefiling [1] 20/25
prejudice [7] 18/22 19/22 24/6 29/20 32/10 33/7 35/7
prejudiced [4] 29/2 32/9 32/12 33/9
prejudicial [1] 35/22
preparation [2] 4/14 35/11
prepared [3] 7/5 7/8 27/4
preregistration [1] 13/23
present [3] 18/7 18/17 24/24
presently [1] 18/10
prevail [3] 15/9 22/21 24/10
prevailing [1] 3/4
primary [2] 18/10 18/15
principle [1] 7/18
pro [6] 7/4 7/8 19/16 20/2 33/18 33/20

pro bono [2] 33/18 33/20
pro se [2] 7/4 7/8
problem [2] 7/1 7/1
procedural [2] 21/24 27/25
procedurally [2] 22/19 37/17
proceeded [2] 5/14 5/19
proceedings [2] 38/14 39/3
proceeds [1] 13/11
process [5] 4/1 5/6 5/15 6/1 11/12
product [2] 26/14 32/15
professional [2] 13/11 34/16
profits [2] 15/13 15/14
program [1] 30/6
pronouncing [1] 17/13
proper [5] 5/2 5/8 27/25 28/8 36/23
property [1] 37/5
proposed [2] 3/2 34/7
proposition [1] 31/24
propriety [1] 29/15
prosecuting [6] 4/16 8/14 8/15 8/19 35/13 36/8
prosecution [2] 10/1 10/3
protect [2] 18/15 18/17
protection [1] 7/19
publish [1] 14/9
published [2] 9/5 14/4
pull [1] 16/2
purposes [1] 23/18
pursuant [2] 3/8 5/8
pursue [5] 14/24

15/1 15/7 17/7 23/22
pushed [1] 16/4

**Q**

question [8] 9/1 19/14 27/12 27/21 28/7 28/11 28/18 29/6
questions [1] 17/11
quicker [1] 16/3
quid [2] 19/16 20/2
quo [2] 19/17 20/2

**R**

raised [3] 11/8 25/11 32/13
raising [2] 25/9 28/9
reaching [1] 30/15
realization [6] 9/4 9/6 9/10 9/21 9/22 14/2
realtor [1] 12/8
realty [3] 1/6 2/13 12/4
recess [1] 38/11
recognize [2] 24/22 29/18
recognized [2] 29/11 29/20
recognizes [1] 30/9
recollection [1] 27/8
recombined [1] 21/24
record [9] 21/19 22/5 23/8 24/3 26/25 36/2 36/5 36/6 37/3
recover [2] 7/25 13/25
recovery [1] 7/25
referenced [1] 17/19
referencing [1] 37/14
referral [1] 30/6

refile [1] 17/6
refiled [2] 16/20 17/2
refiles [2] 29/4 37/12
refiling [2] 11/4 17/5
refused [1] 12/6
refusing [1] 15/3
register [1] 17/7
registered [4] 26/22 28/14 32/24 32/25
registration [3] 14/6 28/15 30/25
reimburse [2] 33/15 35/8
reimbursed [3] 3/9 5/25 8/10
reimbursement [3] 4/3 19/16 21/11
reimbursing [1] 7/19
relationship [9] 12/25 13/3 29/12 29/18 29/21 29/24 30/16 33/18 33/18
relationships [1] 13/11
relief [1] 37/1
remainder [2] 3/3 3/19
remaining [4] 3/5 3/20 6/5 20/12
remains [3] 9/1 22/20 35/20
remedies [2] 22/9 22/16
remind [1] 15/19
removal [1] 21/1
removed [1] 29/13
rep [1] 3/7
reply [3] 5/10 8/1 8/20
report [1] 25/4
Reporter [2] 1/24 39/6
reports [1] 5/18
representation [9] 6/7 6/14 6/15 17/21 29/10 29/19

30/3 35/24 38/6
representations [1] 36/12
representative [3] 2/9 9/9 9/17
request [3] 21/12 21/19 27/5
requested [2] 18/9 19/3
requests [1] 9/14
required [2] 7/6 18/13
requirement [1] 35/8
research [1] 31/22
researched [1] 2/22
reset [1] 23/2
resources [1] 30/8
response [1] 22/15
responses [6] 8/16 8/18 9/19 11/9 11/19 21/2
result [3] 15/16 22/21 35/25
Retouch [3] 26/19 26/21 31/12
revised [2] 11/3 11/7
rights [4] 25/17 25/21 26/6 32/16
rise [1] 38/13
RMR [2] 1/23 39/6
route [1] 12/1
rule [14] 4/25 7/18 20/23 21/17 22/16 22/18 22/18 22/22 23/1 28/2 28/3 29/15 36/19 37/7
Rule 11 [2] 22/16 22/22
Rule 12 [2] 22/18 28/3
Rule 41 [7] 4/25 20/23 21/17 23/1 29/15 36/19 37/7
Rule 56 [2] 22/18 28/2
rules [3] 5/3 8/3

Page 46

Affordable Aerial vs. ABDELSAYED, et al.
Case 9:21-cv-81331-AMC   Document 186   Entered on FLSD Docket 06/06/2023   Page 46 of 47

**R**

**rules... [1]** 34/15
**ruling [2]** 32/15
32/21

**S**

**satisfied [2]**
27/19 36/12
**satisfies [1]** 9/3
**scales [1]** 36/16
**scenario [1]** 37/4
**schedule [1]** 23/2
**scheduling [4]**
11/2 15/19 16/14
25/4
**scope [1]** 26/5
**se [2]** 7/4 7/8
**second [1]** 20/12
**secondary [1]**
17/7
**Section [2]** 3/17
37/14
**Section 1920 [2]**
3/17 37/14
**seek [1]** 14/6
**seeking [4]** 2/17
2/21 14/16 14/22
**seeks [1]** 35/6
**served [2]** 11/6
12/21
**service [3]** 4/1 4/5
6/1
**services [1]** 30/2
**serving [1]** 22/22
**settlement [1]**
30/12
**settling [1]** 14/17
**share [2]** 8/3 34/9
**shifting [1]** 23/24
**shortage [1]**
30/23
**side [1]** 33/8
**sides [3]** 8/22
10/3 10/5
**single [2]** 31/21
32/17
**situation [2]**
25/23 27/24
**six months [1]**
23/9
**sky [1]** 32/1
**slight [1]** 26/4
**small [2]** 17/17

30/11
**sometime [1]**
15/25
**South [1]** 39/7
**SOUTHERN [1]**
1/1
**specific [3]** 8/3
27/5 33/23
**spell [1]** 35/5
**spent [1]** 10/6
**spirit [1]** 19/1
**Springs [1]** 1/14
**sprung [1]** 9/16
**squarely [1]**
33/10
**stages [1]** 21/20
**standard [1]** 28/2
**standards [1]**
28/1
**standing [7]**
27/22 28/11 28/14
30/22 31/2 31/9
36/20
**standpoint [1]**
20/3
**stands [1]** 31/23
**stated [3]** 22/6
23/7 23/12
**statement [2]**
6/11 24/12
**STATES [5]** 1/1
1/10 1/24 26/11
39/7
**statute [3]** 3/23
28/7 36/23
**statutory [8]**
13/24 14/6 14/12
14/17 14/23 22/9
22/16 23/23
**steal [1]** 12/24
**Stevens [15]** 2/9
3/10 3/11 11/25
12/2 12/23 12/25
13/3 13/8 13/14
24/7 24/14 24/16
25/24 26/9
**Stevens' [3]**
12/19 13/6 14/5
**sticking [1]** 5/12
**strain [1]** 13/10
**strains [1]** 13/12
**streamline [2]**
11/12 14/21

**streamlining [1]**
14/14
**stretch [1]** 38/9
**strict [1]** 19/16
**strictly [3]** 20/2
20/10 20/20
**studio [3]** 26/22
31/12 31/25
**Studios [2]** 26/19
26/21
**styled [1]** 2/17
**subpoenaed [2]**
13/13 13/15
**subsequent [1]**
23/12
**substance [1]**
11/4
**substantiated [1]**
6/24
**substantiating [2]**
6/16 20/9
**substantive [7]**
29/7 29/8 29/21
32/6 34/9 34/18
36/25
**substantively [2]**
22/20 29/11
**suddenly [1]**
29/22
**sufficient [1]**
36/13
**suggest [1]** 38/5
**suggested [1]**
23/15
**suit [5]** 16/20
27/23 28/6 29/5
37/12
**Suite [1]** 1/13
**suits [1]** 23/21
**summarize [3]**
18/1 18/9 20/12
**summarizes [1]**
37/24
**summary [24]**
4/18 10/8 10/12
10/16 10/17 10/21
10/23 11/1 11/4
11/11 11/14 11/16
11/19 14/18 16/4
21/16 21/21 21/22
24/5 24/23 33/5
35/15 36/14 36/15
**Supplement [1]**

20/8
**Supplement 684
[1]** 20/8
**support [2]** 6/22
8/12
**supports [1]** 36/3
**Supreme [2]** 20/4
23/19
**surveyed [1]** 37/3
**suspect [2]** 9/24
27/11
**sway [1]** 11/20
**swear [1]** 12/1
**swing [2]** 10/23
11/15
**synonymous [1]**
31/10

**T**

**table [3]** 15/10
15/12 15/13
**Tampa [1]** 1/17
**tangible [1]** 25/19
**targeted [1]** 19/6
**tax [1]** 31/8
**taxable [15]** 3/3
3/5 3/13 3/17 3/19
3/22 3/25 4/3 4/6
6/5 15/12 15/17
17/5 29/3 37/13
**technically [1]**
28/3
**temporally [1]**
20/19
**tend [1]** 33/25
**terms [7]** 7/12
10/8 10/10 11/22
15/18 19/5 27/11
**testimonially [1]**
24/14
**testimony [1]**
13/7
**Texas [1]** 14/8
**thank [9]** 2/2 4/9
18/8 25/9 30/17
34/25 35/1 38/3
38/12
**thereafter [2]**
10/24 11/17
**thereto [1]** 11/9
**third-party [1]**
12/19
**thorough [2]**

20/25 21/2
**thoroughness [1]**
36/4
**thought [2]** 12/2
12/15
**thoughts [1]** 2/22
**thousand [2]** 6/14
33/12
**three days [2]**
37/18 37/22
**three months [2]**
9/23 15/23
**time [12]** 4/7 5/7
8/12 10/6 10/6
11/13 21/17 22/4
22/22 22/25 33/14
38/2
**times [1]** 25/11
27/22
**tips [1]** 36/16
**token [1]** 24/1
**toll [1]** 12/5
**totally [1]** 24/9
**transcript [2]** 1/9
3/6
**transcription [1]**
39/3
**travels [1]** 28/3
**treat [1]** 27/18
**tremendous [1]**
13/10
**TRENDS [2]** 1/6
2/13
**trial [20]** 4/13
4/14 13/12 13/14
13/15 14/18 15/9
16/7 16/7 16/10
16/15 18/24 19/5
19/13 23/1 23/2
23/4 33/5 34/22
35/12
**two months [1]**
14/5
**typically [1]** 5/13

**U**

**U.S [1]** 39/7
**ultimately [4]**
14/20 15/4 21/9
22/20
**unapologetic [1]**
15/3
**undergone [1]**

Affordable Aerial vs. ABDELSAYED, et al.

## U

**undergone... [1]**
36/11
**underlying [3]**
19/25 26/18 29/12
**understanding [3]**
7/3 15/22 30/3
**undertaken [1]**
38/5
**undisputed [1]**
24/12
**unequivocally [2]**
24/7 26/2
**unfair [1]** 6/10
**unfolded [1]** 21/9
**unilateral [1]**
23/24
**unique [2]** 5/21
32/22
**UNITED [5]** 1/1
1/10 1/24 26/11
39/7
**University [1]**
1/13
**unknown [4]** 6/15
26/1 26/10 26/13
**updated [1]** 25/3
**us [6]** 6/10 10/7
10/25 12/22 15/22
34/21
**USA [1]** 1/6
**utilitarian [2]** 26/3
30/12

## V

**valid [1]** 36/10
**validity [1]** 27/17
**value [1]** 22/11
**vehicle [1]** 27/25
**vigorous [2]**
35/20 38/6
**voluntarily [7]**
2/16 10/14 10/22
15/5 25/6 29/23
35/3
**voluntary [5]** 2/18
19/3 20/17 21/12
35/7
**volunteer [1]** 30/6
**volunteering [2]**
3/18 17/4
**vs [2]** 1/5 2/5

## W

**waive [1]** 22/8
**walking [1]** 34/10
**warranted [1]**
24/25
**wayback [1]**
13/19
**website [7]** 12/7
12/11 12/17 13/20
14/3 32/17 32/18
**weigh [1]** 21/10
**weighs [1]** 24/19
**well-taken [1]**
38/9
**Westlaw [1]**
31/23
**whereas [1]** 32/9
**willing [1]** 3/14
**willy [1]** 33/21
**willy-nilly [1]**
33/21
**win [1]** 34/22
**wind [1]** 34/3
**worth [1]** 23/8
**worthwhile [1]**
38/6
**wrap [1]** 30/19